WR-82,467-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/25/2015 10:47:33 AM
Accepted 11/25/2015 11:14:57 AM
ABEL ACOSTA
CLERK

**IN THE COURT OF CRIMINAL APPEALS**
**FOR THE STATE OF TEXAS**
**AUSTIN, TEXAS**

RECEIVED
COURT OF CRIMINAL APPEALS
11/25/2015
ABEL ACOSTA, CLERK

| | | |
|---|---|---|
| **EX PARTE** | § | |
| | § | |
| | § | **NO. WR-56,666-03** |
| | § | |
| **DENNIS LEE ALLEN** | § | |


**IN THE COURT OF CRIMINAL APPEALS**
**FOR THE STATE OF TEXAS**
**AUSTIN, TEXAS**

| | | |
|---|---|---|
| **EX PARTE** | § | |
| | § | |
| | § | **NO. WR-82,467-01** |
| | § | |
| **STANLEY ORSON MOZEE** | § | |


**APPLICANT'S MOTION FOR ORDER TO DISTRICT CLERK**
**TO TRANSMIT AMENDED APPLICATIONS AND**
**SUPPLEMENTAL EXHIBITS**


**TO THE HONORABLE PRESIDING JUDGE:**

**NOW COMES** STANLEY ORSON MOZEE and DENNIS LEE ALLEN,

Applicants, and submits this Motion for Order to District Clerk to Transmit Amended

Applications and Supplemental Exhibits and would show the following:

I.

Applicants have filed the following with the Dallas County District Clerk:

1. Amended Applications for a Writ of Habeas Corpus Seeking Relief From Final

Felony Conviction Under Code of Criminal Procedure, Article 11.07.

2.	Affidavit in Support of Applications for Writ of Habeas Corpus.

3.	Exhibits in Support of Applications for Writ of Habeas Corpus.

4.	Supplemental Information in Support of Applications for Writ of Habeas Corpus.

5.	Supplement to Amended Applications for Writ of Habeas Corpus.

A copy of each of the above named filings is attached to this motion.

II.

Counsel for Applicants has requested that the District Clerk transmit these items to the Court of Criminal Appeals. Thus far, the District Clerk has not done so. For this reason, Applicants request that this Court issue an order to the Dallas County District Clerk to transmit these items to the Court of Criminal Appeals.

WHEREFORE, PREMISES CONSIDERED, Applicants pray that this motion be granted.

Respectfully submitted,


	/s/ Gary A. Udashen
GARY A. UDASHEN
Bar Card No. 20369590
SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road
Suite 250
Dallas, Texas  75201
214-468-8100
214-468-8104 fax
Appearing on Behalf of the
Innocence Project of Texas

*Counsel for Dennis Lee Allen*

_/s/ Nina Morrison_
NINA MORRISON
INNOCENCE PROJECT, INC.
40 Worth Street, Suite 701
New York, New York   10013
212-364-5340
212-264-5341 fax

_/s/ Ezekiel Tyson, Jr._
EZEKIEL TYSON, JR.
Bar Card No. 24034715
THE TYSON LAW FIRM
342 W. Montana Avenue
Dallas, Texas  75224
214-942-9000
214-942-9001 fax

_Counsel for Stanley Orson Mozee_


## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of November, 2015, a true and correct copy of the above and foregoing Applicants' Motion for Order to District Clerk to Transmit Amended Applications and Supplemental Exhibits was electronically delivered to the Dallas County District Attorney's Office.

_/s/ Gary A. Udashen_
GARY A. UDASHEN



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## AMENDED APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

**NAME: Dennis Lee Allen**

**DATE OF BIRTH:** July 7, 1962

**PLACE OF CONFINEMENT:** On Bond

**TDCJ-CID NUMBER:** 01001859          **SID NUMBER:** 05465683

**(1)    This application concerns** (check all that apply):

    X    a conviction                    ☐    parole

    X    a sentence                     ☐    mandatory supervision

    ☐    time credit                    ☐    out-of-time appeal or petition for
                                                 discretionary review

**(2)    What district court entered the judgment of the conviction you want relief from?**
(Include the court number and county.)

265th Judicial District Court/Dallas County

**(3)    What was the case number in the trial court?**

F00-01305-FR

**(4)    What was the name of the trial judge?**

Keith Dean

(5)     **Were you represented by counsel? If yes, provide the attorney's name:**

Yes, Jim Oatman
_____

(6)     **What was the date that the judgment was entered?**

September 1, 2000
_____

(7)     **For what offense were you convicted and what was the sentence?**

Capital Murder/Life
_____

(8)     **If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?**

_____


_____

(9)     **What was the plea you entered? (Check one.)**

&#9633; **guilty-open plea**          &#9633; **guilty-plea bargain**
**X  not guilty**                        &#9633; *nolo contendere*/**no contest**

**If you entered different pleas to counts in a multi-count indictment, please explain:**

_____


_____

(10)    **What kind of trial did you have?**

&#9633; **no jury**                    **X  jury for guilt and punishment**
                                        &#9633; **jury for guilt, judge for punishment**

2

**(11)**  Did you testify at trial?  If yes, at what phase of the trial did you testify?

Yes, Guilt-Innocence

**(12)**  Did you appeal from the judgment of conviction?

X  yes                               ☐  no

If you did appeal, answer the following questions:

(A)  What court of appeals did you appeal to?  8th District/El Paso

(B)  What was the case number?  08-00-00442-CR

(C)  Were you represented by counsel on appeal? If yes, provide the attorney's name:

Yes

(D)  What was the decision and the date of the decision?  Affirmed - 07/11/2002

**(13)**  Did you file a petition for discretionary review in the Court of Criminal Appeals?

X  yes                               ☐  no

If you did file a petition for discretionary review, answer the following questions:

(A)  What was the case number?        1390-02

(B)  What was the decision and the date of the decision?  Refused - 01/29/2003

**(14)**  Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

X  yes                               ☐  no

If you answered yes, answer the following questions:

(A)  What was the Court of Criminal Appeals' writ number? 56,666-02

3

**(B) What was the decision and the date of the decision?**   Denied - 11/12/2013

**(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.**

The current claims are based on newly available and newly discovered evidence

that could not have been presented at the time of the filing of the first application.

The factual and legal basis of these claims was not available.  Moreover, by a preponderance of the evidence, but for a violation of the U. S. Constitution, no rational juror could have found the Applicant guilty beyond a reasonable doubt. Art. 11.07, Sec. 4.

**(15) Do you currently have any petition or appeal pending in any other state or federal court?**

☐ yes                    X no

**If you answered yes, please provide the name of the court and the case number:**

**(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)**

☐ yes                    ☐ no

**If you answered yes, answer the following questions:**

**(A) What date did you present the claim?** _____

**(B) Did you receive a decision and, if yes, what was the date of the decision?**

**If you answered no, please explain why you have not submitted your claim:**

4

_____

_____

_____

_____

_____

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

**GROUND ONE:**

Applicant is entitled to relief based on newly discovered evidence of actual innocence. No rational jury would have found proof of guilt beyond a reasonable doubt had the new DNA and other evidence been available.

**FACTS SUPPORTING GROUND ONE:**

Newly discovered and newly available evidence demonstrates Applicant's innocence. This evidence is three separate DNA tests definitely excluding both Applicants (Allen and co-defendant Mozee) as the source of probative evidence from the crime scene. An unknown person was the source of 1) DNA mixed with the victim's in a distinct drop of blood swabbed from the front of the store. 2) DNA on the handle of a hammer found next to the victim's corpse, which contained the victim's own blood on the ball end. 3) A hair underneath the victim's fingernails. Additional newly available evidence of innocence, includes correspondence from two jailhouse informants, Lonel Hardeman and Zane Smith, which contradicted their trial testimony revealing that they had sought and believed they had been promised deals for their testimony. There is also evidence that these informants fabricated their claims against Allen and Mozee. Other new evidence is that Det. Berry swore out an affidavit in which he made false representations regarding the eyewitnesses he had interviewed. Additional newly discovered evidence is that one of the three store clerks who Det. Berry claimed had identified Allen had

actually told another officer she did not get a good look at the suspect and could not identify anyone. Moreover, there is newly discovered evidence that none of the three store clerks who allegedly identified Allen as passing the deceased's credit cards actually stands by their identification and each of them have withdrawn or recanted their identification or expressed doubts about it. More newly discovered evidence consists of statements from neutral eyewitnesses describing a pair of suspects seen before and after the murder who did not fit the physical features of Mozee and Allen. Also, there is new evidence of at least one additional undisclosed eyewitness interviewed by Det. Berry who gave a detailed description of two men he saw arguing with the victim shortly before his death. Other new evidence is the fact that nowhere in the state's files is there any reference to photo arrays containing either defendant being shown to two eyewitnesses - Scott James and Insun Chon - which indicates that photo arrays were shown to these witnesses but they did not pick out Mozee or Allen. There is also newly discovered evidence that Zane Smith had a motive to claim that Stan Mozee confessed to involvement in this murder: that Mozee allegedly stole Smith's commissary in jail. This newly discovered evidence establishes that Applicant is actually innocent in that no rational juror would have convicted him in light of the newly discovered evidence. Additionally, actual innocence is also established under the *Schlup* standard as a gateway to the other constitutional violations alleged in this Application.

7

**GROUND TWO:**

Applicant is entitled to relief because, by a preponderance, he would not have been convicted

had the new DNA evidence been available at trial.

**FACTS SUPPORTING GROUND TWO:**

Under Art. 11.073, Tex. Code Crim. Proc., the new DNA evidence in this case provides a ground

for relief. This new DNA evidence was not available to be offered by Applicant at his trial since

it was not in existence. This new DNA evidence identifies DNA from persons other than Allen

or Mozee, in locations where DNA from the persons who committed this murder would be

found. Had this new scientific DNA evidence been available and been presented at trial, on the

preponderance of the evidence, Applicant would not have been convicted.

8

**GROUND THREE:**

The state failed to disclose exculpatory evidence in violation of Applicant's due process rights.

**FACTS SUPPORTING GROUND THREE:**

The state failed to disclose exculpatory evidence in violation of due process as follows:

1) Pretrial correspondence from informants Hardeman and Smith found in the file of the Assistant District Attorney who prosecuted this case contains the following exculpatory evidence which was not disclosed to the defense and which contradicts trial testimony presented by the state.

a.      Correspondence from Lonel Hardeman to the prosecutor regarding his belief that he a deal for his testimony with the prosecutor. This directly contradicts Hardeman's testimony, directly elicited by the prosecutor, that he had no deal, understanding, arrangement or expectation of leniency, did not want a deal and never even discussed a deal.

b.      Correspondence from Zane Smith to the prosecutor regarding his discussions with the prosecutor regarding assistance from the prosecutor with Smith's own legal issues. This also contradicted direct testimony from Smith, elicited by the prosecutor, that there was no deal, understanding, arrangement or expectation of leniency. This exculpatory correspondence and the discussions between the informants and the prosecutor or other state agents was never revealed to the defense.

Because the state lacked any forensic or credible eyewitness testimony inculpating either defendant in the crimes, and was forced to rely so heavily on informant testimony to prove its case, the violations here were unquestionably material to the outcome. Moreover, the state's violations were compounded by the fact that its former lead prosecutor (1) was under direct pretrial orders from the trial court to make timely disclosure of precisely such *Brady* material, and (2) repeatedly and deliberately elicited testimony from both informants at trial disclaiming any expectation of personal benefit to themselves, even though he knew - as reflected by the letters in his own file - that this testimony was false.

2. The state also failed to reveal deals, agreements or understandings with the following witnesses that the state either would or already had assisted them with their own criminal problems: (a) John Paul Robinson, (b) Cynthia Sloan, (c) Kenneth Jones, (d) Charles Manning, (e) Alvin Degrafton-Reid, (f) Zane Smith. In fact on Manning and Degrafton-Reid, the police detective helped them with their probation violations.

3. The state also failed to reveal that the prosecutor interviewed the following two witnesses who allegedly identified Allen as passing the deceased's credit cards and they expressed doubt about their identification: witnesses Kwoon and Jang.

11

**GROUND FOUR:**

State's witnesses testified falsely at trial and the prosecutor failed to correct their testimony or inform the court of its falsity.

**FACTS SUPPORTING GROUND FOUR:**

State's witness Lonel Hardeman claimed at trial that he had no deal, understanding or agreement with the state, that he would receive help with his own criminal cases after his testimony. He also claimed that he had no discussion about help with his cases, had no hope of leniency from the state, and did not want any help and would not accept it if offered. All of these statements were false and the prosecutor knew they were false. Yet, the prosecutor did nothing to correct this false testimony or inform the court of its falsity. This is a violation of the prosecutor's duty to correct false testimony and is a violation of Applicant's right to due process.

State's witness Zane Smith also falsely implied to the jury that he had received no help from the state on his case and expected none. Likewise, state's witnesses Robinson, Sloan, Manning and Degrafton-Reid all testified that they had no understanding with the state for assistance on their cases, and the state had not and would not assist them. This was also false testimony the state failed to correct violating Applicant's due process rights.

**GROUND FIVE:**

The State secured Applicant's conviction through the presentation of false testimony from its

lead detective in violation of Applicant's due process rights.

**FACTS SUPPORTING GROUND FIVE :**

The state secured these convictions through the knowingly false sworn statements of Det. Berry.

Berry had submitted an affidavit prior to trial in support of applicant's arrest where he stated that

he had located three employees at businesses where suspects had attempted to use the victim's

stolen credit cards within hours of the murder. Berry further attested that the three employees

had identified Allen from the photo array. Berry also testified to this. Newly discovered police

reports and notes from the District Attorney's trial file show that these statements were false.

Moreover, Det. Berry had located and interviewed five, not three employees from these

businesses. In fact, not all of them selected Allen's photograph; one clerk did not, identifying a

different suspect.Also, as to the most relevant witness, Insun Chon, who dealt directly with the

suspect and refused to complete the transaction, Det. Berry's reports make no mention of any

array or lineup ever being shown him. This is likely because the identification procedure

engaged in with this witness did not result in any inculpatory evidence.

Det. Berry's credibility was critical to the state's case: he was the only witness to the allegedly

14

voluntary "confession" of guilt made by Mr. Mozee in custody, and he interviewed virtually all of the state's key informants and eyewitnesses. The new evidence that he knowingly misrepresented the nature of the eyewitness evidence to the court and jury in sworn statements undermines confidence in the trial's outcome and requires due process relief.

**GROUND SIX:**

The state failed to disclose favorable eyewitness evidence in violation of Applicant's due process

rights.

**FACTS SUPPORTING GROUND SIX:**

The state's trial prosecutor also failed to disclose exculpatory evidence regarding

eyewitnesses, in violation of due process and the district court's express pretrial orders.

In particular, the state failed to disclose the fact that Ms. Kyoung Jang, one of the three store

clerks who purportedly identified Allen to Det. Berry, had earlier stated to another detective

that she "could not recognized [sic] anyone in relation to the attempt [sic] use of the

complainant's credit card, as she had not gotten a close look at the individual trying to use it."

This report was addressed to Det. Berry, was dated more than a year before trial, and was part of

the prosecution's trial file, but was never disclosed to either defense counsel.  In addition, the

District Attorney's trial file contains a report regarding another key eyewitnesses who also did

not identify Allen or Mozee:  Insun Chon, a store manager who refused to complete the

transaction with the man who tried to use the victim's stolen card Yet, there are no reports

reflecting that eyewitness identification procedures (arrays/lineups) were shown to this witness -

despite the fact that Det. Berry showed the defendants'photographs to every other witness

16

who viewed the suspects, including those with far more limited opportunities to view the suspects than Mr. Chon This strongly indicates that this witness, consistent with the rest of the investigation, was in fact show the defendants' photographs and did not identify them, but the state failed to memorialize or disclose that fact to the defense. In fact, a recently disclosed notation in the district attorney's file indicates that Mr. Chon did not identify either defendant prior to trial and the prosecutor was aware of that fact.

**GROUND SEVEN:**

The testimony from the informants was false and presented in violation of due process.

**FACTS SUPPORTING GROUND SEVEN:**

State's witness Hardeman now admits that the testimony he presented at trial was false and that

Allen did not say the things he claimed at trial he said. Moreover, it is clear from the

records that he falsely testified concerning whether he expected to receive any benefits from

the state. Even if the prosecutor did not know of the falsity of the substance of this testimony,

the presentation of this false testimony is a violation of due process.

The Court of Criminal Appeals has previously held that due process requires relief whether new

evidence reveals that a key witness's trial testimony against a defendant was false, whether or

not trial prosecutors knew or should have known of its falsity. Thus, the informant's recantation,

if credited, would provide further grounds for granting the writ (in addition to the considerable

documentary evidence establishing due process violations regarding these informants as set

forth separately in other grounds, *supra*).

18

**GROUND EIGHT:**
Applicant received ineffective assistance of counsel at trial.

**FACTS SUPPORTING GROUND EIGHT:**

In an evidentiary hearing on this writ application, the state's prosecutor at trial, Rick Jackson,

claimed that an entry in his notes stating that he showed physical evidence to defense counsel

Jim Oatman, means that he showed defense counsel the letters from Hardeman and Smith

concerning their discussions with the state about help the state would give them on their cases.

Prosecutor Jackson does not claim to remember actually giving or showing defense counsel

these letters. Rather, he relies on this notation of showing defense counsel the physical

evidence as his basis for his claim that he showed the letters to defense counsel. Nevertheless,

the evidence clearly shows that the prosecutor did not show these letters to defense counsel.

However, if the court finds the prosecutor's testimony in this regard convincing, then there is

clear and obvious ineffective assistance of counsel by defense counsel in failing to use these

letters at trial to impeach the testimony of Hardeman and Smith claiming they had no deal,

agreement, arrangement or understanding that the state would assist them in their own cases.

This ineffective assistance would be inadequate performance by counsel and would have

affected the outcome of these cases since Hardeman and Smith were important state

witnesses.

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _Dallas_

_____Gary A. Udashen_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS 3rd DAY OF November 20 15 .

_____
Signature of Notary Public

PHYLLIS ANN SPURGEON
Notary Public, State of Texas
My Commission Expires
April 27, 2016

22

**PETITIONER'S INFORMATION**

Petitioner's printed name: <u>Gary A. Udashen</u>

State bar number, if applicable: <u>20369590</u>

Address: <u>2311 Cedar Springs Road</u>

<u>Suite 250</u>

<u>Dallas, Texas 75201</u>

Telephone: <u>214-468-8100</u>

Fax: <u>214-468-8104</u>

**INMATE'S DECLARATION**

I, _____, am the applicant / petitioner (circle one) and

being presently incarcerated in _____, declare under penalty of

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _____, 20_____.

_____
Signature of Applicant / Petitioner (circle one)

23

**PETITIONER'S INFORMATION**

Petitioner's printed name:  Gary A. Udashen

Address:   2311 Cedar Springs Road

   Suite 250

   Dallas, Texas  75201

Telephone: 214-468-8100

Fax: 214-468-8104

Signed on _Nov. 3_ , 20 _15_.

_(signature)_
Signature of Petitioner

24

Case No. _____
(The Clerk of the convicting court will fill this line in.)

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

AMENDED APPLICATION FOR A WRIT OF HABEAS
CORPUS SEEKING RELIEF FROM FINAL FELONY
CONVICTION UNDER CODE OF CRIMINAL PROCEDURE,
ARTICLE 11.07

NAME: ___Stanley Orson Mozee_____

DATE OF BIRTH: ___04/21/1959_____

PLACE OF CONFINEMENT: ___On bond pursuant to Art. 11.65___

TDCJ-CID NUMBER: _939024_____ SID NUMBER: _2375532_____

(1)    This application concerns (check all that apply):

       ☑  a conviction           ☐   parole

       ☑  a sentence             ☐   mandatory supervision

       ☐  time credit            ☐   out-of-time appeal or petition for
                                     discretionary review

(2)    What district court entered the judgment of the conviction you want relief from?
       (Include the court number and county.)

       ___265th Judicial District Court of Dallas County, Texas_____

(3)    What was the case number in the trial court?

       ___F99-02631-R_____

(4)    What was the name of the trial judge?

       ___Judge Keith Dean_____

Effective: January 1, 2014                    1

(5)    Were you represented by counsel? If yes, provide the attorney's name:

      Matt Fry

(6)    What was the date that the judgment was entered?

      August 2, 2000

(7)    For what offense were you convicted and what was the sentence?

      Capital murder with a deadly weapon; Life imprisonment

(8)    If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

      N/A

(9)    What was the plea you entered? (Check one.)

      ☐ guilty-open plea      ☐ guilty-plea bargain
      ☑ not guilty      ☐ *nolo contendere*/no contest

    If you entered different pleas to counts in a multi-count indictment, please explain:

(10)    What kind of trial did you have?

      ☐ no jury      ☐ jury for guilt and punishment
                    ☑ jury for guilt, judge for punishment

2

**(11)** Did you testify at trial? If yes, at what phase of the trial did you testify?

Yes, both during trial and during a pre-trial hearing to suppress the confession.

**(12)** Did you appeal from the judgment of conviction?

☑ yes                        ☐ no

If you did appeal, answer the following questions:

**(A)** What court of appeals did you appeal to?    5th District, Dallas, Texas

**(B)** What was the case number?      05-00-01260-CR

**(C)** Were you represented by counsel on appeal? If yes, provide the attorney's name:

Dean M. Swanda

**(D)** What was the decision and the date of the decision?    Affirmed 12/14/2001

**(13)** Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes                        ☑ no

If you did file a petition for discretionary review, answer the following questions:

**(A)** What was the case number? _____

**(B)** What was the decision and the date of the decision? _____

**(14)** Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes                        ☑ no

If you answered yes, answer the following questions:

**(A)** What was the Court of Criminal Appeals' writ number? _____

3

(B)  What was the decision and the date of the decision? _____

(C)  Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

_____

_____

_____

_____

(15)  Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes                    ☑ no

If you answered yes, please provide the name of the court and the case number:

_____

(16)  If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes                    ☐ no

If you answered yes, answer the following questions:

(A)  What date did you present the claim? _____

(B)  Did you receive a decision and, if yes, what was the date of the decision?

_____

If you answered no, please explain why you have not submitted your claim:

4

_____

_____

_____

_____

_____

(17)     Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

**GROUND ONE:**

Newly Discovered Evidence Establishes that Mr. Mozee is Actually Innocent. No Rational Jury Would Have Found Proof of Guilt Beyond a Reasonable Doubt Had the Newly Discovered Evidence Been Available.

**FACTS SUPPORTING GROUND ONE:**

A combination of previously-unavailable DNA evidence and exculpatory documentary evidence that was suppressed by the State's trial prosecutors demonstrates the innocence of Mr. Mozee and his co-defendant Dennis Allen; at the very least, no rational jury would have convicted either man of capital murder had this evidence been available. The new evidence includes, inter alia: (1) newly obtained DNA testing revealing that person(s) other than the defendant deposited DNA mixed with the victim's on a bloodstain at the scene of the crime, in a hair fragment under the victim's fingernails, and on a hammer found next to the victim's corpse; (2) contemporaneous correspondence from the State's two primary jailhouse informants, revealing that both men had repeatedly sought, and believed they had been promised, leniency in their own cases in direct exchange for their testimony for the State, in direct contravention of their trial testimony and the State's own representations to the jury; (3) exculpatory eyewitness evidence suppressed by the State at trial; and (4) evidence that the lead detective in the case -- whose credibility was critical to the State's presentation -- had submitted a false pretrial affidavit to the court, misrepresenting the nature of the eyewitness evidence gathered to date. Given the lack of forensic

6

evidence or credible lay witness testimony connecting either defendant to the crime, had the new evidence

been available, it would have unquestionably changed the outcome of the trial and resulted in both

Applicants' acquittals.

**GROUND TWO:**

Applicants are Entitled to Relief Because, By a Preponderance of the Evidence, They Would Not Have

Been Convicted Had the New DNA Evidence Been Available at Trial.

**FACTS SUPPORTING GROUND TWO:**

The new DNA evidence set forth with respect to Claim One, supra, also entitles Applicants to relief under

the newly enacted provisions of Tex. Code Crim. Proc. art. 11.073, in that it establishes, by a preponderance

of the evidence, that Mr. Mozee and his co-defendant would not have been convicted had the jury heard

that evidence. The State's trial case rested on the uncorroborated "confession" of Mr. Mozee (which was

written out for him by the lone detective to whom he had allegedly made these unrecorded admissions)

which he has disavowed for more than fifteen years, as well as the implausible and self-interested testimony

of a jailhouse informant. For this reason, new DNA evidence pointing to an unknown individual as the

source of key DNA deposits in multiple locations at the scene of this violent robbery-murder would have

readily tipped the scales to acquittal, satisfying the preponderance standard for relief.

8

**GROUND THREE:**

The State Failed to Disclose Favorable Evidence Regarding Jailhouse And Other Informant Witnesses, and Elicited Testimony from the Informants that the Trial Prosecutor Knew Was False, in Violation of Applicant's Due Process Rights.

**FACTS SUPPORTING GROUND THREE:**

The State violated Mr. Mozee's due process rights by failing to disclose its communications with at least two jailhouse informants -- one of whom testified at both trials, and one of whom testified at Mr. Allen's trial. These communications pertained to the benefits that both informants expressly sought and believed they had been promised in exchange for their testimony, including letters sent to the lead prosecutor demanding certain benefits in exchange for testifying and/or seeking to have the State honor promises of assistance that informants believed had been given. Testimony by informant Zane Smith at Mr. Mozee's trial, and by the former prosecutor in this proceeding, Rick Jackson, that Smith had "no deal," whether express or implied, is contradicted by this correspondence, and by the fact that after both trials were over, the prosecutor went to extraordinary lengths to benefit Smith. He personally appeared for the State in an "agreed motion for a new trial" for Smith, even after the time to seek (and the court's jurisdiction to grant) such relief had expired; this resulted in the entry of what was effectively an illegal judgment and sentence reduction on Smith's behalf.

In addition, the State failed to disclose the fact that the lead detective in this case actively assisted two other informants, Charles Manning and Alvin Degraftenreed, with probation violations before they testified. This fact was documented in ADA Jackson's pretrial notes that were only recently disclosed. It directly contradicts his

10

sworn testimony in this proceeding that he never assisted, or directed anyone to assist, a State informant with any pending criminal matter before the informant testified. This evidence is relevant to assessing the former prosecutor's credibility on all of the due process issues in this writ, including testimony that the State did not assist informant Smith with his own pending criminal charges, which were resolved with a highly favorable plea less than three weeks before he testified.

Finally, newly disclosed materials that predate Smith's plea and his testimony against Mr. Mozee reveal that he failed to timely disclose Smith's anticipated testimony in violation of pretrial orders; falsely told counsel on the first day of trial that he had only been contacted by Smith "in the last few days"; and violated pretrial orders to disclose Smith's written statements.

Former ADA Jackson admitted in this writ proceeding that he was obligated to provide this information to Mr. Mozee's counsel, yet he has no recollection or record of doing so. Because the State lacked any forensic or credible eyewitness testimony inculpating either defendant, and was forced to rely so heavily on informant testimony, the violations here were unquestionably material to the outcome. Moreover, the State's violations were compounded by the fact that its former lead prosecutor (1) was under direct pretrial orders from the trial court to make timely disclosure of this material, and (2) elicited false testimony from informants at trial disclaiming any expectation of future personal benefits to themselves.

**GROUND FOUR:**

The State Secured Applicants' Convictions Through the Presentation of False Testimony from Its Lead

Detective in Violation of Due Process

**FACTS SUPPORTING GROUND FOUR:**

The State violated Mr. Mozee's due process rights when it secured his conviction through the knowingly

false sworn statements of Det. Rick Berry. Det. Berry submitted an affidavit prior to trial in support of co-

defendant Allen's arrest, in which he represented to the Court that he had thus far located "three

employees" from the various business at which an unknown suspect, accompanied by a second man, had

attempted to use the victim's stolen credit cards within hours of the murder. He further attested that he

had shown defendant Mr. Allen's photo to each of "the three employees" he had identified from these

locations, at which time they "all picked the defendant's photo as the person who had used the credit

cards." He then repeated this alleged chain of events to the jury in sworn testimony at Mr. Mozee's trial.

Newly-disclosed police reports from the District Attorney's trial file reveal that these statements

were false. In fact, Det. Berry's own reports show that when this affidavit was submitted, police had

interviewed five -- not three -- employees from the various businesses who had witnessed the use of the

stolen cards. Moreover, not "all" of them selected Allen's photo: one clerk did not (identifying a different

suspect), and the lineup report for the fifth (the store manager, who had the most direct contact with the

12

suspects) was never produced and may never have been prepared.

Det. Berry's credibility was critical to the State's case: he was the only witness to the allegedly voluntary "confession" of guilt made by Mr. Mozee in custody, and he interviewed virtually all of the State's key informants and eyewitnesses. The new evidence that he misrepresented the nature of the eyewitness evidence to the Court and jury in sworn statements undermines confidence in the trial's outcome and requires due process relief.

**GROUND FIVE:**

The State Failed to Disclose Favorable Eyewitness Evidence in Violation of Due Process.

**FACTS SUPPORTING GROUND:**

The State's former trial prosecutors also failed to disclose exculpatory evidence regarding eyewitnesses, in violation of due process and the district court's express pretrial orders.

In particular, the State failed to disclose the fact that Ms. Kyoung Jang, one of the three store clerks who purportedly identified Allen to Det. Berry, had earlier stated to another detective that she "could not recognized [sic] anyone in relation to the attempt [sic] use of the complainant's credit card, as she had not gotten a close look at the individual trying to use it." This report was addressed to Det. Berry, was dated more than a year before trial, and was part of the prosecution's trial file, but was never disclosed to either defense counsel. In addition, the District Attorney's trial file contains reports and notes regarding at least one other key eyewitness who also did not identify Mr. Allen or Mr. Mozee: Insun Chon, a store manager who refused to complete the transaction with the man who tried to use the victim's stolen card. Yet there are no reports reflecting that eyewitness identification procedures (arrays/lineups) were shown to him -- despite the fact that Det. Berry showed the defendants' photographs to every other witness who viewed the suspects, including those with far more limited opportunities to view the suspects than Mr. Chon.

14

Recently obtained pretrial notes from Mr. Jackson's trial file also indicate that (1) Mr. Chon did not identify Allen or Mozee as the perpetrator, and (2) Mr. Jackson met with several of the eyewitnesses who made the allegedly positive identifications shortly before the defendants' trials, yet did not call them as witnesses. This undisclosed exculpatory matherial further undermines confidence in the coutcome of the trial.

**GROUND SIX:**

Applicants Were Convicted on the Basis of False Testimony by Jailhouse Informants, Requiring Due Process Relief Even if the Witnesses' Perjury Was Unknown to Prosecutors

**FACTS SUPPORTING GROUND:**

Two State informants -- Lonel Hardeman and Zane Smith -- have given voluntary interviews to Applicants' counsel in which they admit that they gave false testimony at the trials of Mr. Mozee and Mr. Allen. Smith has specifically admitted what was already indicated from the newly disclosed file materials: that he falsely testified when he claimed to expect no personal benefits from the State in exchange for his testimony. In fact, he believed he had been specifically promised by the trial prosecutor that the State would seek a sentence reduction on his behalf after he testified. Testimony by Smith at trial, and by the former prosecutor in this writ proceeding, that they had no express or even implied "deal" is further undermined by the fact that after both trials were over, ADA Jackson went to extraordinary lengths to obtain the promised benefit for Smith, by filing an "agreed motion for a new trial" even after the time to seek (and the court's jurisdiction to grant) such relief had expired, resulting in the entry of what was effectively an illegal judgment and sentence reduction on Smith's behalf.

The Court of Criminal Appeals has previously held that due process requires relief where new evidence reveals that a key witness's trial testimony against a defendant was false, whether

16

or not trial prosecutors knew or should have known of its falsity. Thus, the informants' recantations, if credited, would provide further grounds for granting the writ (in addition to the considerable documentary evidence establishing due process violations regarding these informants as set forth separately in Ground Three, supra).

17

**GROUND SEVEN:**
Applicant Received Ineffective Assistance of Counsel at Trial

**FACTS SUPPORTING GROUND:**

Applicant received ineffective assistance of trial counsel in at least three respects:

(a)     Counsel failed to object to hearsay testimony elicited by the State from Det. Rick Berry that three store clerks had "identified" Mr. Mozee's co-defendant, Dennis Allen, as the person who used the victim's stolen credit card on the night of the murder.  Counsel also failed to conduct a reasonable pretrial investigation into these alleged identifications.  This lack of diligence allowed the State to improperly argue in summation that the identifications of Allen corroborated Mr. Mozee's custodial "confession," which greatly prejudiced Mr. Mozee.  Indeed, at Mr. Allen's trial (when this hearsay testimony was not used), none of the three store clerks actually identified Allen: one clerk recanted his earlier alleged identification, and the other two clerks did not testify.

(b)     Counsel failed to challenge the voluntariness and truthfulness of Mr. Mozee's custodial "confession" when he failed to obtain and introduce recent medical records showing that Mr. Mozee had a documented history of serious mental illness, including schizophrenia, that made him susceptible to giving a false and involuntary confession.  Counsel also failed to retain a qualified expert on false confessions or

18

otherwise present evidence to help the jury understand why the "confession" lacked any indicia of truthfulness or reliability. This ineffectiveness greatly prejduced Mr. Mozee because it allowed the State to argue in summation that there was no evidence he suffered from mental illness, that he was feigning symptoms of mental illness, and that his signed confession was voluntary and reliable.

(c) At an evidentiary hearing on this writ application, trial prosecutor Rick Jackson admitted that he had no specific recollection of showing Mr. Mozee's counsel the letters received from informants Hardeman and Smith regarding the benefits they expected to receive from the State in exchange for their testimony, nor did he have any file notation corroborating his belief that he must have fulfilled his obligation to Mr. Mozee's counsel to disclose this correspondence to him. The evidence establishes that the prosecutor did not show these letters to either defense counsel. However, if the court finds the prosecutor's testimony in this regard is convincing, then there is clear and obvious ineffective assistance of counsel by defense counsel in failing to use these letters at trial to impeach the testimony of Smith claiming he had no deal. agreement, arrangement or understanding that the state would assist him with his own plea and sentence, or to seek a new trial for Mr. Mozee based on the letters and the false testimony given by the various informants at both trials. This ineffective assistance, if proven, would be deficient performance by counsel and would undermine confidence in the outcome of the trial.

20

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____Dallas_____

_____Ezekiel Tyson, Jr._____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS ___19___ DAY OF ___Nov.___, 20__15__.

K CECILIA LUGO
My Commission Expires
August 16, 2019

_____
Signature of Notary Public

21

## PETITIONER'S INFORMATION

Petitioner's printed name: _____Ezekiel Tyson, Jr._____

State bar number, if applicable: ___24034715___

Address: _____The Tyson Law Firm_____

_____342 W. Montana Avenue_____

_____Dallas, Texas 75224_____

Telephone: _214-942-9000_____

Fax: _214-942-9001_____

## INMATE'S DECLARATION

I, _____, am the applicant / petitioner (circle one) and

being presently incarcerated in _____, declare under penalty of

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on N ovember 18ᵀʰ , 2015 .

_____Ezekiel Tyson_____
Signature of Applicant / Petitioner (circle one)

22

**PETITIONER'S INFORMATION**

Petitioner's printed name: ___Ezekiel Tyson, Jr.___

Address: ___The Tyson Law Firm___

___342 W. Montana Avenue___

___Dallas, Texas 75224___

Telephone: ___214-942-9000___

Fax: ___214-942-9001___

Signed on ___November 18th___, 20 __15__.

___Ezekiel Tyson___
Signature of Petitioner

23

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | 203RD JUDICIAL DISTRICT |
| STANLEY ORSON MOZEE | § | |
| and | § | |
| DENNIS LEE ALLEN | § | DALLAS COUNTY, TEXAS |

## AFFIDAVIT IN SUPPORT OF
## APPLICATIONS FOR WRIT OF HABEAS CORPUS

**TO THE HONORABLE PRESIDING JUDGE:**

**NOW COMES** the Applicants, STANLEY ORSON MOZEE and DENNIS LEE

ALLEN, and submits the attached affidavit from the following person in support of their

Applications for Writ of Habeas Corpus:

Stuart Parker

Respectfully submitted,

GARY A. UDASHEN
Bar Card No. 20369590

SORRELS, UDASHEN & ANTON
2301 Cedar Springs Road
Suite 400
Dallas, Texas 75201
214-468-8100
214-468-8104 fax
Appearing on Behalf of the
Innocence Project of Texas

*Counsel for Dennis Lee Allen*

NINA MORRISON
INNOCENCE PROJECT, INC.
40 Worth Street, Suite 701
New York, New York   10013
212-364-5340
212-264-5341 fax

EZEKIEL TYSON, JR.
Bar Card No. 24034715
THE TYSON LAW FIRM
342 W. Montana Avenue
Dallas, Texas  75224
214-942-9000
214-942-9001 fax

*Counsel for Stanley Orson Mozee*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Affidavit in Support of Application for Writ of Habeas Corpus was delivered to Cynthia Garza and Patricia Cummings, Assistant Dallas County District Attorneys, on this the _____ day of November, 2015.

GARY A. UDASHEN

STATE OF TEXAS             §
                                           §       **AFFIDAVIT**

COUNTY OF DALLAS      §

        **BEFORE ME**, the undersigned authority, on this day personally appeared Stuart Parker, who, after being by me duly sworn, upon oath said:

        My name is Stuart Parker. I am an attorney licensed in the State of Texas since 1975. I am board certified in criminal law by the Texas Board of Legal Specialization.

        I knew Jim Oatman, both personally and professionally. Mr. Oatman was a highly skilled and conscientious attorney, both as a prosecutor and defense attorney. He put a great deal of effort into his work and was uniformly viewed as someone who did a very good job for his clients. He was not only a great courtroom lawyer, but was also known as someone who was well-prepared and thorough when it came to pretrial discovery and preparation.

        I have been asked to comment on the following factual scenario. These facts have been provided to me by Gary A. Udashen and my comments are based on the information Mr. Udashen has provided to me.

        In the year 2000, Mr. Oatman represented Dennis Lee Allen on a capital murder case. During trial, the state presented two informant witnesses: Witness one, Lonel Hardeman, testified that he had spoken to Allen and Allen had admitted being involved in this murder. At the time of trial, Hardeman was in jail with pending cases. At trial, Hardeman testified that he had no expectation or hope of leniency from the state in exchange for the information he had provided against Allen. The testimony from Hardeman at Allen's trial included the following:

> (Mr. Jackson - Prosecutor)
> Q:     Mr. Hardeman, do you have any expectations — what are your expectations for testifying in this case?
> A:     Nothing, just to bring a closure to Mr. Borns' death. That's it.
> Q.     Okay. Have I told you that we would talk about maybe doing something in your case after this was over?

Affidavit of Stuart Parker - Page 1

A.      No, sir.

(Allen T.T. Vol. 3, p. 266.)

. . .

(Mr. Jackson - prosecutor)

Q:      So [Lisa]¹ kind of passed the word to Berry² that you wanted to talk to him?

A:      Well, she stated to him that she knew about the case and for all charges [to] be dropped against me, that she would testify against Dennis Lee Allen. And when Rick Berry came to me, I only told him what I knew. I didn't know nothing else was going on.

Q:      Okay. So she kind of negotiated in your behalf, kind of like an agent I guess; is that right?

A:      Yes, sir.

Q:      Okay. If all charges were dropped you would testify against Dennis Allen?

A:      Correct.

Q:      Okay. <u>But you really didn't want any part of that, did you?</u>

A:      <u>And I still didn't [*sic*].</u>

(*Id.* at 272) (emphasis supplied).

. . .

(Mr. Jackson - prosecutor)

Q:      You and Mr. Berry didn't talk about what might be in it for you; is that right?

A:      No, sir.

(*Id.* at 269.)

. . .

(Mr. Oatman - defense lawyer)

Q:      And you really don't want any help from Mr. Jackson here for doing the right thing by coming down here; is that right?

A:      That's right.

Q:      And I take it [if] once this case is over, Mr. Jackson came down and told your judge, hey, he helped us out on a capital murder case, you're going to go no, Mr. Jackson, I don't want your help. I want to face these two life sentences on my own because I am such a l good soul; is that right?

A:      Due to the fact that I never done a robbery before. I'm not going to ask Mr. Jackson for no help.

Q:      Okay.

A:      Because truthfully I can stand on the stand just like I am today and beat those robbery cases, because I never done a robbery before.

Q:      Going to beat them, aren't you?

A:      I put it in the Lord's hands.

(*Id.* at 274-75.)

---

¹Lisa was Hardeman's girlfriend.

²Berry was the police investigator.

Affidavit of Stuart Parker - Page 2

After the Allen trial, upon review by Innocence Project attorneys, letters from Hardeman to the prosecutor were found in the prosecutor's file. These letters were in the prosecutor's file at the time of the Allen trial. These letters included the following statements:

> I Lonel Hardeman Jr. is writing you because I truly feel that I'm being used by the Department against crime. After turning over true statements, letters, and affidavits to your departments to Detective Rick Berry about the April 7, death of minister Jesse Borns; Willing to testifie [sic] against Dennis Lee Allen, a man that I only been with since Sept. 18, 1998 till today of Aug. & Sept. ... **From day one Mr. Rick Berry was told from me and others for the information and the things he collected from me all charges against me to be dropped** since all allegations are not true. On August. 27, 1999.
> Mr. Rick Berry stated that he would help me like I helped him; Ms. Crum this would be the second murder case I've helped the Department on with true facts and statements, and willing to continue. **I feel as though with the cooperation that I give and the jepordy [sic] of my life that you should release me back to my family.** Mr. Ken Penrod and Alvin Pereze are the other two men that knows that I am honest as well as lain you should[.] I spoke with you before. Laying here in jail on charges I didn't commit is wrong, **Like I said I'll do whatever it takes to convict Dennis Lee Allen, Taking the stand won't be a problem, All I ask is for my life back with my family.** I help you once I'll help you again. Ms. Linda Crum from this letter I wish to hear from you as a response to my letter and freedom; I thank you for in your time out to read this letter and pray to God that this incident come to an closing of the truth and righteousness of Justice. Say hello to 1 Ken and Mr. Pereze as well. Yours Truly, A man that wants his Freedom...Lionel Hardeman Jr....God knows who lieing[sic]....and who's telling the Truth...

(Letter from Hardeman to Capt. Crum, dated Aug. 29, 1999).

> Dear Sir: With all respect and honor to you I Lonel has been thinking of the issue of the Dennis Lee Allen case. **I'm wanting to let you know that I know that we can come to an agreement on the cases pending against me for the testimony against Dennis Allen.** I know that 1 if I don't agree to testifie that I would be facing trial in my behalf. I rather do time if I have to and not be number as a snitch than to do time on "Death Row" wondering who's waiting to kill me for talking against Dennis L. Allen and yet I still do time. I can't live that way. **In 1998 I help the homicide unit solve a murder [illegible] and I had 4 charges against me then and if the 1 District Attorney agreed upon a deal with me then I know you can [illegible] no different from any other District Attorney!** Mr. Ken Penrod and Alvin Perez is the two that helped me then I know somewhere **you and I can come to an agreement** for my testimony for the Dennise [sic] Allen trial. **All I'm asking for in the return of my self is for the 3 robbery cases be droped which I know for a fact I didn't do, and state jail probation 2 years for what I did do and sign befor I step on the stand so when I step down I'll be back in the arms of my family and not having to worrie if I'll ever see Dennise [sic] L. Allen for a while.** This is not a lot to ask

for, I still will be accepting a conviction and I know I would have to walk very lightly for the rest of my life. **Other than this don't call me back, I don't want to waste your time nor mine.**

1I have a family to that loves me; I have childrens as well that care for me; Dennise [*sic*] is a man that I know would come after 1 me if he had a chance; Im risking myself, family and friend by standing trail against him; Im bring Justice to a family that lost a love one behind a person with no moral; **I think for what I'm asking for is not even enough but is acceptable to ask for,** I've been here once remember that in 1998 murder case I know it can be done, I'm willing to tell the truth **if your willing to give my life back to me.** I thank you for your time and patients and tell Douglas Shopmeyer God is watching his children every step of the way. God know lmdtw-7 telling the truth and soon the court will to someway some how. . . . You can't Hide the Truth! You have the Right man now lets put him away! God Bless you.

(Letter from Hardeman to ADA Jackson dated Feb. 14, 2000).

1Dear sir: **My agreement with you is soon to be over**...with you or without you I know I can win my case along with out jepeordising [sic] my life as well as my family lives because I never done any robbery what so ever and Im willing to go to trial now **because I can't keep waiting on another man trial that keeps on being reschedule.** My state jail time is about up and yes Im on parole; Im not afraid of what I have to face, cause I am innocent.

When found innocent I'm facing maybe a little more time if any at least I know something is being done, so I can go home. Im tired of 1 of laying here knowing I can win my case than to wait on a man that is guilty. I have a life and a good family and childrens that loves me. **We can't keep waiting on another man when I can take care of my own.** Long as I been here I could have been to trial and home and if I have to be here past my state jail time than I rather go to trial cause Im not going to keep on waiting any longer    on another man that keeps being set off. I hope you understand. **Im not going back on my word but Im not going to keep waiting on him either** if I have to come to court from the free world then I will but this waiting and waiting no more People can't even let me know what's going on I have to hear about it from T.V. You people tell me one thing and there's another I don't know what to think or do no more, I need my lawyer to contact me "ASAP" I have a lot of question that need to be brought out to you and him. Please contact me; thank you.

(Letter from Hardeman to ADA Jackson dated July 7, 2000).

The District Attorney's file also contained letters that Hardeman's girlfriend wrote him while he was in jail. The following are excerpts from these letters:

What are they talking about doing on your cases? Are they offering probation at all?

Oh!!! This is what I wanted to talk to you about. One night right after you had left I was sitting on the steps alone drinking and shit and these 2 white men passed by. I felt

like they were cops but I didn't give a shit right. 5 minutes later they stopped in front of me and started questioning me and shit about what I was doing and so forth. Anyway after we talked a minute he said you seem educated and all this. **Then he said that they were homicide detectives working on the case of the minister that got robbed and killed. He gave me his card in front of everybody right. I look at it and tear it up. He ask me if I wanted to make some money, I said yeah. He said if I come up with anything to call him. Well I didn't tell him what I knew. He told me what he knew. He said he looking for a black man that hangs where I was sitting with receding Salt-n-pepper hair in his late 30's to early 40's that goes by the name Stan.** I told him I'd ask around but I didn't know much. **But I know who did it Lonel. I called Marvin and asked him to get in touch with the detective to see if I could talk to him in exchange for lesser sentences for both of us.** But I do know 100% who did it. Do you think I'm doing the right thing? About talking to the detective? He hasn't come to see me yet so maybe Marvin didn't even call him but I sure would like to get in touch with him. Maybe you can find someone on your end to get in touch with him. **His name is Detective Rick Berry--DPD homicide division. If you contact someone who can get him, tell him that I need to speak with him regarding information on the homicide case on the minister. Maybe he can do something for us because I do have some pertinent information for him.** And I don't care about telling it because I don't plan on being in the South Side like that ever again. I'm looking out for me and my baby, fuck the rest.

(Undated letter from Lisa Davis (Hardeman's girlfriend) to Lonel Hardeman, at pp. 7-9) (emphasis supplied; typographical errors in original).

Anyway I am sure you have heard about D.A. He has been charged with the death of the preacher I have been telling you about. He was p/u [picked up] 2 Saturdays ago. **That's why the detective didn't come see me** because they had him already. Plus he has 2 robbery charges pending. One of them is aggravated. It's in this past Saturday's paper. I will try and send that to you.

So you know what that means huh? You probably can prove that he was the mastermind of that hustle. I sure hate that for him but you now have a better chance on your cases boo.

(Undated letter from Lisa Davis to Lonel Hardeman).

I understand that one question the court is considering is whether the prosecutor had given these letters to Mr. Oatman, either during or before trial. This question has arisen because Mr. Oatman is deceased and unable to answer the question. I also understand that there was no reference at all in the trial to these letters.

Based on my knowledge of Jim Oatman's skills and dedication as a lawyer, I am certain that he would have used these letters to impeach the testimony of Hardeman if he had been given them

Affidavit of Stuart Parker - Page 5

by the prosecutor. Any competent lawyer would have used them, and since Mr. Oatman was not just a competent lawyer but an outstanding one, I am sure he would have used them at trial. Based on the fact that Mr. Oatman did not use these letters to challenge the testimony of Hardeman, my conclusion is that he was never given them by the prosecutor. In addition, had Mr. Oatman been shown the letters by the prosecutor prior to trial, I have no doubt that he would have requested that copies be made so that he could have had them available for impeachment purposes at the time the witness testified, and that he would have used the letters for that purpose during trial.

Additionally, at Allen's trial, the state called a jailhouse informant, Zane Smith, who testified that Stanley Mozee, Allen's co-defendant, admitted being involved in the crime. During Smith's testimony at Allen's trial, it was revealed that he had written a letter to the state in which he claimed that Mozee confessed to the murder. However, the state apparently did not reveal that Smith had written a second letter to the District Attorney immediately after the Mozee trial, but before the Allen trial, that stated the following:

> 1Dear Prosecutor, I am writing this letter in response to the issues we discussed on the Mozee trial. Sir I was also scheduled to go to my parole 1hearing the day I was supposed to testify, that's why I didn't get to speak to you before I came in to testify. Mozee has been sending word by other inmates telling them I'm a snitch and also telling me that he's got my address and that he's gonna get me. Sir I am not too worried about those issues but what I'd like to know is -- Will you still be able to intercede on my behalf as you said. Sir I would appreciate any efforts that you can help me with in this matter. Please notify me if possible. Sincerely, Zane A. Smith. P.S. I've forgotten your name.

(Letter from Smith dated Aug. 2, 2000).

1      This letter contradicts Smith's testimony at Allen's trial where he indicated that he had already been sentenced in his own case and did not reveal that he was expecting more benefits from the state than what had already been received.

Based on my knowledge of Jim Oatman's skills and diligence as a lawyer I am confident that he would have used the letter from Smith to the prosecutor to make sure the jury knew that Smith

was expecting assistance from the prosecutor based on his testimony at trial, and that Smith had immediately asked the prosecutor to deliver on that expectation immediately after he testified at co-defendant Mozee's trial.

In summary, Jim Oatman was an outstanding lawyer and I am certain that he would have used each of these letters at the Allen trial had he been provided with them. In addition to using these letters to impeach both Hardeman and Smith, it is also my opinion that Mr. Oatman would have used these letters to powerful effect during his closing argument (for example, to argue more broadly that the State's evidence and witnesses could not be trusted because at least two of its informants had already been shown to have given false testimony about undisclosed expectations and personal benefits).

Stuart Parker

BEFORE ME, the undersigned authority, on this day personally appeared Stuart Parker, known to me to be the person whose name is subscribed to the foregoing instrument, and after being duly sworn by me did state upon oath that the facts contained in said instrument are true and correct.

SUBSCRIBED AND SWORN TO before me this 9th day of November, 2015.

LAURA MARTINEZ
MY COMMISSION EXPIRES
March 13, 2019

Notary Public in and for
The State of Texas

My commission expires:
3/13/19.

# WRIT NOS. W99-02631-R(A) and W00-01305-FR(B)
# CAUSE NOS. F99-02631-R and F00-01305-R

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | |
| STANLEY ORSON MOZEE | § | 265TH JUDICIAL DISTRICT |
| AND | § | |
| DENNIS LEE ALLEN | § | DALLAS COUNTY, TEXAS |

## EXHIBITS IN SUPPORT OF
## APPLICATIONS FOR WRIT OF HABEAS CORPUS

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** the Applicants, DENNIS LEE ALLEN and STANLEY ORSON

MOZEE, and submits these Exhibits in Support of their Amended Applications for Writ

of Habeas Corpus:

Exhibit A:    Portions of Clerk's File in Charles Manning

Exhibit B:    Portions of Clerk's File on Alvin Degraftenreed

Respectfully submitted,

GARY A. UDASHEN
Bar Card No. 20369590
SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road
Suite 250
Dallas, Texas 75201
214-468-8100
214-468-8104 fax
Appearing on Behalf of the
Innocence Project of Texas

*Counsel for Dennis Lee Allen*

1

NINA MORRISON
INNOCENCE PROJECT, INC.
40 Worth Street, Suite 701
New York, New York   10013
212-364-5340
212-264-5341 fax

EZEKIEL TYSON, JR.
Bar Card No. 24034715
THE TYSON LAW FIRM
342 W. Montana Avenue
Dallas, Texas  75224
214-942-9000
214-942-9001 fax

*Counsel for Stanley Orson Mozee*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Exhibits in Support of Applications for Writ of Habeas Corpus was delivered to Cynthia Garza and Patricia Cummings, Assistant Dallas County District Attorneys, on this the 18th day of November, 2015.

GARY A. UDASHEN

2

F98-15085-QJ

# BOND ST

F809245

ORIGINAL   REVOCATION

THE STATE OF TEXAS

VS.

OFFENSE _____

F98-15085

CHARLIE JUNIOR MANNING

AGGRAVATED THEFT OF PROPERTY THE VALUE OF
$1500 OR MORE BUT LESS THAN $20,000, A STATE
JAIL FELONY OFFENSE AS CHARGED IN THE
INDICTMENT

INDICTMENT FILED

JUL 15 1998
(DATE)

CERTIFIED COPY OF INDICTMENT DELIVERED
TO THE SHERIFF TO BE SERVED ON DEFENDANT
IN THE COUNTY JAIL ON _____ (DATE)

Judgment Rendered _____

Sentenced _____ 19___

BEGINNING ON DATE OF: _____

CREDIT FOR TIME SERVED: _____

Attorney _____

Address _____

Received Copy of Indictment on _____

Date

Appellant Attorney
(appointed/retained)

Court Reporter _____

Atty. for State _____

Atty. for Defendant _____

Judge _____
(MAGISTRATE/MAGISTRATE)   (VISITING/MAGISTRATE)

MEMORANDUM OF PAPERS FILED

| Date | |
|---|---|
| 1 | 12-3-98 Waiver of Jury |
| 2 | 12-3-98 Plea Not to Exceed #600 |
| 3 | PROB VIOL MTN FILED—WARRANT ISSUED |
| 4 | 7-22-99 Bond Set at #1500 |
| 5 | 10-18-99 |
| 6 | DEC 2 2 1999 PROB VIOL MTN FILED—WARRANT ISSUED |
| 7 | 9-20-00 PROB VIOL MTN W/DRAWN—DEFT CONT ON PROB |
| 8 | 12-4-01 DSM NFOC—JC—Judgment not made |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |

THESE ARE DISTRICT COURT PAPERS
AND MUST NOT BE REMOVED
FROM THE DISTRICT CLERK'S OFFICE
BILL LONG, DISTRICT CLERK, DALLAS COUNTY



EXHIBIT
A

NOTICE OF DISPOSITION
IN CRIMINAL DISTRICT COURT 3
DALLAS COUNTY, TEXAS                    SEQ  0005

CASE NUMBER F-9815085                            DATE 120701
OFFENSE THEFT AGGREGATE 1,500                    TIME 122612
REDUCED CHARGE

THE STATE OF TEXAS VS.
DEF MANNING CHARLIE JUNIOR          RACE B SEX M DOB 042259
BNO 99107544
DISPOSED BY DISM

SENTENCE                                   APPEAL  _____

    SPECIAL CONDITION                      MNT  _____

    $      0.00 FINE  $        0.00 COST     SENTENCE TO BEGIN _____
ADDITIONAL CREDIT FOR TIME SERVED

REMARKS  120701_DEFT NOT IN JAIL; JUDGMENT SET ASIDE;_____

RETURN ANY WARRANTS ON THIS CASE ONLY_____

JIM HAMLIN                          |    RELEASE INFORMATION
DISTRICT CLERK                      | REMARKS _____
DALLAS COUNTY, TEXAS                | _____

BY GODBOLD D                        | _____
   DEPUTY CLERK                     | _____
                                    | _____

CAUSE NO. F9815085J

THE STATE OF TEXAS

IN THE CRIMINAL DISTRICT COURT NO 03

VS.

DALLAS COUNTY, TEXAS

CHARLIE MANNING

ORDER DISMISSING PROCEEDINGS AND
GRANTING DISCHARGE FROM COMMUNITY SUPERVISION
FOLLOWING DEFERRED ADJUDICATION

This day came on to be considered the matter of the release from community supervision of the defendant in the above styled and numbered cause, and the dismissal of the proceedings against the defendant. It appearing to the Court that the adjudication of guilt was deferred and the defendant was placed on community supervision on the 3rd day of December , 1998 , for the felony offense of

THEFT $1500,
AS CHARGED IN THE INDICTMENT

and it is further appearing to the Court that the period of community supervision has expired and the Court has not proceeded to an adjudication of guilt in this cause;

IT IS THEREFORE ORDERED that the period of supervision herein is terminated, the defendant is discharged from community supervision, and all proceedings in this cause against the defendant are hereby dismissed, except as provided in Article 42.12 Section 5, Texas Code of Criminal Procedure.

SIGNED this 4th day of December , 2001.

JUDGE ROBERT FRANCIS
CRIMINAL DISTRICT COURT NO 03
DALLAS COUNTY, TEXAS

C 257934
dc

NOTICE OF DISPOSITION
IN CRIMINAL DISTRICT COURT 3
DALLAS COUNTY, TEXAS                           SEQ   0009

CASE NUMBER F-9815085                              DATE 092000
OFFENSE THEFT AGG 1,500                            TIME 135441
REDUCED CHARGE

THE STATE OF TEXAS VS.
DEF MANNING CHARLIE JUNIOR           RACE B SEX M DOB 042259
ENO 99107544
DISPOSED BY

SENTENCE
   3 YRS TO STATE JAIL PROBATED                  APPEAL _____

      SPECIAL CONDITION                          MNT _____


   $      700.00 FINE  $      186.25 COST        SENTENCE TO BEGIN  000000
ADDITIONAL CREDIT FOR TIME SERVED

REMARKS  092000 DEFT NOT IN JAIL;PROB VIOL MTN W/DRAWN DEFT TO CONTINUE ON
         BAION;RECALL WARRANT_____


JIM HAMLIN
DISTRICT CLERK                    |       RELEASE INFORMATION
DALLAS COUNTY, TEXAS              | REMARKS _____

BY BAILEY C                       | _____
   DEPUTY CLERK                   | _____
                                  | _____

DATE: September 20, ? ?

CAUSE NO.:F9815085J

THE STATE OF TEXAS                    Criminal District Court No 3
VS.                                   DALLAS COUNTY, TEXAS


CHARLIE MANNING JR.

## STATE'S MOTION TO WITHDRAW ITS MOTION
### TO REVOKE PROBATION OR PROCEED TO AN ADJUDICATION OF GUILT

**TO THE HONORABLE JUDGE OF SAID COURT:**
Comes now the District Attorney of Dallas County, Texas, by and through the
undersigned Assistant District Attorney, and in the above cause respectfully
requests the Court to allow the State to withdraw its Motion to Revoke
Probation or Proceed to an Adjudication of Guilt.

                         Respectfully submitted,
                         BILL HILL, DISTRICT ATTORNEY
                         DALLAS COUNTY, TEXAS

                         By: _____
                             Assistant District Attorney


### ORDER

       The foregoing State's Motion to Withdraw its Motion having been
presented to the Court, same is hereby in all things granted, and the
Defendant is continued on probation.

                         _____
                         JUDGE, CRIMINAL DISTRICT COURT NO 3




ML#C257934   dc

TRIAL DOCKET — CRIMINAL DISTRICT COURT — DALLAS COUNTY, TEXAS

BAIL STATUS: BOND

No. F98-15085-QJ

FORM 385 REV

| STATE OF TEXAS | ATTORNEYS 221-3414 | OFFENSE | DATE OF FILING |
|---|---|---|---|
| CHARLIE JUNIOR MANNING | T. Okey Anyiam  Naomi Collie 941-6814 | AGGRAVATED THEFT OF PROPERTY THE VALUE OF $1500 OR MORE BUT LESS THAN $20,000, A STATE JAIL FELONY OFFENSE AS CHARGED IN THE INDICTMENT | JULY 15, 1998 |
| B/M 4-22-59 | | | |
| | $1,500.00 PTR | | |

ORDERS OF COURT

| DATE OF ORDER | |
|---|---|
| JUL 2 1 1998 | FIRST SETTING TO: 8-1-98 (Surety Notified 7-20-98) |
| 8-11-98 | Set To 9-3-98 (Anyiam) |
| 9-3-98 | Set To 10-1-98 Anno |
| 10-1-98 | MTW Granted |
| 10-5-98 | Set To 11-2-98 Anno |
| 11-2-98 | Set To 11-20-98 Anno |
| 11-20-98 | Set To 12-3-98 Anno |
| 12-3-98 | Open Plea NAJG Deferred O.K. |
| DEC 3 1998 | JURY WAIVED. DEFENDANT ARRAIGNED. DEFENDANT WARNED. PLEA OF GUILTY BEFORE COURT. COURT FINDS SUFFICIENT EVIDENCE TO PROVE DEFENDANT'S GUILTY AS CHARGED IN THE INDICTMENT — INFORMATION BEYOND A REASONABLE DOUBT AND THAT SAID OFFENSE WAS COMMITTED ON THE 22nd DAY OF June 1998. FURTHER ADJUDICATION IS DEFERRED. DEFENDANT PLACED ON PROBATION FOR 3 (Three) YEARS. COURT COSTS OF ___ DOLLARS TAXED TO DEFENDANT.  IMPOSITION OF A FINE IN THE AMOUNT OF $ 100.00 DOLLARS ASSESSED AGAINST DEFENDANT. THE FINE TO BE PAID BY AS A CONDITION OF PROBATION  RESTITUTION TO BE DETERMINED $ 600.00  NOT TO EXCEED |

DEBORAH HAMON, CSR

MAGISTRATE

STATE OF TEXAS

vs. No. F98-15085

Charlie Junior Manning

| DATE OF ORDER | ORDERS OF COURT |
|---|---|
| 7-22-99 | Bond set at $1500 - Ct. appoints Ted Shoemaker as atty [signature] |
| 7-12-99 | Set to 8-11-99 Judicial Review |
| 12-30-99 | B(N): 9910754 9 CT App't: Scott Bryant 2-894-4747 |
| 12-30-99 | Set to 1-4-00 REVK--OPEN |
| 1-4-00 | Set to 1-11-00 Viol |
| 1-12-00 | Set to 2-24-00 Viol |
| 2-24-00 | Set to 3-24-00 Viol |
| 3-24-00 | Set to 4-25-00 Viol |
| 4-25-00 | Set to 5-24-00 Viol |
| 5-24-00 | Set to 6-22-00 Viol |
| 6-2-00 | Set to 7-24-00 Viol |
| 7-24-00 | Set to 8-23-00 Viol |
| 8-23-00 | Set to 9-18-00 Viol |

IN THE _____ DISTRICT COURT
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

*Charlie Manning*

{ CAUSE NO.(S)
*F98 - 15085*

## CASE INFORMATION

The Defendant in this cause is charged with the offense of _____

_____ ,a _____ degree felony. The possible punishment for this

offense is _____ .

### PLEA BARGAIN DATA

On a plea of Guilty, the District Attorney will
recommend the following:

_____ Years TDC      _____ Days in Dallas
                                County Jail

_____ Years Probated for _____ Years.

_____ Days in Dallas County Jail Probated

for _____ Days.

$ _____ Fine

### CONTINUANCE DATA

Case passed by agreement to: *9*

*12 Sept OC* at *9* am/pm

for the purpose of: _____

_____

which will be the _____ setting of this case.

The appearance of the Defendant at the next setting

(IS) / (IS NOT) waived.

| Assistant District Attorney | Attorney for Defendant | Defendant |
|---|---|---|
| | *(2)672-9712* | |
| Phone Number | Phone Number | Phone Number |

## ORDER AND FINDING

State (IS / IS NOT) found to have, in fact, been ready this date

_____
District Judge

_____
Date

# IN THE _____ DISTRICT COURT
## DALLAS COUNTY, TEXAS

**THE STATE OF TEXAS**
**VS.**

_Charlie Manning_

**{** CAUSE NO.(S)
F98 – 15085

## CASE INFORMATION

The Defendant in this cause is charged with the offense of _____ Agg Theft _____

_____ ,a _____ degree felony. The possible punishment for this

offense is _____ .

### PLEA BARGAIN DATA

On a plea of Guilty, the District Attorney will
recommend the following:

_____ Years TDC       _____ Days in Dallas
                                      County Jail

_____ Years Probated for _____ Years.

_____ Days in Dallas County Jail Probated

for _____ Days.

$_____ Fine

### CONTINUANCE DATA

Case passed by agreement to:

_Aug 23 '00_ _____ at ___ am/pm

for the purpose of: _____ (VA)
_____ Nm (help)
_____ (PU)

which will be the _____ setting of this case.

The appearance of the Defendant at the next setting

(IS) / (IS NOT) waived.

_____        _____        _____
Assistant District Attorney          Attorney for Defendant                Defendant

                                              (214) 672-9312

_____        _____        _____
Phone Number                          Phone Number                          Phone Number

## ORDER AND FINDING

State (IS / IS NOT) found to have, in fact, been ready this date

_____
District Judge

_____
Date

IN THE _____ DISTRICT COURT
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.
C. Manning

{   CAUSE NO.(S)
    F98-15085

## CASE INFORMATION

The Defendant in this cause is charged with the offense of _____ _____

_____ ,a _____ degree felony. The possible punishment for this

offense is _____ .

### PLEA BARGAIN DATA

On a plea of Guilty, the District Attorney will recommend the following:

_____ Years TDC        _____ Days in Dallas County Jail

_____ Years Probated for _____ Years.

_____ Days in Dallas County Jail Probated

for _____ Days.

$_____ Fine

### CONTINUANCE DATA

Case passed by agreement to:

24 July 'CC ___ at ___ 9 __ am/pm

for the purpose of: _____

Ann-(VA Hosp)
P4

which will be the _____ setting of this case.

The appearance of the Defendant at the next setting

(IS) / (IS NOT) waived.

| | | |
|---|---|---|
| Assistant District Attorney | Attorney for Defendant | Defendant |
| | (276) 72-9312 | |
| Phone Number | Phone Number | Phone Number |

## ORDER AND FINDING

State (IS / IS NOT) found to have, in fact, been ready this date

_____
District Judge

_____
Date

IN THE _____ DISTRICT COURT
# DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.
C. Manning

{ CAUSE NO.(S)
F98 —15085

## CASE INFORMATION

The Defendant in this cause is charged with the offense of _____ _____

_____ ,a _____ degree felony. The possible punishment for this

offense is _____ .

### PLEA BARGAIN DATA

On a plea of Guilty, the District Attorney will
recommend the following:

_____ Years TDC    _____ Days in Dallas
                              County Jail

_____ Years Probated for _____ Years.

_____ Days in Dallas County Jail Probated

for _____ Days.

$_____Fine

### CONTINUANCE DATA

Case passed by agreement to: 9

22 June 00 _____ at _____ 9 ____ am/pm

for the purpose of: _____
_____ (Comp Tey)
_____

which will be the _____ setting of this case.

The appearance of the Defendant at the next setting

(IS) / (IS NOT) waived.

_____
Assistant District Attorney

_____
Phone Number

_____
Attorney for Defendant
(214) 672-9312
Phone Number

_____
Defendant

_____
Phone Number

### ORDER AND FINDING

State (IS / IS NOT) found to have, in fact, been ready this date

_____
District Judge

_____
Date

IN THE _____ DISTRICT COURT

## DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.
*Charlie Manning*

{ CAUSE NO.(S)
*F98-15085*

## CASE INFORMATION

The Defendant in this cause is charged with the offense of _____ _____

_____ ,a _____ degree felony. The possible punishment for this

offense is _____ .

### PLEA BARGAIN DATA

On a plea of Guilty, the District Attorney will
recommend the following:

_____ Years TDC    _____ Days in Dallas
County Jail

_____ Years Probated for _____ Years.

_____ Days in Dallas County Jail Probated

for _____ Days.

$_____ Fine

### CONTINUANCE DATA

Case passed by agreement to: *9*
*24 May 00* at *9* am/pm

for the purpose of: *Status - ANA (Probation UA hip*

_____

_____

which will be the _____ setting of this case.

The appearance of the Defendant at the next setting

(IS) / (IS NOT) waived.

---

| | | |
|---|---|---|
| Assistant District Attorney | Attorney for Defendant | Defendant |
| Phone Number | *(214)672-9312* <br> Phone Number | Phone Number |

## ORDER AND FINDING

State (IS / IS NOT) found to have, in fact, been ready this date

_____
District Judge

_____
Date

IN THE _____ DISTRICT COURT

DALLAS COUNTY, TEXAS

THE STATE OF TEXAS

VS.

Charlie Manning

{ CAUSE NO.(S)
F98-15085

## CASE INFORMATION

The Defendant in this cause is charged with the offense of _____

_____ ,a _____ degree felony. The possible punishment for this

offense is _____ .

### PLEA BARGAIN DATA

On a plea of Guilty, the District Attorney will recommend the following:

_____ Years TDC      _____ Days in Dallas
                                              County Jail

_____ Years Probated for _____ Years.

_____ Days in Dallas County Jail Probated

for _____ Days.

$ _____ Fine

### CONTINUANCE DATA

Case passed by agreement to:
4-25-00 _____ at _____ am/pm

for the purpose of: _____

PV - Status update
VA Resp

which will be the _____ setting of this case.

The appearance of the Defendant at the next setting

(IS) / (IS NOT) waived.

| Assistant District Attorney | Attorney for Defendant | Defendant |
| --- | --- | --- |
| Phone Number | Phone Number | Phone Number |

Jay (Pro per) hrvs

### ORDER AND FINDING

State (IS / IS NOT) found to have, in fact, been ready this date

_____
District Judge

_____
Date

**IN THE** _____ **DISTRICT COURT**
**DALLAS COUNTY, TEXAS**

**THE STATE OF TEXAS**
**VS.**

C. Manning

{ CAUSE NO.(S)
F98-15085

## CASE INFORMATION

The Defendant in this cause is charged with the offense of _____

_____ ,a _____ degree felony. The possible punishment for this

offense is _____ .

### PLEA BARGAIN DATA

On a plea of Guilty, the District Attorney will
recommend the following:

_____ Years TDC   _____ Days in Dallas
County Jail

_____ Years Probated for _____ Years.

_____ Days in Dallas County Jail Probated

for _____ Days.

$_____ Fine

### CONTINUANCE DATA

Case passed by agreement to: 9

24 March _____ at ___/___ am/pm

for the purpose of: _____ Ann — VA status

_____

_____

which will be the _____ setting of this case.

The appearance of the Defendant at the next setting
(IS) / (IS NOT) waived.

_____ 
Assistant District Attorney

_____ 
Attorney for Defendant

_____ 
Defendant

_____ 
Phone Number

_____ 
Phone Number

_____ 
Phone Number

Ch by J9y

### ORDER AND FINDING

State (IS / IS NOT) found to have, in fact, been ready this date

_____ 
District Judge

_____ 
Date

NOTICE OF DISPOSITION
IN CRIMINAL DISTRICT COURT 3
DALLAS COUNTY, TEXAS                              SEQ  0004

CASE NUMBER F-9815085                                      DATE 010400
OFFENSE THEFT AGG 1,500                                    TIME 162032
REDUCED CHARGE

THE STATE OF TEXAS VS.
DEF MANNING CHARLIE JUNIOR          RACE B SEX M DOB 042259
BNO 99107544
DISPOSED BY

SENTENCE
   3 YRS TO STATE JAIL PROBATED          APPEAL _____

      SPECIAL CONDITION                  MNT  _____

   $      700.00 FINE   $      186.25 COST      SENTENCE TO BEGIN   000000
ADDITIONAL CREDIT FOR TIME SERVED

REMARKS  010499 DEFT IN JAIL;$10,005 PR BOND POSTED PER JUDGE FRANCIS;COPY
         BEING SENT TO BOND DESK_____

         _____

JIM HAMLIN
DISTRICT CLERK                          |    RELEASE INFORMATION
DALLAS COUNTY, TEXAS                     |  REMARKS  THIS CASE ONLY_____

BY BAILEY C                              |  _____
   DEPUTY CLERK                          |  _____
                                         |  _____

# DEFENDANT'S PERSONAL DATA

Defendant's full name: *Charlie Junior Manning*

Aliases or nickname: *3000*

Home address: *3000 B Aujusk Dr Renton TX* ................ For ............ years

Previous address: ........................................................ For ............ years

Phone: *(940) 220-1007* Race: *B* Birthdate: *4-22-59*

Birthplace: *Wines* Education (yrs.) *16 yrs. (BA)*

Ht: *5'10"* Wt: *196 lbs* Eyes: *Brn* Hair: *Blk*

Res. Dallas Co. (yrs) .......... *Self* If unemployed, how long: ................

Name of present employer: *Self* His address: ................

Phone: ................ Type of work: *TV Film*

Name of supervisor: *Self* Employed since: ................

Approx. TOTAL earnings past twelve months (after deductions): $ ................

Name of former employer: ................ His address: ................

Phone: ................ Type of work: ................

Name of supervisor: ................ Employed from: ........ to ........

Reason for leaving: ................

Marital status (circle) S M W D Sep. ALL minor children (No.) ................

Spouse: ................ Address: ................

Church & Pastor ................ Address: ................

Home: Rent? ........ Own? ........ Monthly rent or payments: $ ........

Military service (circle) A F M N CG From *77* to *91*

Type discharge: *Honorable* Pension? ........ Amt: $ ........

Auto: Make ................ Body type ................ Model ................

Auto license No. ................ Texas or ................ Oper. Comm.

Chauf. Driver's license No. *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* Expires ................

Social Security No. ................

Three Dallas County Residents who will ALWAYS know your whereabouts:

1. Name *Ruth Collie* Address *806 Weatherw Ave Dallas*
   Phone *(2) 941-6018* Relationship ................
2. Name *Naomi Collie* Address *"*
   Phone *(2) 941-6018* Relationship *"*
3. Name ................ Address ................
   Phone ................ Relationship ................

How many times have you been arrested before? ................

Have you ever been convicted of an offense other than a traffic ticket? ................

Describe time, place and nature of offense: ................

................

Have you ever been on probation? *Yes* Offense ................

Officer *Ms Chambers* Address ................ Revoked? ................

Discuss ................

Have you ever been on parole? *No* Offense ................

Officer ................ Address ................ Revoked? ................

Discuss ................

Have you ever been on bond? ........ How many times? ........ Charges ........

................ Name of bondsman ................

Defendant's Statement: I have voluntarily prepared the foregoing to submit to the Court as an exhibit to my application for personal bond, appearing on the reverse side hereof. I have carefully checked the same for accuracy and understand that any false statement made herein may be grounds for the Court to withhold or withdraw my personal bond at any time. I agree to allow the Court to contact any of the people that I have listed above to verify the information furnished by me.

Date: *1-4-2000*

................ Defendant's Signature

No. *F98-15035*

JUDICIAL DISTRICT COURT

THE STATE OF TEXAS

vs.

*Charlie Junior Manning*

Defendant

*3000 "B" Aujusts Dr. Renton*

Home Address

Business Address

APPEARANCE BOND
(After Indictment-Felony)

PERSONAL BOND

Filed before me ................

This ........ day of ........ Jan ........ 20 ........

DISTRICT CLERK

FORM 366-J

## APPEARANCE BOND (AFTER INDICTMENT-FELONY-PERSONAL BOND)

THE STATE OF TEXAS
COUNTY OF DALLAS                           KNOW ALL MEN BY THESE PRESENTS:

THAT I, _____Charlie Junior Manning_____,
as principal, and being the defendant in the charge referred to herein, am held and firmly bound unto THE STATE
OF TEXAS in the penal sum of _Ten thousand and five dollars_ ($ _10,005_ ) DOLLARS, payable to said
State, and for the payment of which sum, well and truly to be made, I do bind myself, my heirs, executors, and admin-
istrators, jointly and severally by these presents; and in addition thereto, I am bound for the payment of all necessary
and reasonable expenses incurred by any and all sheriffs or other peace officers in rearresting me as principal in the
event I fail to appear before the court or courts provided for herein at the time stated herein; the amount of such ex-
pense shall be in addition to the principal amount specified herein. For the payment of which sum or sums well and
truly to be made, as aforesaid, I do bind myself, my heirs, executors and administrators, jointly and severally by these
presents; this bond shall be valid and binding upon me as principal, for my personal appearance before the court desig-
nated herein and before any court in which this cause may hereafter be pending at any time when, and place where,
my presence may be required under the Code of Criminal Procedure of the State of Texas or by any such court and for
any and all subsequent court proceedings had relative to the hereinafter described charge.

CONDITIONED, that, whereas, I as principal, now in legal custody of the Sheriff of Dallas County, Texas,

charged in due form of the law in the ____#-3____ Judicial District Court of Dallas County, Texas, in Cause

No. _F98-15085_, and styled the State of Texas vs. _Charlie Manning_,
with a felony offense, and who by the order of the judge of said court has been required to give my personal bond in
the sum set out above, conditioned for my personal appearance before said last named court on the ............. day of

_11 Jan 2000_, A.D. 19...., at............ _9_ o'clock...._A_...M., or upon notice by the court, and
any other court provided for herein, to answer the said above described charge now pending against me and for any and
all subsequent proceedings had relative to the charge. Now, if I as principal shall make my personal appearance as

provided for herein before said ____#3____ Judicial District Court of Dallas County, Texas, in the Courthouse in
the City of Dallas, Dallas County, Texas, and there remain from day to day and term to term of said court until dis-
charged by due course of law, then and there to answer said above described charge, and shall personally appear as pro-
vided for herein before any court in which this said cause may hereafter be legally pending as well as before any other
court to which said cause may be transferred, at any time when, and place where, my presence may be required under
the Code of Criminal Procedure of the State of Texas or by any of such courts, and there remain from day to day and
term to term of any such courts in which or before whomever said charge is pending, for any and all subsequent pro-
ceedings had relative to the charge, until discharged by due course of law; THEN the above bond will be null and void,
OTHERWISE to be and remain in full force and effect.

WITNESS my hand this....._4_..... day of....._Jan_ ...._2000_...._19_......

................................................................
Signature of Defendant as Principal

_3000 "B" Augusta Drive   Denton TX_ ...............
Mailing Address of Defendant as Principal herein

................................................................
Name of Employer or Business

................................................................
Place of Employment (Street Address)

"I swear that I will appear before the....._#3_........ Judicial District Court of Dallas, County, Texas at the

Courthouse in the City of Dallas, in Dallas County, Texas, on the ._11_.... day of ....._Jan_........,
A.D. 19...., at ...._9_.... o'clock...._A_..M., or upon notice by the Court, or pay the court the principal sum of

................................ ($ _10,005_ ) DOLLARS, plus all necessary and reasonable expenses incurred in
any arrest for failure to appear."

................................................................
Affiant-Defendant

SWORN to and subscribed by ....................................... before me, on this ............................ day of

.............................., A.D. 19.....

JIM HAMLIN, Clerk of ............. Judicial District
Court, Dallas County, Texas

By ................................................, Deputy

The foregoing bond taken and approved by me this ............ day of ....._Jan_...., A.D. _2000_

................................................................
Judge, ....#3.... Judicial District Court
of Dallas County, Texas

IN THE _____ DISTRICT COURT

DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

_C. Manning_

{ CAUSE NO.(S)

P98 -15085

## CASE INFORMATION

The Defendant in this cause is charged with the offense of _____ _____

_____ ,a _____ degree felony. The possible punishment for this

offense is _____ .

### PLEA BARGAIN DATA

On a plea of Guilty, the District Attorney will
recommend the following:

_____ Years TDC       _____ Days in Dallas
                                         County Jail

_____ Years Probated for _____ Years.

_____ Days in Dallas County Jail Probated

for_____ Days.

$_____ Fine

### CONTINUANCE DATA

Case passed by agreement to:

_Feb 24 00_ at ___9___ am/pm

for the purpose of: _____

which will be the _____ setting of this case.

The appearance of the Defendant at the next setting

(IS) / (IS NOT) waived.

_____        _____        _____
Assistant District Attorney           Attorney for Defendant              Defendant

                                              (972-5712

_____        _____        _____
Phone Number                          Phone Number                         Phone Number

## ORDER AND FINDING

State (IS / IS NOT) found to have, in fact, been ready this date

_____
District Judge

_____
Date

CAUSE NO.
F9815085J___ F_____ F_____ F_____ F_____

_Bond amount_
_$100,000_

THE STATE OF TEXAS

vs.                          089499

CHARLIE MANNING, JR _____

)
) **CAPIAS ISSUED**
) This __th day of _December_ A.D.1999
) Honorable **ROBERT FRANCIS**
) Judge, Criminal District Court No 3
)
    _Off - 06-22-98_

Defendant  DSO #: 0765572    __XX__ AT LARGE    _____ IN CUSTODY
DATE OF BIRTH:    04/22/ 59         LAST KNOWN ADDRESS:
RACE: B_    SEX: MALE____    300B AUGUST DR_____    AGENCY __Den t__ PD
HAIR: BLK_  EYES: BRO·      DENTON, TX 76207_____    TWX SENT ____
HT:  5'10"  WT: 175 lbs.    _____    DATE ____ 12-13-
                            _____    DEPUTY ____

Offense:  **AGG THEFT OF PROPERTY**_____

_40234 1368_

To any Sheriff or any Constable of the State of Texas:

**YOU ARE HEREBY COMMANDED** to take the body of **CHARLIE MANNING, JR**_____
who has been charged by indictment for a felony offense and placed on probation,
and him safely keep so that you have him before the Honorable Criminal District
Court No 3 of Dallas County, Texas at the Courthouse, thereof in the City of
Dallas, instanter, then and there to answer THE STATE OF TEXAS against the said
CHARLIE MANNING, JR_____ for violation of the conditions of
probation in **Cause No.:**
F9815085J___ F_____ F_____ F_____ F_____

State of Texas vs. **CHARLIE MANNING, JR**_____

**HEREIN FAIL NOT**, but have you then and there this Writ showing how
you have executed the same.

        Given under my official seal of said Court of Dallas County, Texas,
            this __th day of _December_ A.D. 1999.

ATTEST
Jim Hamlin, District Clerk
Dallas County, Texas

By _____
         Deputy

                                    Judge, Criminal District Court No 3
                                    Dallas County, Texas

                    **SHERIFF'S RETURN**

Came to hand this _____ day of _____ , ____. 19 __

| | DATE | BY |
|---|---|---|
| J.D. | | |
| Assign | | |
| Canx | | |
| TCIC | | |
| NCIC | | |
| Ran | | |
| AP'D. | 19 | |

_____

RETURNED on this _18th_ day of _December_____ , A.D. 19 99

Mileage    $_____        **JIM BOWLES**_____
                             Sheriff JIM BOWLES, Dallas County
Fees       $_____
Total      $_____        By _____ 129_____ Deputy

**IN THE** _____ **DISTRICT COURT**
**DALLAS COUNTY, TEXAS**

**THE STATE OF TEXAS**
**VS.**

C Manning

{ CAUSE NO.(S)
F 98 - 15085

## CASE INFORMATION

The Defendant in this cause is charged with the offense of _____

_____ ,a _____ degree felony. The possible punishment for this

offense is _____ .

### PLEA BARGAIN DATA

On a plea of Guilty, the District Attorney will recommend the following:

_____ Years TDC      _____ Days in Dallas County Jail

_____ Years Probated for _____ Years.

_____ Days in Dallas County Jail Probated

for _____ Days.

$_____ Fine

### CONTINUANCE DATA

Case passed by agreement to:
11 Jan 2000 at 9 am/pm

for the purpose of: _____
Ann _____
_____

which will be the _____ setting of this case.

The appearance of the Defendant at the next setting (IS) / (IS NOT) waived.

| | | |
|---|---|---|
| Assistant District Attorney | Attorney for Defendant | Defendant |
| | (2) 804 -4747 | |
| Phone Number | Phone Number | Phone Number |

## ORDER AND FINDING

State (IS / IS NOT) found to have, in fact, been ready this date

_____
District Judge

_____
Date

IN THE _____ DISTRICT COURT

DALLAS COUNTY, TEXAS

THE STATE OF TEXAS

VS.

*Charlie Manning*

{ CAUSE NO.(S)

*F98-15085*

## CASE INFORMATION

The Defendant in this cause is charged with the offense of _____ *Ass/t - PV* _____

_____ ,a _____ degree felony. The possible punishment for this

offense is _____ .

### PLEA BARGAIN DATA

On a plea of Guilty, the District Attorney will recommend the following:

_____ Years TDC  _____ Days in Dallas County Jail

_____ Years Probated for _____ Years.

_____ Days in Dallas County Jail Probated

for _____ Days.

$_____ Fine

### CONTINUANCE DATA

Case passed by agreement to:

*Jan 4* _____ at ___7___ am/pm

for the purpose of: _____

*PV hearing*

_____

_____

which will be the _____ setting of this case.

The appearance of the Defendant at the next setting

(IS) / (IS NOT) waived.

_____
Assistant District Attorney

_____
Phone Number

_____
Attorney for Defendant

*(2) 844-4747*
Phone Number

_____
Defendant

_____
Phone Number

### ORDER AND FINDING

State (IS / IS NOT) found to have, in fact, been ready this date

_____
District Judge

_____
Date

No. F9815085J

THE STATE OF TEXAS                CRIMINAL DISTRICT COURT NO 3
VS.                               DALLAS COUNTY, TEXAS

CHARLIE MANNING, JR

MOTION TO REVOKE PROBATION OR PROCEED WITH AN ADJUDICATION OF GUILT

COMES NOW the State of Texas by and through her Criminal District Attorney
and would show the Court the following:

That _CHARLIE MANNING, JR_, Defendant was duly and legally placed on
probation in the above entitled and numbered cause in the Criminal District
Court No 3 of Dallas County, Texas, on the _3rd_ day of December_, 1998,
A.D. of the offense of

AGGRAVATED THEFT OF PROPERTY, AS CHARGED IN THE INDICTMENT

That Defendant has violated the following conditions (b,d,j,l,m, & n)_ of
said probation in that
                        (SEE ATTACHED)

This violation occurred after _December 3, 1998_ and during the term of
probation.

WHEREFORE, the State prays that said Defendant be cited to appear before this
Honorable Court and show cause why his probation should not be revoked; and
that upon a final hearing, the probation heretofore granted said Defendant be
revoked.

This the 22nd day of _December_, A.D. 1999.

BILL HILL, District Attorney, Dallas County, Texas

BY: _____
   ASSISTANT DISTRICT ATTORNEY

A copy of this motion was delivered to the Defendant on the __30__ day of
_December_____, A.D. 19_99_.

_____
COMMUNITY SUPERVISION OFFICER

I received a copy of this motion on the 30 day of December A.D. 1999.

_____
Defendant            ML#257934.030
COMMUNITY SUPERVISION OFFICER

```
**********************
*    F I L E D       *
*                    *
*    JIM HAMLIN      *
*  DISTRICT  CLERK   *
* DALLAS CO., TEXAS  *
*                    *
*  _____  *
*     DEPUTY         *
**********************
```
tc/mb

THE STATE OF TEXAS            Criminal District Court No 3
VS.                             DALLAS COUNTY, TEXAS

CHARLIE MANNING, JR

(b)   Avoid injurious or vicious habits, and do not use marijuana, narcotics, dangerous drugs, inhalants or prescription medication without first obtaining a prescription for said substances from a licensed physician; to include alcohol as a prohibited substance.
(CHARLIE MANNING, JR submitted urinalysis on July 27, 1999 which tested positive for Cocaine).

(d)   Obey all the rules and regulations of the probation department, and report to the Probation Officer as directed by the Judge or Probation Officer; to-wit: WEEKLY, MONTHLY, TWICE MONTHLY
(CHARLIE MANNING, JR failed to report to the probation officer as directed for the months of February through June and November 1999).

(j)   Pay a probation fee of $40.00 per month to the Probation Officer of this Court on or before the first day of each month hereafter during probation;
(CHARLIE MANNING, JR did not pay probation fees as directed and is currently delinquent $440.00 ).

(l)   Defendant will perform 120 hours of Community Service Restitution enroll and commence said CSR on/or before January 1, 1999 , and complete a minimum of 10 hours per month until completion fo CSR on or before January 31, 2000 . Perform CSR hours at an approved community service project designated by the CSCD. A processing fee of $50.00 payable to the Volunteer Center will/will not be required for referrals through the Volunteer Center.
(CHARLIE MANNING, JR did not begin community service hours as directed).

(m)   Make restitution in the amount of $600.00 for the loss sustained by the injured party. Payments are to be paid through the probation officer of this court at the rate of $25.00 per month. First payment is due on or before January 1, 1999 and a like payment is due on or before the first day of each month thereafter until paid in full.
(CHARLIE MANNING, JR failed to pay restitution as directed and is currently $275.00 ).

(n)   Reimburse Dallas County, Texas, in the amount of $886.25 for the services of a Court-appointed Attorney and fine and/or court cost. Payments are to be paid through the probation officer of this court at the rate of $50.00 per month. First payment is due on or before January 1, 1999 and a like payment is due on or before the first day of each month thereafter until paid in full.
(CHARLIE MANNING, JR did not pay court-appointed attorney and fine and/or court costs as directed and is currently delinquent $550.00 ).

CAPIAS
PROBATION VIOLATION ~ *Bond amount*
*$100,000*

CAUSE NO.
F9815085J   F_____   F_____   F_____   F_____

THE STATE OF TEXAS

vs.

CHARLIE MANNING, JR                    )

CAPIAS ISSUED
) This 20th day of December  A.D.1999
) Honorable ROBERT FRANCIS
) Judge, Criminal District Court No 3

Defendant DSO #: 0765572      XX  AT LARGE         ____ IN CUSTODY
DATE OF BIRTH:    04/22/ 59              LAST KNOWN ADDRESS:
RACE: B      SEX: MALE        300B AUGUST DR
HAIR: BLK   EYES: BRO         DENTON, TX 76207
HT:  5'10"  WT: 175 lbs.

Offense: AGG THEFT OF PROPERTY

To any Sheriff or any Constable of the State of Texas:

YOU ARE HEREBY COMMANDED to take the body of CHARLIE MANNING, JR
who has been charged by indictment for a felony offense and placed on probation,
and him safely keep so that you have him before the Honorable Criminal District
Court No 3 of Dallas County, Texas at the Courthouse, thereof in the City of
Dallas, instanter, then and there to answer THE STATE OF TEXAS against the said
CHARLIE MANNING, JR                          for violation of the conditions of
probation in Cause No.:
F9815085J   F_____   F_____   F_____   F_____   F_____

State of Texas vs. CHARLIE MANNING, JR

HEREIN FAIL NOT, but have you then and there this Writ, showing how
you have executed the same.

Given under my official seal of said Court of Dallas County, Texas,
this 20th day of December  A.D. 1999.

ATTEST
Jim Hamlin, District Clerk
Dallas County, Texas

By _____
              Deputy

_____
Judge, Criminal District Court No 3
Dallas County, Texas

SHERIFF'S RETURN

Came to hand this _____ day of _____, A.D. 19 ____

_____

RETURNED on this _____ day of _____, A.D. 19 ____

Mileage  $_____        JIM BOWLES
                              Sheriff JIM BOWLES, Dallas County
Fees     $_____
Total    $_____        By _____ Deputy

No. F9815085J

THE STATE OF TEXAS                    CRIMINAL DISTRICT COURT NO 3
VS.                                   DALLAS COUNTY, TEXAS

CHARLIE MANNING, JR

        MOTION TO REVOKE PROBATION OR PROCEED WITH AN ADJUDICATION OF GUILT

COMES NOW the State of Texas by and through her Criminal District Attorney
and would show the Court the following:

That  CHARLIE MANNING, JR , Defendant was duly and legally placed on
probation in the above entitled and numbered cause in the Criminal District
Court No 3 of Dallas County, Texas, on the _3rd_ day of December_, 1998,
A.D. of the offense of

        AGGRAVATED THEFT OF PROPERTY, AS CHARGED IN THE INDICTMENT

That Defendant has violated the following conditions (b.d.i.l.m. & n) of
said probation in that
                        (SEE ATTACHED)

This violation occurred after _December 3, 1998_ and during the term of
probation.

WHEREFORE, the State prays that said Defendant be cited to appear before this
Honorable Court and show cause why his probation should not be revoked; and
that upon a final hearing, the probation heretofore granted said Defendant be
revoked.

This the 22nd day of _December_, A.D. 1999.

                        BILL HILL, District Attorney, Dallas County, Texas

                        BY: _____
                            ASSISTANT DISTRICT ATTORNEY

A copy of this motion was delivered to the Defendant on the _____ day of
_____, A.D. 19_____.

                        _____
                            COMMUNITY SUPERVISION OFFICER

I received a copy of this motion on the ____ day of _____ A.D. 1999.

                        _____
                        Defendant          ML#257934.030
************************  COMMUNITY SUPERVISION OFFICER
*     F I L E D        *
*                      *
*     JIM HAMLIN       *
*  DISTRICT  CLERK     *
*  DALLAS CO., TEXAS   *
*                      *
*                      *
*  _____     *
*      DEPUTY          *
************************
tc/mb

F9815085J
December 22, 1999

THE STATE OF TEXAS                    Criminal District Court No 3
VS.                                   DALLAS COUNTY, TEXAS

CHARLIE MANNING, JR

(b)  Avoid injurious or vicious habits, and do not use marijuana, narcotics,
     dangerous drugs, inhalants or prescription medication without first
     obtaining a prescription for said substances from a licensed physician;
     to include alcohol as a prohibited substance.
     (CHARLIE MANNING, JR submitted urinalysis on July 27, 1999 which
     tested positive for Cocaine).

(d)  Obey all the rules and regulations of the probation department, and
     report to the Probation Officer as directed by the Judge or Probation
     Officer; to-wit: WEEKLY, MONTHLY, TWICE MONTHLY
     (CHARLIE MANNING, JR failed to report to the probation officer as
     directed for the months of February through June and November 1999).

(j)  Pay a probation fee of $40.00 per month to the Probation Officer of
     this Court on or before the first day of each month hereafter during
     probation;
     (CHARLIE MANNING, JR did not pay probation fees as directed and is
     currently delinquent $440.00 ).

(l)  Defendant will perform 120 hours of Community Service Restitution
     enroll and commence said CSR on/or before January 1, 1999 , and
     complete a minimum of 10 hours per month until completion fo CSR on or
     before January 31, 2000 . Perform CSR hours at an approved community
     service project designated by the CSCD. A processing fee of $50.00
     payable to the Volunteer Center will/will not be required for referrals
     through the Volunteer Center.
     (CHARLIE MANNING, JR did not begin community service hours as directed).

(m)  Make restitution in the amount of $600.00 for the loss sustained by
     the injured party. Payments are to be paid through the probation
     officer of this court at the rate of $25.00 per month. First payment
     is due on or before January 1, 1999 and a like payment is due on or
     before the first day of each month thereafter until paid in full.
     (CHARLIE MANNING, JR failed to pay restitution as directed and is
     currently $275.00 ).

(n)  Reimburse Dallas County, Texas, in the amount of $886.25 for the
     services of a Court-appointed Attorney and fine and/or court cost.
     Payments are to be paid through the probation officer of this court at
     the rate of $50.00 per month. First payment is due on or before
     January 1, 1999 and a like payment is due on or before the first day
     of each month thereafter until paid in full.
     (CHARLIE MANNING, JR did not pay court-appointed attorney and fine
     and/or court costs as directed and is currently delinquent $550.00 ).

CASE NUMBER F-9815085                                              DATE 101899
OFFENSE THEFT AGG 1,500                                            TIME 150915
REDUCED CHARGE

THE STATE OF TEXAS VS.
DEF MANNING CHARLIE JUNIOR                RACE B SEX M DOB 042259
BNO 98062347
DISPOSED BY

SENTENCE
  3 YRS TO STATE JAIL PROBATED                    APPEAL

    SPECIAL CONDITION                             MNT


    $       700.00 FINE  $       186.25 COST          SENTENCE TO BEGIN  000000
ADDITIONAL CREDIT FOR TIME SERVED

REMARKS   101899 DEFT NOT IN JAIL; PROB VIOL MTN WITHDRAWN;DEFT CONT ON PROB

  RETURN ANY WARRANTS ON THIS CASE ONLY

JIM HAMLIN
DISTRICT CLERK                        |        RELEASE INFORMATION
DALLAS COUNTY, TEXAS                  | REMARKS

BY KELLEY D                           |
   DEPUTY CLERK                       |

DATE: October 18, 19_____

CAUSE NO.: F98-15085J _____

THE STATE OF TEXAS                    Criminal District Court No 3
VS.                                   DALLAS COUNTY, TEXAS

Charlie Junior Manning

### STATE'S MOTION TO WITHDRAW ITS MOTION
### TO REVOKE PROBATION OR PROCEED TO AN ADJUDICATION OF GUILT

**TO THE HONORABLE JUDGE OF SAID COURT:**
Comes now the District Attorney of Dallas County, Texas, by and through the
undersigned Assistant District Attorney, and in the above cause respectfully
requests the Court to allow the State to withdraw its Motion to Revoke
Probation or Proceed to an Adjudication of Guilt.

Respectfully submitted,
BILL HILL, DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

By: _____
       Assistant District Attorney


### ORDER

The foregoing State's Motion to Withdraw its Motion having been
presented to the Court, same is hereby in all things granted, and the
Defendant is continued on probation.

_____
JUDGE, CRIMINAL DISTRICT COURT NO 3


ML#257934

BAIL BOND
THE STATE OF TEXAS COUNTY OF DALLAS ⌐ _Warrant_
VS

_Charlie Manning Jr_

RACE: B            SEX: M            DOB: 4-22-59

MISDEMEANOR ____            FELONY X

JUDGE    :                    BNO    #
DATE     : 7-26-99           CASE   # F98-15085-J

KNOW ALL MEN BY THESE PRESENTS: THAT WE, _Charlie Manning Jr_, AS PRINCIPAL, AND
UNDERSIGNED __SUPERIOR BONDING__, AS SURETY, ARE HELD FIRMLY BOUND UNTO THE STATE OF
TEXAS IN THE PENAL SUM OF _Fifteen hundred_ DOLLARS ($ _1500_) AND IN ADDITION
THERETO, WE ARE BOUND FOR THE PAYMENT OF ALL FEES AND EXPENSES THAT MAY BE INCURRED BY
ANY PEACE OFFICER IN REARRESTING THE SAID PRINCIPAL IN THE EVENT ANY OF THE STATED
CONDITIONS OF THIS BOND ARE VIOLATED FOR THE PAYMENT OF WHICH SUM OR SUMS WILL AND
TRULY TO BE MADE, WE DO BIND OURSELVES, AND EACH OF US, OUR HEIRS, EXECUTORS, AND
ADMINISTRATORS, JOINTLY AND SEVERALLY., THE CONDITION OF THIS BOND IS THAT THE
DEFENDANT HAS BEEN CHARGED WITH _P/V Theft_ AND TO SECURE HIS RELEASE
FROM CUSTODY IS ENTERING INTO THIS OBLIGATION BINDING HIM TO MAKE A PERSONAL APPEARANCE
(INSTANTER) BEFORE COURT TO WHICH THE SAME MAY BE TRANSFERRED AND BASED ON SAID CHARGE.
HABEAS CORPUS WITH WRIT-THAT IS SAID PRINCIPAL SHALL WELL AND TRULY APPEAR IN THE
____ COURT OF DALLAS, TEXAS, ____ AM., ON THE ____ DAY OF _Inst_, A.D.19 ____
IN THE COURTROOM OF SAID COURT, IN THE COURTHOUSE IN THE CITY OF DALLAS, DALLAS COUNTY,
TEXAS PURSUANT TO THE ORDER OF THE JUDGE THIS DAY MADE, GRANTING A WRIT OF HABEAS CORPUS
ON APPLICATION OF SAID PRINCIPAL, IT HAVING BEEN CALLED TO HIS ATTENTION THAT SAID
PRINCIPAL IS RESTRAINED OF HIS LIBERTY BY A PEACE OFFICER OF DALLAS COUNTY, TEXAS, UNDER
ACCUSATION OF SAID CHARGE AGAINST THE LAWS OF THE STATE OF TEXAS, SAID WRIT BEING
DEPART THERE FROM WITHOUT LEAVE OF SAID COURT, PENDING EXAMINATION OF AND HEARING OF
SAID WRIT, INORDER TO ABIDE FINAL DETERMINATION THEREOF BY SAID COURT.

I, __VICTOR F. MONTOYA__, DO SWEAR THAT I AM WORTH AT LEAST THE SUM OF _3000_
DOLLARS, AFTER DEDUCTING FROM MY PROPERTY ALL THAT WHICH IS EXEMPT BY THE CONSTITUTION
AND LAWS OF THE STATE FROM FORCED SALE, AND AFTER PAYMENT OF ALL BY DEBTS, WHETHER
INDIVIDUAL OR SECURITY DEBTS, AND AFTER SATISFYING ALL ENCUMBRANCES UPON MY PROPERTY
WHICH ARE KNOWN TO ME, AND THAT I RESIDE IN __DALLAS__ COUNTY AND HAVE PROPERTY
IN THIS STATE LIABLE TO EXECUTION WORTH SAID AMOUNT, OR MORE, AND THAT I PERSONALLY SIGNED
MY NAME AS SURETY TO THIS BOND. I FURTHER SWEAR THAT THERE ARE NO OUTSTANDING JUDGEMENTS
IN DALLAS COUNTY TEXAS, OR ELSEWHERE AGAINST THE AFFIANT AND THAT THE AFFIANT MAKES THIS
STATEMENT FOR THE EXPRESS PURPOSE OF INDUCING THE APPROVAL AND ACCEPTANCE OF SAID BOND
WITH HIMSELF AS A SURETY THEREON, WELL KNOWING, BELIEVING AND INTENDING THAT THE MAKING
OF THIS STATEMENT WILL INDUCE THE OFFICIAL CHARGED WITH THE DUTY OF ACCEPTING AND
APPROVING SAID BOND TO ACCEPT AND APPROVE THE SAME, AND THAT ALL STATEMENTS HEREIN
ARE TRUE, SO HELP ME GOD.

PRINCIPAL
ADDRESS 3000 Augusta Dr #B
CITY Denton    ST TX    ZIP 76207
PHONE 940-320-1007

JAILER                AGENCY

TAKEN AND APPROVED BY ME THIS
26 DAY OF July    19 99.
JIM BOWLES, SHERIFF DALLAS COUNTY

BY ____ DEPUTY

SYLVIA R. GOMEZ
Notary Public, State of Texas
My Commission Expires
MAR. 3, 2000

AFFIANT-SURETY
ADDRESS 230 S. INDUSTRIAL BLVD.
CITY DALLAS    ST TEXAS ZIP 75207
PHONE (214) 747-1166

SWORN TO AND SUBSCRIBED BEFORE ME, ON
THIS THE 26 DAY OF July, 19 99

NOTARY PUBLIC IN AND FOR DALLAS CO. TEX

BONDSMAN ACCOUNT # 645    5256

 

44-4/464 off-06-22-98

NO BOND: ___    BOND AMOUNT $ 1500
PER JI66
726-49

**CAUSE NO. F98-15085J**
**CAUSE NO. F_____**    ⊪34902

THE STATE OF TEXAS

vs.

CHARLIE JUNIOR MANNING
Defendant   DSO #: 0765572
DATE OF BIRTH: 04/22/59
RACE: B  X MALE _ FEMALE
HAIR: BLACK_   EYES: BROWN
HT:   5'10"   WT: 175 lbs.
Offense: THEFT PROPERTY AGG/$1500

)      **CAPIAS ISSUED**
) This _14_ day of MAY_____ A.D. 1999
) Honorable ROBERT FRANCIS_____
) Judge, Criminal District Court NO.3
) TX 2341368
    LAST KNOWN ADDRESS:    **At Large**
    1306 WOODLAWN AVENUE_____
    DALLAS, TEXAS 75208_____

To any Sheriff or any Constable of the State of Texas:
**YOU ARE HEREBY COMMANDED** to take the body of
CHARLIE JUNIOR MANNING_____ who has been charged by indictment for a
felony offense and placed on probation, and him safely keep so that you
have him before the Honorable ROBERT FRANCIS, Criminal District Ct.No.3
Dallas County, Texas at the Courthouse, thereof in the City of Dallas,
instanter, then and there to answer **THE STATE OF TEXAS** against the said
CHARLIE JUNIOR MANNING_____ for violation of the conditions of
probation in Cause No. F98-15085J _____  _____
       CAUSE NO. F_____   _____  _____

State of Texas vs. CHARLIES JUNIOR MANNING_____

**HEREIN FAIL NOT**, but have you then and there this Writ, showing how
you have executed the same.
     Given under my official seal of said Court of Dallas County, Texas,
        this _14_ day of _MAY____ A.D. 1999.


ATTEST
  Bill Long, District Clerk    Judge, ROBERT FRANCIS_____
Dallas County, Texas    District Court No.3 Dallas County, Texas
By_____
   Deputy

            **SHERIFF'S RETURN**

Came to hand this __14__ day of _May_____,

POSTED BOND

RETURNED on this __26__ day of _July_____,
Mileage   $_____
Fees      $_____    Sheriff J. BOWLES_____
Total     $_____    By _____

| | DATE | BY |
|---|---|---|
| I.D. | 5/14/99 | SA |
| Assign | 15-18 | AW |
| Canx | | |
| WRAW | | |
| TCIC | | |
| NCIC | | |
| A&R | | |
| | | County Deputy |

CONDITIONS OF BOND

THE STATE OF TEXAS                 IN THE CRIMINAL DISTRICT COURT NO.3
                                        DALLAS COUNTY, TEXAS
VS.

Charlie Manning Jr.

CAUSE NO.  F98-15085J


It is the order of the Court that you comply with the following Conditions of Bond:

(a)  Report to the Dallas County Community Supervision and Corrections
     Department as directed by the Judge, to-wit:  **WEEKLY beginning 7/27/99**
at      10:30

(b)  Submit a urine sample on demand to the supervision officer of this court
     to determine the use of controlled substances.


Witness our Signatures this ___22___ day of ___July___ __1999___.


_____          _____
            Defendant                               Judge
C- 257934

                                         _____
                                             Supervision Officer

## CAPIAS

### PROBATION VIOLATION

NO BOND: _____   BOND AMOUNT $_____

CAUSE NO. F98-15085J  _____  _____  _____

CAUSE NO. F_____  _____  _____  _____

THE STATE OF TEXAS )                    **CAPIAS ISSUED**
                   ) This __14__ day of **MAY**_____ A.D. 1999
vs.                ) Honorable **ROBERT FRANCIS**_____
                   ) Judge, Criminal District Court NO.3
**CHARLIE JUNIOR MANNING**_____ )
Defendant  DSO #: **0765572**
DATE OF BIRTH: **04/22/59**
RACE: **B**  **X** MALE  _ FEMALE          LAST KNOWN ADDRESS:          **At Large**
HAIR: **BLACK**  EYES: **BROWN**           **1306 WOODLAWN AVENUE**_____
HT:  **5'10"**  WT: **175** lbs.           **DALLAS, TEXAS 75208**_____
Offense:  **THEFT PROPERTY AGG/$1500**_____

To any Sheriff or any Constable of the State of Texas:
YOU ARE HEREBY COMMANDED to take the body of
**CHARLIE JUNIOR MANNING**_____ who has been charged by indictment for a
felony offense and placed on probation, and him safely keep so that you
have him before the Honorable **ROBERT FRANCIS**, Criminal District Ct.No.3
Dallas County, Texas at the Courthouse, thereof in the City of Dallas,
instanter, then and there to answer THE STATE OF TEXAS against the said
**CHARLIE JUNIOR MANNING**_____ for violation of the conditions of
probation in Cause No. **F98-15085J**_____  _____  _____
         CAUSE NO. F_____  _____  _____  _____

State of Texas vs. **CHARLIES JUNIOR MANNING**_____

HEREIN FAIL NOT, but have you then and there this Writ, showing how
you have executed the same.
         Given under my official seal of said Court of Dallas County, Texas,
         this __14__ day of **MAY**____ A.D. 1999.

ATTEST
Bill Long, District Clerk      Judge, **ROBERT FRANCIS**_____
Dallas County, Texas      District Court **No.3** Dallas County, Texas
By_____
     Deputy

                        **SHERIFF'S RETURN**

Came to hand this _____ day of _____, A.D. 19 ____

_____

_____

RETURNED on this _____ day of _____, A.D. 19 ____
Mileage  $_____
Fees     $_____          Sheriff **J. BOWLES**_____ County
Total    $_____          By _____ Deputy

NO. F98-15085-J
THE STATE OF TEXAS

CRIMINAL DISTRICT COURT NO.3

VS.

DALLAS COUNTY, TEXAS

CHARLIE JUNIOR MANNING

APRIL TERM 1999

### MOTION TO PROCEED WITH AN ADJUDICATION OF GUILT

COMES NOW the State of Texas by and through her Criminal District Attorney and would show the Court the following:

That **CHARLIE MANNING**__, defendant was duly and legally placed on probation for a period of __3__ years in the above entitled and numbered cause in Criminal District Court No. 3 of Dallas County, Texas, on the __3__ day of **DECEMBER**__, **1998**, for the offense of:

**THEFT/PROPERTY/AGG/$1,500
AS INCLUDED IN THE INDICTMENT**

That the Defendant has violated the following conditions __d,i,l,m,n_____ of said probation in that
·(SEE ATTACHED)

This violation occurred after __12-3-98_____ and during the term of probation.

Wherefore, the State prays that said Defendant be cited to appear before this Honorable Court and show cause why the Court should not proceed with an adjudication of guilt on the original charge.

This the __14__day of ___MAY_____A.D. 1999.

THE STATE OF TEXAS          BILL HILL, District Attorney, Dallas County, Texas

OPPOSES BOND                 BY: _____
                                 ASSISTANT DISTRICT ATTORNEY


A copy of this motion was delivered to the Defendant on the ____day of
_____, A.D. 1999 .

_____
COMMUNITY SUPERVISION OFFICER

I received a copy of this motion on the _____day of _____
A.D. 1999.

_____
Defendant ML#257934 Pro03.010

```
**********************
*                    *
*     F I L E D      *
*                    *
*     JIM HAMLIN     *
*    DISTRICT/CLERK  *
*   DALLAS CO., TEXAS *
*                    *
*                    *
*_____   *
*      DEPUTY        *
**********************
```
rf/WL

NO. F98-15085-J
Deferred Motion

THE STATE OF TEXAS                    CRIMINAL DISTRICT COURT NO. 3

VS.                                   DALLAS COUNTY, TEXAS

CHARLIE JUNIOR MANNING                APRIL TERM 1999


(d)   OBEY ALL THE RULES AND REGULATIONS OF THE PROBATION
      DEPARTMENT, AND REPORT TO THE PROBATION OFFICER AS
      DIRECTED BY THE JUDGE OR PROBATION OFFICER; TO-WIT:MONTHLY
      (CHARLIE J. MANNING did not report to the probation officer as
      directed for the months of February, March, April 1999.)

(j)   PAY A PROBATION FEE OF $40.00 PER MONTH TO THE PROBATION
      OFFICER OF THIS COURT ON/OR BEFORE THE FIRST DAY OF EACH MONTH
      HEREAFTER DURING PROBATION.
      (CHARLIE J. MANNING did not pay probation fees as directed and is
      currently delinquent $120.00 .)

(l)   DEFENDANT WILL PERFORM 120 HOURS OF COMMUNITY SERVICE
      RESTITUTION ENROLL AND COMMENCE SAID CSR ON/OR BEFORE
      1-1-99 AND COMPLETE A MINIMUM OF 10 HOURS PER MONTH UNTIL
      COMPLETION OF CSR ON/OR BEFORE 1-31 , 2000. PERFORM
      CSR HOURS AT AN APPROVED COMMUNITY SERVICE PROJECT DESIGNATED
      BY THE CSCD. A PROCESSING FEE OF $50.00 PAYABLE TO THE
      VOLUNTEER CENTER WILL/WILL NOT BE REQUIRED FOR REFERRALS
      THROUGH THE VOLUNTEER CENTER.
      (CHARLIE J. MANNING has failed to perform 120 hours of Community
      Service Restitution hours at 10 hours per month. Probationer
      has failed to begin his Community Service Restitution hours.)

(m)   MAKE RESTITUTION IN THE AMOUNT OF $600.00 FOR THE LOSS
      SUSTAINED BY THE INJURED PARTY. PAYMENTS ARE TO BE PAID
      THROUGH THE PROBATION OFFICER OF THIS COURT AT THE RATE OF
      $25.00 PER MONTH. FIRST PAYMENT IS DUE ON OR BEFORE
      1-1-99 AND A LIKE PAYMENT IS DUE ON/OR BEFORE THE FIRST
      DAY OF EACH MONTH THEREAFTER UNTIL PAID IN FULL.
      (CHARLIE J. MANNING did not pay restitution payments as directed
      and is currently delinquent $75.00 .)

(n)   REIMBURSE DALLAS COUNTY, TEXAS, IN THE AMOUNT OF $886.25
      FOR THE SERVICES OF A COURT-APPOINTED ATTORNEY AND FINE AND/OR
      COURT COST. PAYMENTS ARE TO BE PAID THROUGH THE PROBATION
      OFFICER OF THIS COURT AT THE RATE OF $50.00 PER MONTH.
      FIRST PAYMENT IS DUE ON OR BEFORE 1-1-99 AND A LIKE PAYMENT
      IS DUE ON OR BEFORE THE FIRST DAY OF EACH MONTH THEREAFTER
      UNTIL PAID IN FULL.
      (CHARLIE J. MANNING did not pay restitution payments as directed
      and is currently delinquent $150.00 .)

FORM 7                          S T A T E   J A I L                     PROBATION
(REV. 09/01/94)
                          NO.        F-9815085-QJ

THE STATE OF TEXAS                              IN THE CRIMINAL DISTRICT
VS.                                             COURT 3                    OF
CHARLIE MANNING JUNIOR                          DALLAS COUNTY, TEXAS


                          DEFERRED ADJUDICATION ORDER

                                              OCTOBER    TERM, A.D., 1998

JUDGE PRESIDING:  ROBERT FRANCIS                DATE OF ORDER:   12/03/98

ATTORNEY                         ATTORNEY
FOR STATE:   S MORTON            FOR DEFENDANT: NOEMI COLLIE

OFFENSE:            AGGRAVATED THEFT OF PROPERTY THE VALUE OF $1500 OR MORE
                   BUT LESS      THAN $20,000

         DEGREE:  STATE JAIL           DATE OFFENSE COMMITTED:   06/22/98

CHARGING
INSTRUMENT: INDICTMENT                  PLEA: GUILTY

TERMS OF PLEA BARGAIN
(IN DETAIL):      OPEN

PLEA TO ENHANCEMENT
PARAGRAPH(S):    N/A

FINDINGS ON
 DEADLY WEAPON,           NO FINDING
 BIAS OR PREJUDICE,
 AND/OR
 FAMILY VIOLENCE:

DATE COMMUNITY SUPERVISION
IMPOSED:           12/03/98                      COSTS: YES

PERIOD OF SUPERVISION:   3 YEARS            AND A FINE OF $700.00

FINE PROBATED:  YES                    RESTITUTION/REPARATION: YES

CONCURRENT UNLESS OTHERWISE SPECIFIED.   **


     ON THIS DAY, SET FORTH ABOVE THE ABOVE STYLED  AND NUMBERED  CAUSE  CAME
TO  TRIAL. THE STATE OF TEXAS AND DEFENDANT APPEARED BY AND THROUGH  THE  ABOVE
NAMED ATTORNEYS AND ANNOUNCED READY FOR TRIAL.  DEFENDANT APPEARED IN PERSON IN
OPEN COURT.   WHERE   DEFENDANT  WAS NOT  REPRESENTED  BY   COUNSEL,  DEFENDANT
KNOWINGLY,  INTELLIGENTLY,  AND VOLUNTARILY WAIVED THE RIGHT  TO  REPRESENTATION
BY COUNSEL. DEFENDANT, IN PERSON AND IN WRITING IN OPEN COURT WAIVED HIS  RIGHT
OF  TRIAL BY JURY WITH THE CONSENT AND APPROVAL OF HIS  ATTORNEY,  THE  ATTORNEY
FOR THE STATE, AND THE COURT.  WHERE SHOWN ABOVE THAT THE  CHARGING  INSTRUMENT
WAS BY INFORMATION INSTEAD OF INDICTMENT, THE DEFENDANT DID, WITH  THE  CONSENT
AND APPROVAL OF HIS ATTORNEY, WAIVE HIS RIGHT TO PROSECUTION  BY INDICTMENT AND

CB                                                      VOL. 467  PAGE 59

AGREE TO BE TRIED ON AN INFORMATION. ALL SUCH WAIVERS, AGREEMENTS AND CONSENTS WERE IN WRITING AND FILED IN THE PAPERS OF THIS CAUSE PRIOR TO THE DEFENDANT ENTERING HIS PLEA HEREIN. DEFENDANT WAS DULY ARRAIGNED AND IN OPEN COURT ENTERED THE ABOVE PLEA TO THE CHARGE CONTAINED IN THE CHARGING INSTRUMENT. AS SHOWN ABOVE, DEFENDANT WAS ADMONISHED BY THE COURT OF THE CONSEQUENCES OF SAID PLEA AND DEFENDANT PERSISTED IN ENTERING SAID PLEA, AND IT PLAINLY APPEARING TO THE COURT THAT DEFENDANT IS MENTALLY COMPETENT AND SAID PLEA IS FREE AND VOLUNTARY THE SAID PLEA WAS ACCEPTED BY THE COURT AND IS NOW ENTERED OF RECORD AS THE PLEA HEREIN OF DEFENDANT. DEFENDANT IN OPEN COURT IN WRITING HAVING WAIVED THE READING OF THE CHARGING INSTRUMENT. THE APPEARANCE, CONFRONTATION AND CROSS-EXAMINATION OF WITNESSES, AND AGREED THAT THE EVIDENCE MAY BE BY STIPULATION, CONSENTED TO THE INTRODUCTION OF TESTIMONY ORALLY, BY JUDICIAL CONFESSION, BY AFFIDAVITS, WRITTEN STATEMENTS OF WITNESSES AND ANY OTHER DOCUMENTARY EVIDENCE, SUCH WAIVER AND CONSENT HAVING BEEN APPROVED BY THE COURT IN WRITING AND FILED IN THE PAPERS OF THE CAUSE; AND, THE COURT HAVING HEARD DEFENDANT'S WAIVER OF THE READING OF THE CHARGING INSTRUMENT AS SHOWN ABOVE, DEFENDANT'S PLEA THERETO, THE EVIDENCE SUBMITTED, AND THE ARGUMENT OF COUNSEL IS OF THE OPINION FROM THE EVIDENCE SUBMITTED THAT THE EVIDENCE SUBSTANTIATES THE DEFENDANT'S GUILT OF THE OFFENSE SHOWN ABOVE AND THAT THE OFFENSE WAS COMMITTED BY SAID DEFENDANT ON THE DATE SET FORTH ABOVE. THE COURT FURTHER MAKES ITS FINDINGS AS TO DEADLY WEAPON, FAMILY VIOLENCE, BIAS OR PREJUDICE, AND RESTITUTION OR REPARATION AS SET FORTH ABOVE.

AND WHEN SHOWN ABOVE THAT THERE WAS A PLEA BARGAIN AGREEMENT, THE DEFENDANT WAS INFORMED AS TO WHETHER THE COURT WOULD FOLLOW OR REJECT SUCH AGREEMENT AND IF THE COURT REJECTED SUCH AGREEMENT THE DEFENDANT WAS GIVEN AN OPPORTUNITY TO WITHDRAW HIS PLEA PRIOR TO ANY FINDING ON THE PLEA.

WHEN IT IS SHOWN ABOVE THAT RESTITUTION HAS BEEN ORDERED, BUT THE COURT DETERMINES THAT THE INCLUSION OF THE VICTIM'S NAME AND ADDRESS IN THE JUDGMENT IS NOT IN THE BEST INTEREST OF THE VICTIM, THE PERSON OR AGENCY WHOSE NAME AND ADDRESS IS SET OUT IN THIS JUDGMENT WILL ACCEPT AND FORWARD THE RESTITUTION PAYMENTS TO THE VICTIM.

AND WHEN IT IS SHOWN BELOW THAT PAYMENT OF THE COSTS OF LEGAL SERVICES PROVIDED TO THE DEFENDANT IN THIS CAUSE HAS BEEN ORDERED, THE COURT FINDS THAT THE DEFENDANT HAS THE FINANCIAL RESOURCES TO ENABLE THE DEFENDANT TO OFFSET SAID COSTS IN THE AMOUNT ORDERED.

THE COURT BEING OF THE OPINION THAT THE BEST INTERESTS OF SOCIETY AND THE DEFENDANT WILL BE SERVED BY DEFERRING FURTHER PROCEEDINGS WITHOUT ENTERING AN ADJUDICATION OF GUILT;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT THAT THE DEFENDANT BE AND HEREBY IS PLACED ON COMMUNITY SUPERVISION FOR A PERIOD OF TIME AS SHOWN ABOVE SUBJECT TO THE TERMS AND CONDITIONS OF COMMUNITY SUPERVISION IMPOSED BY LAW AND BY THE COURT AND SERVED UPON THE DEFENDANT. IT IS FURTHER ORDERED THAT THE DEFENDANT PAY THE FINE ASSESSED, IF ANY, UNLESS PAYMENT OF THE FINE HAS BEEN PROBATED, AS SHOWN ABOVE, COURT COSTS, COSTS AND EXPENSES OF LEGAL SERVICES PROVIDED BY THE COURT APPOINTED ATTORNEY IN THIS CAUSE, IF ANY, AND RESTITUTION OR REPARATION AS SET FORTH HEREIN.

CONDITIONS OF COMMUNITY SUPERVISION ARE ATTACHED HERETO AND ARE INCORPORATED FOR ALL PURPOSES AS A PART OF THIS JUDGMENT.

FOLLOWING THE DISPOSITION OF THIS CAUSE THE DEFENDANT'S FINGERPRINT WAS, IN OPEN COURT, PLACED UPON A CERTIFICATE OF FINGERPRINT. SAID CERTIFICATE IS ATTACHED HERETO AND IS INCORPORATED BY REFERENCE AS A PART OF THIS JUDGMENT.

COURT COSTS IN THE AMOUNT OF $186.25

RESTITUTION IN THE AMOUNT OF $ 600          TO BE PAID TO:
NAME:
ADDRESS:

REST NOT TO EXCEED $600

_____
JUDGE PRESIDING

CAUSE NO. F96-15085

**STATE OF TEXAS**

**VS.**

Charlie Junior Manning

FILED
DEC 3
BILL LONG
DIST. CLERK, DALLAS CO., TEXAS

Criminal

___ DISTRICT COURT #3

DALLAS COUNTY, TEXAS

## WAIVER OF JURY
### FELONY PLEA OF GUILTY / NOLO CONTENDERE /
### INDICTMENT / INFORMATION

Comes now the Defendant with the consent and approval of Defendant's attorney and does in person, in writing, and in open court, waive the right to trial by jury and requests the Court to consent to and approve this waiver.

_____
**Attorney for Defendant**

_____
**Defendant**

Comes now the undersigned attorney for the State and consents to and approves Defendant's waiver of jury.

_____
**Assistant District Attorney
Dallas County, Texas**

Comes now the Court and hereby consents to and approves Defendant's waiver of jury in this cause.

_____
**JUDGE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

☒ Not applicable.

### ORDER CHANGING NAME OF DEFENDANT (IF APPLICABLE)

Comes now the Defendant and suggests to the Court that Defendant's true name is other than that set forth in the charging instrument and requests that the charging instrument and all other papers in this cause be amended so that the Defendant's true name will hereinafter be shown to be:

_____.

_____
**Defendant**

**MOTION GRANTED. SO ORDERED.**

_____
**JUDGE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### DEFENDANT'S WAIVERS AND JUDICIAL CONFESSION

Comes now the Defendant in open Court in the above entitled and numbered cause represented by Defendant's attorney with whom Defendant has previously consulted and makes the following voluntary statement:

1. That I am the person named in the charging instrument in this cause.

2. That I am mentally competent and that I understand the charge contained in the charging instrument in this cause and enter my plea as set forth herein.

3. That I have been advised as to the consequences of a plea of guilty or nolo contendere including the minimum and maximum punishment provided by law and that any recommendation of the prosecuting attorney as to the punishment is not binding on the Court.

4. That I understand that I have the right to a trial by a jury whether I plead "guilty", "not guilty" or "nolo contendere".

5. That I have the right to remain silent but if I choose not to remain silent, anything I may say can be used against me.

6. That I have the right to be confronted with the witnesses against me whether I have a trial before the Court or the jury.

7. That I have the right to be tried on an indictment returned by a grand jury.

However, I desire to waive and do waive the following rights:

1. I waive the right to be prosecuted by a Grand Jury Indictment and announce my election and consent to be charged by an Information, where trial is not by Indictment.

2. I waive any defect, error or irregularity of form or substance in the charging instrument.

3. I waive arraignment and the reading of the charging instrument.

4. I waive my right to remain silent and state that I will testify and make a judicial confession of my guilt knowing anything I may say can be used against me.

5. I waive in writing and in open court the appearance, confrontation and cross-examination of witnesses, and I further consent to an oral or written stipulation of the evidence and testimony and I agree to the introduction of testimony by affidavit, written statements of witnesses, a judicial confession and any other documentary evidence.

6. I waive any additional time for arraignment or preparation for trial, and I waive the right to a 10 day waiting period for trial after the appointment of counsel (if counsel appointed) and announce ready for trial.

THE STATE OF TEXAS

Vs.

Charlie Junior Manning

CAUSE NO. F98-15085QJ

_____

_____

_____

CONDITIONS OF PROBATION
IN THE CRIMINAL DISTRICT COURT NO.3

DALLAS COUNTY, TEXAS

OcT_____TERM 199_____

REGULAR PROBATION _____

DEFERRED ADJUDICATION XX

SHOCK PROBATION _____

STATE JAIL FELONY XX

BOOT CAMP _____

In accordance with the authority conferred by the Adult Probation and Parole Law of the State of Texas, you have been placed on probation on this date 12-3-98 for a period of 2 years. It is the order of this Court that you comply with the following conditions of probation:

(a) Commit no offense against the laws of this or any other State or the United States, and do not possess a firearm during the term of probation;

(b) Avoid injurious or vicious habits, and do not use marijuana, narcotics, dangerous drugs, inhalants or prescription medication without first obtaining a prescription for said substances from a licensed physician;

(c) Avoid persons or places of disreputable or harmful character and do not associate with individuals who commit offenses against the laws of this or any other State or the United States;

(d) Obey all the rules and regulations of the probation department, and report to the Probation Officer as directed by the Judge or Probation Officer; to-wit: WEEKLY, MONTHLY, TWICE MONTHLY

(e) Permit the Probation Officer to visit you at your home or elsewhere, and notify the Probation Officer not less than twenty-four (24) hours prior to any changes in your home or employment address;

(f) Work faithfully at suitable employment as far as possible, and seek the assistance of the probation officer in your efforts to secure employment when unemployed;

(g) Remain within a specified place; to-wit:Dallas County, Texas, and do not travel outside Dallas County, Texas, without first having obtained written permission from the Court;

(h) Pay Court cost and fine, if one be assessed, in one or several sums to the District Clerk of Dallas County, Texas;

(i) Support your dependents;

(j) Pay a probation fee of $40.00 per month to the Probation Officer of this Court on or before the first day of each month hereafter during probation;

PAGE 1 of 3

7. I waive the right to a pre-sentence investigation and report and request that none be made. If a pre-sentence report has been made, I agree that the Court might review it concerning punishment.

8. I further understand that where there is a plea bargain agreement and the punishment assessed by the Court does not exceed the agreed recommendation, I do not have the right to appeal without permission of the Court, except for those matters raised by written motions filed and presented to the Court prior to trial.

I do further admit and judicially confess that I am the person named in the charging instrument and that I understand the charge contained therein and:

_____✓_____ I am GUILTY of the offense of    THEFT OF PROPERTY OF THE VALUE OF $1500.00
OR MORE BUT LESS THAN $20,000.00 *Aggregated*

exactly as alleged in the charging instrument including any amendments or modifications thereto and I confess that I did unlawfully commit the said offense in Dallas County, Texas on the _22nd_ day of ___June 98___ , 1998 ;

**OR**

_____ I plead NOLO CONTENDERE to the offense of THEFT OF PROPERTY OF THE VALUE OF $1500.00 OR MORE BUT LESS THAN $20,000.00 *Aggregated*

*aggravated theft of property the value of $1500 for more but less than $20,000*

exactly as alleged in the charging instrument including any amendments or modifications thereto and understand and agree *therewith* that the Court can consider the evidence and stipulation of testimony in determining guilt;

and I further state that my plea is made freely and voluntarily and is not influenced by any consideration of fear or any persuasion or any delusive hope of pardon, and I request the Court to consider probating any sentence imposed.

I further understand that in the event that I am convicted, unless I waive the right to appeal or am precluded from appeal by acceptance of a plea bargain agreement that is followed by the Court, as set out in paragraph 8 herein, I have the legal right of appeal and also the right to be represented on appeal by an attorney of my choice, or if I am indigent and unable to pay for such attorney or the record on appeal the Court will, without expense to me, provide an attorney and a proper record on appeal.

I agree that the Court may consider my judicial confession as evidence in this case.

I understand that if I am not a citizen of the United States of America a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under Federal law.

Having read all of the above waivers, consents, agreements and statements and having had them explained to me by my attorney, I now request the Court to accept them and I state that they are made voluntarily, knowingly, and intelligently and I further state that the statements contained in my judicial confession are true and correct. This the _3_ day of _December_ 19 98 .

_____         _____
Witnessed                                              Defendant

**ATTORNEY FOR DEFENDANT**

I have consulted with the Defendant concerning the plea in this case and I have advised the Defendant of the Defendant's rights and the charge to which the Defendant is pleading. I believe the Defendant to be competent and approve and agree to the waivers, agreements and statements that the Defendant has signed herein. I agree and consent to the waiver of indictment if prosecution by information, waiver of defects in charging instrument, agreement to stipulate testimony, waiver of additional time for arraignment or 10 days to prepare for trial, waiver of arraignment, waiver of jury trial and I ask the Court to accept said waivers and agreements and I announce ready for trial and enter Defendant's plea of GUILTY / NOLO CONTENDERE before the Court.

_12/3/98_                                        _____
Date                                                 Attorney for Defendant
                                                        State Bar No. _04589100_

**ATTORNEY FOR STATE**

Before the entry of the Defendant's plea herein, the above requests, waivers, agreements and stipulations are hereby consented to and approved by me, the attorney representing the State.

_12-3-98_                                        _Suzanne Martin_
Date                                                 Assistant District Attorney
                                                        Dallas County, Texas
                                                        State Bar No. _00791319_

**JUDGE**

It clearly appearing to the Court that the Defendant is mentally competent and is represented by competent counsel and that said Defendant understands the nature of the charge against the Defendant and that the Defendant has been warned by the Court of the consequences of the plea entered herein including the minimum and maximum punishment provided by law, that the Defendant, attorney for Defendant and the attorney for the State consent to and approve the waiver of trial by jury and agreement to stipulate the testimony in this case, the Court, therefore, finds such plea, and all waivers, agreements, and consents contained herein to be freely and voluntarily made and accepts the Defendant's plea and approves the consent to stipulate testimony.

_DEC 3 1998_                                    _____
Date                                                 JUDGE

THE STATE OF TEXAS                    CRIMINAL DISTR COURT NO.3

VS. Charlie Junior Manning            DALLAS COUNTY, TEXAS

CAUSE NUMBER F98-15085QJ

(K)  THE DEFENDANT WILL REPORT TO THE FRANK CROWLEY BUILDING, 133 NO.
     INDUSTRIAL BOULEVARD, 9TH FLOOR, DALLAS, TEXAS 75207 ON 12-14-98
     1998 AT 11:00 AM FOR A POST INTERVIEW.

( )  PAY A FINE AND/OR COURT COST IN THE AMOUNT OF $_____ THROUGH
     THE PROBATION OFFICER OF THIS COURT AT THE RATE OF $_____ PER
     MONTH. FIRST PAYMENT IS DUE ON/OR BEFORE _____ AND A LIKE
     PAYMENT IS DUE ON/OR BEFORE THE FIRST DAY OF EACH MONTH THEREAFTER
     UNTIL PAID IN FULL.

( )  EFFECTIVE _____ THROUGH _____, DO NOT OPERATE A MOTOR
     VEHICLE UNLESS IT IS EQUIPPED WITH A DEEP LUNG BREATH ANALYSIS
     MECHANISM APPROVED BY THE TEXAS DEPARTMENT OF PUBLIC SAFELY.

(L)  DEFENDANT WILL PERFORM 120 HOURS OF COMMUNITY SERVICE RESTITUTION
     ENROLL AND COMMENCE SAID CSR ON/OR BEFORE 1-1-, 1999 AND
     COMPLETE A MINIMUM OF 10 HOURS PER MONTH UNTIL COMPLETION OF CSR ON/OR
     BEFORE 1-31-2000, 1999. PERFORM CSR HOURS AT AN APPROVED
     COMMUNITY SERVICE PROJECT DESIGNATED BY THE CSCD. A PROCESSING FEE OF
     $50.00 PAYABLE TO THE VOLUNTEER CENTER WILL/WILL NOT BE REQUIRED FOR
     REFERRALS THROUGH THE VOLUNTEER CENTER.

(M)  MAKE RESTITUTION IN THE AMOUNT OF $ 600.00 FOR THE LOSS
     SUSTAINED BY THE INJURED PARTY. PAYMENTS ARE TO BE PAID
     THROUGH THE PROBATION OFFICER OF THIS COURT AT THE RATE OF
     $ 25.00 PER MONTH. FIRST PAYMENT IS DUE ON OR BEFORE
     1-1-1999 AND A LIKE PAYMENT IS DUE ON/OR BEFORE THE FIRST
     DAY OF EACH MONTH THEREAFTER UNTIL PAID IN FULL.    # 886.25

(N)  REIMBURSE DALLAS COUNTY, TEXAS, IN THE AMOUNT OF $ ~~886.25~~ Jmn
     FOR THE SERVICES OF A COURT-APPOINTED ATTORNEY AND FINE AND/OR
     COURT COST. PAYMENTS ARE TO BE PAID THROUGH THE PROBATION
     OFFICER OF THIS COURT AT THE RATE OF $ 50.00 PER MONTH.
     FIRST PAYMENT IS DUE ON OR BEFORE 1-1-1999 AND A LIKE PAYMENT
     IS DUE ON OR BEFORE THE FIRST DAY OF EACH MONTH THEREAFTER
     UNTIL PAID IN FULL.

( )  COMPLY WITH THE DIRECTIVES OF THE SPECIAL SUPERVISION UNIT
     CONDUCTED BY THE DALLAS COUNTY C.S.C.D. REMAIN IN SAID
     UNIT FOR NOT LESS THAN 180 DAYS.

( )  THE DEFENDANT WILL OBTAIN A GENERAL EQUIVALENCY DIPLOMA
     (G.E.D.) COMMENCE ON OR BEFORE _____ AND COMPLETE SAID G.E.D.
     ON OR BEFORE _____.

( )  THE DEFENDANT WILL SUBMIT TO URINALYSIS AT THE REQUEST OF A PROBATION
     OFFICER TO DETERMINE ILLICIT DRUG USE.

( )  THE DEFENDANT WILL HAVE NO CONTACT WITH THE COMPLAINANT
     _____ DURING THE TERM OF PROBATION.
                                        PAGE 2 of 3

THE STATE OF TEXAS        CRIMINAL DISTRI( COURT NO.3

vs. _Charlie Junior Manning_      DALLAS COUNTY, TEXAS

CAUSE NUMBER _F98-15083SQ_

( )   SUBMIT TO A PERIOD OF DETENTION IN _____ FOR A TERM OF
       _____ DAYS, STARTING _____.

( )   WITHIN FIFTEEN (15) OR FORTY-FIVE (45) DAYS, THE DEFENDANT
       SHALL SEEK _____ THROUGH AN AGENCY
       APPROVED BY THIS COURT, WHICH OFFERS SAID SERVICES, SUCH AS
       _____. IF _____ IS DEEMED
       NECESSARY, THE DEFENDANT SHALL ABIDE BY ANY AND ALL TREATMENT
       DIRECTIVES,COMPLY WITH THE RULES AND REGULATIONS OF THE
       APPROVED AGENCY, PAY ALL COSTS INCURRED FOR SUCH SERVICES AND
       CONTINUE IN SAID TREATMENT UNTIL RELEASED BY THIS COURT.

( )   COMPLETE A DRUG/ALCOHOL EDUCATION PROGRAM WITHIN 181 DAYS.

(O)   THE DEFENDANT WILL REPORT IMMEDIATELY AFTER THE POST SENTENCE
       INTERVIEW TO THE COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT
       COMPREHENSIVE ASSESSMENT AND TREATMENT SERVICES PROGRAM (C.A.T.S.);
       PARTICIPATE IN C.A.T.S. BY OBEYING ALL PROGRAM INSTRUCTION AND/OR
       TREATMENT FOR SUBSTANCE ABUSE OR MENTAL HEALTH; AND CONTINUE WITH SUCH
       ADHERENCE UNTIL RELEASE IS GRANTED BY THE PROGRAM OR THE COURT.

      You are hereby advised that under the law of this state, the Court
shall determine the terms and conditions of your probation, and may at any
time during the period of probation, alter or modify the conditions of your
probation. The Court also has the authority at any time during the period
of probation to revoke your probation, or proceed to adjudication, for
violation of any of the conditions of your probation set out above.

Witness our signatures this 3ᴿᴰ day of _DEC_ 1998

_____     _____
    Probationer                 Judge
    ML#

                      _____
                      Probation Officer

Cause No. F98-15085-QJ

THE STATE OF TEXAS
V.

*Charlie Junior Manning*

IN THE ___
DISTRICT COURT #3
DALLAS COUNTY, TEXAS

FILED
DEC 8 1998
BILL LONG
DIST. CLERK, DALLAS CO., TEXAS
_____ DEPUTY

## PLEA BARGAIN AGREEMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes now Defendant, Counsel for Defendant, and Counsel for State herein and would show that a plea bargain agreement has been entered into between the undersigned, and that under the terms of said agreement both sides agree they will waive their right to a jury trial and agree to and recommend the following:

Defendant will plead ___✓___ guilty ___✗___ nolo contendere

Defendant will testify _____ will not testify ___✓___

_____ confinement in Penitentiary for _____ years.

___✓___ confinement in [State Jail] [~~County Jail~~] for _____ [~~days~~]
___2___ [years]

___✓___ fine $ __700__

_____ **NO PROBATION**

___✓___ **PROBATION TO BE GRANTED FOR ___3___ years** subject to all the terms and conditions imposed by the trial court.
Further, the judge, as provided by Article 42.12, Sec. 11 & 15 V.A.C.C.P., may at any time during the period of probation alter or modify the conditions.

_____ confinement in [State Jail] [County Jail] for _____ days as a condition of Probation.

_____ supervised work or community service for _____ hours as required by Article 42.12, Sec. 16 V.A.C.C.P.

_____ **SHOCK PROBATION TO BE GRANTED** _____ days after sentence, subject to good behavior of defendant in the Penitentiary.

_____ participation in **SPECIAL ALTERNATIVE INCARCERATION PROGRAM.**

Conviction to be as follows:

*Open for Deferred*
_____ Felony
~~_____~~ Non-conviction Deferred Probation

_____ Misdemeanor
*Not to exceed $600.* Restitution

_____ No credit for back time served

Defendant's back time date is:_____

Additional provisions of the agreement are: *Restitution for*
*Open for Deferred*                              *Broken Windows*

The undersigned certify they have read the terms of the above agreement and that it fully contains all the provisions of said agreement.

**JOHN VANCE**
**DISTRICT ATTORNEY**
**DALLAS COUNTY, TEXAS**

By _____
   **Assistant District Attorney**

_____
Defendant

_____
Counsel for Defendant

If a victim impact statement has been returned to the State, a copy of said statement shall be turned over to the Court by the State's attorney prior to the Court's acceptance of this plea.

Rev. 6/95                        _____

NO. F98 - 15085-QS

THE STATE OF TEXAS

VS.

Charlie Junior Manning

IN THE _____

DISTRICT COURT #-2 OF

DALLAS COUNTY, TEXAS

FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF MAGISTRATE
ORIGINAL PLEA

The above styled and numbered cause having been duly and legally referred to a magistrate for a hearing on a negotiated plea of guilty, nolo contendere or true, the following findings, conclusions and recommendations are hereby made by the magistrate for consideration by the District Judge:

FINDINGS:

ON THE ___3rd___ DAY OF ___December___, 19_98_.

__X__ Defendant appeared in open court with his/her attorney, the Honorable

Noemi A Collie .

_____ Defendant in open court and in writing, and with the consent and approval of his/her attorney, waived his/her right to prosecution by indictment and agreed to be tried on an affidavit and information.

__X__ Defendant waived his/her right to trial by jury in person and in writing in open court, with the consent of the attorney for the State and approval of the Magistrate.

__X__ Defendant in open court and in writing waived the reading of the charging instrument, the appearance, confrontation and cross-examination of witnesses, and agreed that evidence may be stipulated, and consented to the introduction of testimony orally, by judicial confession, by affidavits, written statements of witnesses and any other documentary evidence. Such waiver and consent was approved by the Magistrate and filed with the papers of this cause.

__X__ Defendant was duly admonished of the consequences of entering his/her plea and as to the range of punishment involved herein.

__X__ Defendant pleaded guilty/nolo contendere/true to the offense of:

THEFT OF PROPERTY OF THE VALUE OF $1500.00
OR MORE BUT LESS THAN $20,000.00 AGGREGATED

_____.

__X__ Defendant was admonished according to Art. 26.13 of the Code of Criminal Procedure. (Non-Citizen)

THE EVIDENCE PROVES BEYOND A REASONABLE DOUBT AND THE MAGISTRATE FURTHER FINDS:

__X__ Defendant is mentally competent.

__X__ The judicial confession/stipulation admitted herein is sufficient in law to prove a prima facie case.

_____ Defendant used or exhibited a deadly weapon, to-wit: _____
_____ during the commission of or during immediate flight from the offense.

__X__ The offense was committed on the 22nd day of ___June___, 19_98_.

_____ The enhancement paragraph(s) alleged in the charging instrument are true.

__X__ Defendant found to have committed the offense as charged in the charging instrument.

_____ Defendant found to have committed an offense other than that charged in the charging instrument, to-wit: _____.

CONCLUSIONS:

__X__    Defendant entered his/her plea freely and voluntarily.

__X__    Defendant was not coerced or unlawfully pursuaded to enter his/her plea.

__X__    The plea bargain agreement should be followed.

__×__    Defendant, after being given a copy of the terms and conditions of probation, understood those terms and conditions.

RECOMMENDATIONS:

_____    Defendant be found not guilty.

_____    Defendant be found guilty of the offense of _____.

_____.

__×__    The finding of guilt and further adjudication be deferred and Defendant be placed on probation for a term of ____5____ years.

__×__    A fine of $ _700_ **AS A CONDITION OF PROBATION** be assessed.
                                    **STATE/COUNTY**

_____    Defendant be assessed confinement in the Dallas County Jail for a period of _____ days.

_____    Defendant be assessed imprisonment in the Texas Department of Corrections for _____ years.

_____    Probation be granted for a period of _____ years.

__×__    Restitution:  to be ~~determined/of~~ _NOT TO EXCEED_ $ _600.00_ be ordered.

__X__    Court costs be assessed.

_____    Grant Defendant's (waiver of 10 days to prepare) (waiver of indictment) (waiver of delay or arraignment).

_____    Enhancement paragraph(s) are true.

_____    A deadly weapon was used or exhibited.

ADDITIONAL RECOMMENDATIONS:

FILED
DEC 3 1998
BILL LONG
DIST. CLERK, DALLAS CO., TEXAS

SIGNED THIS _____ DAY OF ___DEC 3 1998___, 19____.

_____
MAGISTRATE

ORDER ADOPTING ACTIONS OF MAGISTRATE

    BE IT KNOWN that the Court has reviewed the actions taken by the Magistrate sitting for this Court in the above numbered and styled cause, which include all findings, conclusions and recommendations contained in this document; all orders contained on the docket sheet in this cause and within the papers filed in this cause; as well as any exhibits introduced into evidence in this cause.

    IT IS HEREBY ORDERED AND DECREED that the Court specifically adopts and ratifies the actions taken by Magistrate _____ on behalf of this Court in compliance with Subchapter D of Chapter 54 of the Texas Government Code and further GRANTS   DENIES   probation to Defendant.

SIGNED THIS THE _____ DAY OF _____, 19____.

_____
JUDGE

_____ District Court _____
Dallas County, Texas

NO. F98-15085-QJ

IN THE ___CDC___ DISTRICT

_____ OF TEXAS V. §

*Charlie Junior Manning* §

COURT OF DALLAS COUNTY, TEXAS

**FILED**

DEC 3 1998

CONSTITUTIONALLY LONG
DIST. CLERK DALLAS CO., TEXAS

BY _____ DEPUTY

### COURT'S ADMONITION OF STATUTORY AND CONSTITUTIONAL RIGHTS AND DEFENDANT'S ACKNOWLEDGEMENT

The Court hereby admonishes you of the following Statutory and Constitutional Rights prior to your entry of a plea of guilty/nolo contendere in this case pursuant to Article 26.13 of the Texas Code of Criminal Procedure and the Constitutions of Texas and the United States of America:

1. You are charged with the crime of *theft - $7,500 but < 20,000, State jail offense* THEFT OF PROPERTY OF THE VALUE OF $1500.00 *aggregated* OR MORE BUT LESS THAN $20,000.00

and the range of punishment is *180 to 2 years maximum* CONFINEMENT IN THE STATE JAIL FOR 180 DAYS TO 2 YEARS, AND AN OPTIONAL FINE NOT TO EXCEED $10,000.

_____ Defendant admonished as to punishment range by judge

2. Any recommendation as to what your punishment should be by the prosecuting attorney is not binding on the Court. I will follow the plea bargain agreement in this case, if there is one, unless evidence is presented that makes me unable to do so and, if so, I will tell you and allow you to withdraw your plea.

3. If judgment is rendered in this case and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by you and your attorney, in order to prosecute an appeal for a non-jurisdictional defect or error that occurred prior to the entry of the plea, the Notice of Appeal shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

4. If you are not a citizen of the United States of America, a plea of guilty or nolo contendere before me for the offense charged may result in your deportation, the exclusion from admission to this country, or a denial of naturalization under Federal Law.

5. If you have a court-appointed attorney, you have a right to have ten (10) days from the date your attorney was appointed to prepare for trial. You have a right to have two (2) entire days after being served a copy of the charging instrument to be arraigned unless you are on bond. You have a right to be tried on an indictment returned by grand jury.

6. If you receive deferred adjudication and a violation of probation occurs, you may be arrested, detained, and a hearing conducted, limited to the determination of whether the court should proceed to adjudication of guilt on the original charge or not. No appeal may be taken from this determination. If there is an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and your right to appeal continue as if the adjudication of guilt had not been deferred. If there is an adjudication of guilt, the full range of punishment would be applicable to your case.

_____
**JUDGE PRESIDING**

### ACKNOWLEDGMENT

I have read the above and foregoing admonitions by the Court regarding my rights. I understand the admonitions, and I understand and am aware of the consequences of my plea. Furthermore, my lawyer has explained to me all of the admonitions given by the Court in this document.

Signed this __3__ day of __Dec.__, 19 _98_.

_____
COUNSEL FOR DEFENDANT

Noemi A. Collie
PRINTED NAME OF COUNSEL

BAR CARD NO. 04879160

_____
DEFENDANT

Charlie Jr. Junior Manning
PRINTED NAME OF DEFENDANT

5-19-94

FORM 188-9     jae
DEFENDANT HANNING, CHARLIE JUNIOR    BM 042259    CHARGE THEFT AGG 1,500
AKA:
ADDRESS 1306 WOODLAWN AVE, DALLAS, TX    LOCATION BOND
FILING AGENCY TX0570200    DATE FILED June 25, 1998    COURT
COMPLAINANT FLORES, MIGUEL    F-9815085
C/C DARRON BLACKWALL

THE STATE OF TEXAS

VS.

*State's Exh. Nr. One*

*Charlie Manning*

CAUSE NO. F98-15085

Crim DISTRICT COURT #3

DALLAS COUNTY, TEXAS

## JUDICIAL CONFESSION

Comes now Defendant in the above cause, in writing and in open Court, and consents to the stipulation of the evidence in this case and in so doing expressly waives the appearance, confrontation and cross-examination of witnesses. I further consent to the introduction of this Judicial Confession, and testimony orally, by affidavits, written statements of witnesses and other documentary evidence. Accordingly, having waived my Federal and State constitutional right against self-incrimination, and after having been sworn, upon oath, I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case:

On the 22nd day of June 19 98, in Dallas County, Texas, I did unlawfully,

unlawfully, knowingly and intentionally appropriate property, namely: exercise control over property, other than real property, to-wit: one (1) cassette player, one (1) saw, one (1) cellular telephone, one (1) power shear, one (1) drill, three (3) disc grinders and two (2) extension cords, of the value of at least $1,500.00 but less than $20,000.00, without the effective consent of MIGUEL FLORES, the owner of the said property, with the intent to deprive the said owner of the said property,

And further did knowingly and intentionally appropriate property, namely: exercise control over property, other than real property, to-wit: two (2) drills, three (3) saws, one (1) cassette player and one (1) grinder, of the value of at least $500.00 but less than $1,500.00, without the effective consent of ALVARO BECERRA, the owner of the said property, with the intent to deprive the said owner of the said property,

And defendant did appropriate all the above described property pursuant to one scheme and continuing course of conduct, and the aggregate value of said appropriated property is at least $1,500.00 but less than $20,000.00.

FILED
DEC 3 1998
BILL LONG
DIST. CLERK, DALLAS CO. TEXAS
DEPUTY

I further judicially confess that I committed the offense with which I stand charged exactly as alleged in the indictment in this cause.

APPROVED BY:

X _____
Attorney for Defendant

X _____
Defendant

SWORN TO AND SUBSCRIBED before me on the _____ day of DEC 3 1998 , 19_____.

APPROVED BY:

_____
Assistant District Attorney

BILL LONG, CLERK
DISTRICT COURTS OF
DALLAS COUNTY, TEXAS

By _____
Deputy District Clerk

Defendant's agreement to stipulate and waiver of confrontation and cross-examination of witnesses are in all things approved by the Court. The above Judicial Confession is hereby approved by the Court.

_____
PRESIDING JUDGE

JUDICIAL CONFESSION

THE STATE OF TEXAS    X    CAUSE NO. F98- 15085

VS.    X    DISTRICT COURT #3

*Charlie Junior Manning*    X    DALLAS COUNTY, TEXAS

FILED
DEC 3 1998
BILL LONG
DIST. CLERK, DALLAS CO., TEXAS

## REQUEST FOR REFERRAL TO MAGISTRATE

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now defendant in the above cause, with his undersigned counsel, and would show that he, his counsel, and the attorney for the State have entered into a plea bargain in this cause, and defendant hereby waives his rights to have this cause heard on his plea by a District Judge, and requests that this cause be referred to a Criminal District Magistrate of Dallas County, Texas, by the said District Judge, so that defendant might enter his plea herein before said Magistrate and receive the punishment and results contemplated by the plea bargain agreement of the parties.

_____    _____
Counsel for Defendant        Defendant

NOW COMES John Vance, Criminal District Attorney of Dallas County, Texas, who consents to and approves of the referral of this cause by the District Judge to a Criminal District Magistrate of Dallas County, Texas, so that defendant might enter his plea herein in pursuance of the plea bargain agreement entered into between the parties.

JOHN VANCE
DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

By: _____

## ORDER OF REFERRAL

The above and foregoing waiver, consent, and request for referral to a Magistrate having been presented to me, same is hereby in all things approved. This cause is hereby referred to a Criminal District Magistrate of Dallas County, Texas, for the purposes of defendant entering his plea in accordance with the plea bargain agreement entered into by and between the defendant, counsel for defendant and counsel for state in this case.

SIGNED AND ENTERED this _____ day of ___DEC 3 1998___,19_____.

_____
DISTRICT JUDGE

I hereby find that _____*Manning*_____ defendant herein, has freely and voluntarily waived his right to have this case heard by a District Judge of Dallas County.

_____
MAGISTRATE

/87 - PLEA BARGAIN

IN THE ___CDC #3___ DISTRICT COURT
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

Charlie Manning

{ CAUSE NO.(S)

F98-15085

## CASE INFORMATION

The Defendant in this cause is charged with the offense of __Agg Theft 1500-20,000__

_____ , a ___Jail___ degree felony. The possible punishment for this

offense is _____ .

### PLEA BARGAIN DATA

On a plea of Guilty, the District Attorney will recommend the following:

_____ Years TDC        _____ Days in Dallas County Jail

__2__ Years Probated for __3__ Years.

_____ Days in Dallas County Jail Probated

for _____ Days.

· $__700__ Fine + $600 rest. if plea to felony + implicate co-def.

### CONTINUANCE DATA

Case passed by agreement to:

__12-3-98__ at __9:00__ (am) pm

for the purpose of: _____

_____ Enter plea to $500 fine misdemeanor 1/2 600 rest.

which will be the _____ setting of this case.

The appearance of the Defendant at the next setting

(IS) ((IS NOT)) waived.

_____
Attorney for Defendant

(214) 942-6812
Phone Number

_____
Defendant

(214) 941-6812
Phone Number

_____
Assistant District Attorney

_____
Phone Number

## ORDER AND FINDING

State (IS / IS NOT) found to have, in fact, been ready this date

_____
District Judge

_____
Date

IN THE ___CDC#3___ DISTRICT COURT
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.
_Charlie Manning_

{ CAUSE NO.(S)
F98-15085

## CASE INFORMATION

The Defendant in this cause is charged with the offense of __Agg. Theft 1500 - 20,000__
_____ ,a __jail__ _____ degree felony. The possible punishment for this

offense is _____ .

| PLEA BARGAIN DATA | CONTINUANCE DATA |
|---|---|

On a plea of Guilty, the District Attorney will
recommend the following:

_____ Years TDC   _____ Days in Dallas
                              County Jail
__2__ Years Probated for __3__ Years.

_____ Days in Dallas County Jail Probated

for_____ Days. $600
$__700__Fine + rest if plead
to felony. + implicate
co-def.

S Morta
Assistant District Attorney
453-5140
Phone Number

Case passed by agreement to:
___11-20-98___ at ___9___ am/pm
for the purpose of: ___Ann___
_____
___Best___ am.
_____

which will be the _____ setting of this case.

The appearance of the Defendant at the next setting

(IS) / (IS NOT) waived.

Attorney for Defendant
(214) 947-6812
Phone Number

Defendant
214.941-6018
Phone Number

## ORDER AND FINDING

State (IS / IS NOT) found to have, in fact, been ready this date

_____
District Judge

___11/2/98___
Date

# Dallas County
## Mental Disability/Suicide Intake Screening

Name: _Manning Charlie_     Date Of Birth: _4/20/69_

Identification Number: _____   Date: _7/13/98_   Completed By: _U. Brown_

☞ Was inmate a medical, mental health, or suicide risk during any prior contact or confinement with the Department?
Yes ____ No ____ If Yes, when? _____   Unknown ____

☞ Does arresting or transporting Officer believe that the inmate is a medical, mental health or suicide risk?
Yes ____ No ____ Unknown ____

| A. Questionnaire For Detainee | | B. Observation Questions | |
|---|---|---|---|
| 1. Have you ever received MHMR services or other mental health services? If yes, what services? _Parkland M.H._ | **Yes** No | 6. Does the individual act or talk in a strange manner? | **Yes** No |
| 2. Do you know where you are? | **Correct** Incorrect | 7. Does the individual seem unusually confused or preoccupied? | Yes **No** |
| 3. What season is this? | **Correct** Incorrect | 8. Does the individual talk very rapidly or seem to be in an unusually good mood? | **Yes** No |
| 4. | | 9. Does the individual claim to be someone else like a famous person or a fictional figure? | Yes **No** |
| 5. (a) Sometimes people tell me they hear voices that other people don't seem to hear. What about you? | Yes **No** | 10. (a) Does the individual's vocabulary (in his/her native tongue) seem limited? | Yes **No** |
| (b) If yes, ask for an explanation: "what do you hear?" _____ | | (b) Does the individual have difficulty coming up with words to express him/herself? | Yes **No** |

### C. Suicide Related Questions / Observation

| | | | |
|---|---|---|---|
| 11. Have you ever attempted suicide or had thoughts about killing yourself? If yes, When? _2 yo 10 yrs_ Why? _wanted to _____ How? _Drank poison pills killed_ | **Yes** No | 14. When not on drugs or drinking, have you ever gone for days without sleep or had a long period in your life when you felt very energetic or excited? | **Yes** No |
| 12. Are you thinking about killing yourself today? | Yes **No** | 15. Have you experienced a recent loss or death of a family member or friend or are you worried about major problems other than your legal situation? | Yes **No** |
| 13. (a) Have you ever been so down that you couldn't do anything for more than a week? (If no, go to 14). | **Yes** No | 16. Does the individual seem extremely sad, apathetic, helpless, or hopeless? | Yes **No** |
| (b) Do you feel this way now? | **Yes** No | | |

COMMENTS _____

A single inappropriate response, Except as appropriate in A3, indicates additional evaluation recommended.     Health Services Provider:

Disposition: ☐ No Intervention Needed   ☒ Route To Psychiatric Services   ☐ Suicide Precautions   Signed _____

WHITE ORIGINAL - INTAKE     CANARY COPY - MAGISTRATE     PINK COPY - MEDICAL     GOLDENROD COPY - MHMR

FORM 188-B    jae
DEFENDANT  MANNING, CHARLIE JUNIOR    BM  042259                    CHARGE   THEFT AGG 1,500
AKA:

ADDRESS  1306 WOODLAWN AVE,  DALLAS, TX                  LOCATION _____  BOND

FILING AGENCY  TX0570200      DATE FILED   June 25, 1998      COURT _____

COMPLAINANT  FLORES, MIGUEL                                      F-9815085

C/C  DARRON BLACKNALL

## TRUE BILL OF INDICTMENT

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS: The Grand Jury of Dallas County,
State of Texas, duly organized at the _____ JULY _____ Term, A.D. 19 98 _____ of the
204TH JUDICIAL _____ District Court _____ , Dallas County, in said court at said

Term, do present that one        MANNING, CHARLIE JUNIOR                    , defendant,

on or about the  22ND  day of   JUNE   A.D. 19 98  in the County of Dallas and said State, did

unlawfully, knowingly and intentionally appropriate property, namely: exercise control over property, other than real property, to-wit: one (1) cassette player, one (1) saw, one (1) cellular telephone, one (1) power shear, one (1) drill, three (3) disc grinders and two (2) extension cords, of the value of at least $1,500.00 but less than $20,000.00, without the effective consent of MIGUEL FLORES, the owner of the said property, with the intent to deprive the said owner of the said property,

And further did knowingly and intentionally appropriate property, namely: exercise control over property, other than real property, to-wit: two (2) drills, three (3) saws, one (1) cassette player and one (1) grinder, of the value of at least $500.00 but less than $1,500.00, without the effective consent of ALVARO BECERRA, the owner of the said property, with the intent to deprive the said owner of the said property,

And defendant did appropriate all the above described property pursuant to one scheme and continuing course of conduct, and the aggregate value of said appropriated property is at least $1,500.00 but less than $20,000.00,

against the peace and dignity of the State.        JOHN VANCE

THE STATE OF TEXAS )    WARRANT # F9815085

COUNTY OF DALLAS )    AFFIDAVIT FOR ARREST WARRANT OR CAPIAS

BEFORE ME, the undersigned authority, on this day personally appeared the undersigned affiant who, after being duly sworn by me, on oath stated:

My name is ꓓᵢₘ Sharpe                    , and I am a peace officer of the City of Balch Springs, Dallas County, Texas.

I have good reason to believe and do believe that on or about the 22ND. day of JUNE,1998, one MANNING, CHARLIE JUNIOR A BLACK MALE, 042259, did then and there in the City of Balch Springs, Dallas County, Texas, commit the offense of THEFT M/T $1,500. BUT LESS THAN $20,000 which is a violation of section 31.03 of the Texas Penal Code, STATE JAIL FELONY.

My belief is based upon the following facts and information: SGT. J. SPURGER #297                    , Investigator, Balch Springs Police Department who participated in the investigation of the alleged offense, furnished to me, the Affiant, on MANNING,CHARLIE JUNIOR , the following information:

ON 06-22-98 AT APPROXIMATELY 0618 HOURS, OFFICER C.MEEHAN #350 AND SERGEANT J.SPURGER #297, WERE DISPATCHED TO A VEHICLE BURGLARY THAT HAD JUST OCCURRED AT THE QUAIL VILLAGE APARTMENTS, LOCATED AT 12223 QUAIL DRIVE, IN BALCH SPRINGS, DALLAS COUNTY, TEXAS. TWO WITNESSES AT THE QUAIL VILLAGE APARTMENTS, SHANE STEEDMAN W/M 01-07-73, AND RHONDA REITES W/F 06-29-77, RELAYED INFORMATION TO THE BALCH SPRINGS COMMUNICATIONS OPERATOR WHILE THE OFFICERS WERE IN ROUTE. UPON ARRIVAL OFFICER MEEHAN MET WITH THE WITNESSES, AND A COMPLAINANT MIGUEL FLORES W/M 10-31-67. THE WITNESSES DESCRIBED THE SUSPECT VEHICLE AS A BLUE OR SILVER NISSAN MAXIMA OCCUPIED BY TWO BLACK MALES. THE WITNESSES STATED THAT THEY OBSERVED ONE OF THE SUSPECTS BREAK A WINDOW ON A WHITE VAN, REMOVE TOOLS FROM THE VAN, AND PUT THE TOOLS IN SUSPECT THE VEHICLE. THE SUSPECT VEHICLE THEN FLED EAST ON QUAIL DRIVE, AND TURNED SOUTH ON GLENSHIRE. OFFICER J.GLOVER #198 WENT TO THE AREA OF SOUTH BOUND IH635 AT SEAGOVILLE ROAD TO WATCH FOR THE SUSPECT VEHICLE. OFFICER GLOVER WAITED ONLY A COUPLE OF MINUTES BEFORE HE OBSERVED A VEHICLE THAT MATCHED THE DESCRIPTION OF THE SUSPECTS. THE SUSPECT VEHICLE EXITED IH635 AND WENT WEST ON HWY 175. OFFICER GLOVER PULLED ALONG SIDE OF THE SUSPECT VEHICLE AND OBSERVED THAT THE BACK SEAT WAS FILLED WITH TOOLS. OFFICER GLOVER STOPPED THE SUSPECT VEHICLE IN THE 9600 BLOCK OF HWY 175. THE SUSPECT VEHICLE WAS IN FACT A LIGHT BLUE 1992 NISSAN MAXIMA, BEARING TEXAS LICENSE PLATE #XCY69Z. SERGEANT SPURGER RESPONDED TO OFFICER GLOVER'S LOCATION FOR ASSISTANCE. THE DRIVER IDENTIFIED HIMSELF AS MANNING,CHARLIE JUNIOR B/M 04-22-59, AND THE PASSENGER IDENTIFIED HIMSELF AS BLACKNALL,DARRON DARELL B/M 11-11-70.

THE SUSPECTS WERE DETAINED WHILE OFFICER MEEHAN BROUGHT THE WITNESSES TO THE LOCATION. BOTH WITNESSES POSITIVELY IDENTIFIED BLACKNALL AS THE PERSON THAT THEY OBSERVED BREAKING AND ENTERING THE WHITE VAN. THE WITNESSES ALSO POSITIVELY IDENTIFIED MANNING AS THE DRIVER OF SUSPECT VEHICLE. A COMPUTER CHECK OF THE VEHICLE REVEALED THAT IT IS REGISTERED TO CHARLIE MANNING. SERGEANT SPURGER TOOK POLAROID PICTURES OF THE VEHICLE AND THE PROPERTY BEFORE ANY OF THE ITEMS WERE REMOVED. CHARLIE MANNING AND DARRON BLACKNALL WERE BOTH PLACED UNDER ARREST, AND THE VEHICLE WAS IMPOUNDED. MIGUEL FLORES FILED AN OFFENSE REPORT, SERVICE #98-0022552A, WITH THE BALCH SPRINGS POLICE. MR.FLORES' VEHICLE IS A WHITE 1990 FORD VAN, BEARING TEXAS LICENSE #9353UL. COMPLAINANT/FLORES LISTED THE FOLLOWING ITEMS AS STOLEN: 1-MILWAUKEE HAMMER DRILL SER#897A797281540 VALUED AT $150, 1-MAKITA DISC GRINDER SER#2015377E VALUED AT $130, 1-MAKITA DISC GRINDER SER#2022933E VALUED AT $130, 1-SNAPPER LITE POWER SHEAR SER#9749E VALUED AT $300, 1-SONY AM/FM CASSETTE JAMBOX VALUED AT $20, 1-ORANGE EXTENSION CORD VALUED AT $20, 1-YELLOW EXTENSION CORD VALUED AT $20, 1-MOTOROLA CELL PHONE SER#1796UNJ387Y VALUED AT $300, 1-CRANE SUPER SAW ("MIGUEL FLORES" ENGRAVED ON CASING) VALUED AT $300, 1-MAKITA DISC GRINDER SER#1989723E VALUED AT $130, AND A TOOL BOX CONTAINING MISCELLANEOUS HAND TOOLS VALUED AT $60. MIGUEL FLORES CAME TO THE BALCH SPRINGS POLICE DEPARTMENT AND POSITIVELY IDENTIFIED HIS PROPERTY WHICH WAS AMONG THE PROPERTY REMOVED FROM MANNING'S VEHICLE. MR.FLORES' PROPERTY WAS PHOTOGRAPHED AND RELEASED TO HIM. THE TOTAL AMOUNT OF PROPERTY STOLEN/RECOVERED IN THE BURGLARY OF MR.FLORES' VEHICLE IS $1,560. DURING THE COURSE OF THE INVESTIGATION IT WAS DISCOVERED THAT TWO OTHER VEHICLE BURGLARIES OCCURRED DURING THE SAME TIME PERIOD, AND IN THE SAME AREA OF COMPLAINANT/FLORES. ALVARO BECERRA W/M 08-28-48 FILED OFFENSE REPORT (SERVICE #98-0022552B) FOR THE BURGLARY OF HIS 1989 CHEVROLET VAN, BEARING TEXAS LICENSE #WH6304. COMPLAINANT/BECERRA'S VEHICLE WAS ALSO PARKED AT THE QUAIL VILLAGE APARTMENTS LOCATED 12223 QUAIL DRIVE, AT THE TIME OF OFFENSE. COMPLAINANT/BECERRA LISTED THE FOLLOWING PROPERTY AS STOLEN: 1-DEWALT DRILL SER#85965 VALUED AT $180, 1-CRANE CIRCULAR SAW VALUED AT $280, 1-CRANE CIRCULAR SAW VALUED AT $280, 1-DEWALT DRILL SER#1144 VALUED AT $180, 1-NEWTECH AM/FM DUAL CASSETTE JAMBOX SER#704053952 VALUED AT $70, 1-MAKITA GRINDER SER#2015468 VALUED AT $130, AND 1-CRANE CIRCULAR SAW VALUED AT $280. THE TOTAL AMOUNT OF PROPERTY STOLEN/RECOVERED IN THE BURGLARY OF MR.BECERRA'S VEHICLE IS $1,400. MR.BECERRA POSITIVELY IDENTIFIED HIS PROPERTY FROM THE ITEMS REMOVED FROM CHARLIE MANNINGS VEHICLE. MR.BECERRA'S PROPERTY WAS PHOTOGRAPHED AND RELEASED TO HIM. A THIRD OFFENSE, SERVICE #98-0022552C, WAS REPORTED BY ROY L.MARTIN W/M 02-26-58, AN EMPLOYEE OF IONICS AHLFINKER WATER COMPANY. MR.MARTIN REPORTED THAT DURING THE SAME TIME PERIOD HIS VEHICLE WAS PARKED AT THE QUAIL BROOK TOWN HOMES, LOCATED AT 3301 GLENSHIRE, WHICH IS DIRECTLY ACROSS THE ROAD FROM THE QUAIL VILLAGE APARTMENTS.

MR.MARTIN SAID THAT THE FOLLOWING ITEMS WERE REMOVED FROM HIS 1989 FORD PICKUP, BEARING TEXAS LICENSE #ES4596, WITHOUT CONSENT: 6-HACH TEST KITS VALUED AT $150, 1-GREY TOOL BOX WITH ASSORTED TOOLS VALUED AT $150, 1-TOOL BELT WITH ASSORTED TOOLS VALUED AT $150, 1-CHECK BOOK (REGISTER ONLY) VALUED AT $5, AND 1-ELECTRONIC CURRENT METER VALUED AT $100. MR.MARTIN CAME TO THE BALCH SPRINGS POLICE DEPARTMENT AND POSITIVELY IDENTIFIED THE FOLLOWING PROPERTY FROM THE ITEMS RECOVERED FROM CHARLIE MANNING'S VEHICLE: 6-WATER TEST KITS VALUED AT $150, 2-MYRON EP METERS VALUED AT $150, 1-SKIL CORDLESS DRILL VALUED AT $100, 1-SEAL KIT VALUED AT $20, 1-TOOL BELT WITH ASSORTED TOOLS VALUED AT $150, 1-TOOL KIT WITH TOOLS VALUED AT $100, 1-BOTTLE OF STP BREAK FLUID VALUED AT $2. THE TOTAL AMOUNT RECOVERED IN THE BURGLARY OF MR.MARTIN'S VEHICLE IS $672, AND THE ITEMS WERE PHOTOGRAPHED AND RETURNED. DURING THE INVESTIGATION IT WAS DISCOVERED THAT THE METHOD OF ENTRY WAS CONSISTENT ON ALL THREE OFFENSES. EACH OF THE COMPLAINANT'S VEHICLES HAD BROKEN WINDOWS.

I believe this information furnished by a fellow Peace Officer is credible.

WHEREFORE, AFFIANT request that an arrest or capias be issued for the above accused individual (s) in accordance with the law.

_____
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME on this the 23 day of _____, 19 98 .

_____
NOTARY, IN AND FOR DALLAS COUNTY, TEXAS

SANDRA CERDA
MY COMMISSION EXPIRES
October 31, 2000

MY COMMISSION EXPIRES 2000

MAGISTRATE'S DETERMINATION OF PROBABLE CAUSE

On this the 23 day of June ,19 98
the undersigned Magistrate hereby acknowledges that he has examined the above affidavit and has determined that probable cause for the issuance of arrest warrant for the individual (s) accused herein.

_____
MAGISTRATE IN AND FOR DALLAS COUNTY, TEXAS

(X) FELONY ARREST AFFIDAVIT
( ) MISDEMEANOR ARREST AFTER

F809279

THE STATE OF TEXAS

vs.

ALVIN KEITH DEGRAFTENREED

OFFENSE

THE INDICTMENT CHARGES: ARSON, A 2nd DEGREE FELONY, AS CHARGED IN THE INDICTMENT

F90-34163

INDICTMENT FILED OCT 15 1990

Copy of indictment served on Defendant _____

in County Jail on _____ Date _____

Copy of indictment delivered to the Sheriff to be served on Defendant _____

Certified copy of indictment delivered to the Sheriff to be served on Defendant in the County Jail on _____ Date _____

Judgment Rendered 9-9-90   9-6-91

Book 931   Page 102

Sentenced _____ 19

CREDIT FOR TIME SERVED _____

BEGINNING ON DATE OF: _____

Attorney _____

Address _____

Received Copy of indictment on _____ Date _____

VERIFIED MAY 2 0 1992
BY: _____

Court Reporter _____ Pamela

Waiting Judge _____

Appellant Attorney (appointed/retained)

Atty. for State
Atty. for Defendant

| Date | MEMORANDUM OF PAPERS FILED |
|---|---|
| 1 | 9-6-91 |
| 2 | OCT 0 3 1995 PROB VIOL MTN FILED-WARRANT ISSUED |
| 3 | APR 2 2 1998 |
| 4 | |
| 5 | |
| 6 | 4/19/99 |
| 7 | JUN 3 - 1999 |
| 8 | DEC - 9 1999 PROB VIOL MTN W/DRAWN-DEFT CONT ON PROB |
| 9 | |
| 10 | APR 4 - 2000 |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |

THESE ARE DISTRICT COURT PAPERS AND MUST NOT BE REMOVED FROM THE DISTRICT CLERK'S OFFICE
BILL LONG, DISTRICT CLERK, DALLAS COUNTY

Folder No. _____ of _____

F-90-34163 QL



EXHIBIT
B

CAUSE NO. F90-34163-L
ML# C 35894

THE STATE OF TEXAS    )    IN THE __CRIMINAL__

            )

VS.          )    DISTRICT COURT __#5__

            )

ALVIN KEITH DEGRAFTENREED  )    DALLAS COUNTY, TEXAS

### ORDER GRANTING DISCHARGE FROM COMMUNITY SUPERVISION

This day came to be heard the matter of determining whether conviction and placing the defendant on community supervision heretofore entered in this cause should be set aside and defendant discharged from community supervision, and the Court after hearing evidence submitted and it appearing from said evidence that the defendant was charged by information or indictment in this cause for the felony offense of

__ARSON 2ND DEGREE__

and on the __22ND__ day of __APRIL__, 19__99__ was convicted, therefore the imposition of sentence was suspended and the defendant placed on community supervision for a period of __3__ years;

It further appearing to the satisfaction of the Court that all conditions of community supervision have been satisfactorily fulfilled and that the period of community supervision has expired;

IT IS THEREFORE ORDERED that the period of supervision is terminated, and the defendant is discharged from community supervision.

SIGNED this __4TH__ day of __APRIL__, 20__0__.

JUDGE
__CRIMINAL__ DISTRICT COURT # 5
DALLAS COUNTY, TEXAS

ORD-REL/CT-FORMS (03/97)

NO: F9034163L

THE STATE OF TEXAS

VS.

ALVIN KEITH DEGRAFTENREED

CRIMINAL DISTRICT COURT NO. 5

DALLAS COUNTY, TEXAS

APRIL TERM, 1999

AMENDED
MOTION TO REVOKE PROBATION

COMES NOW the State of Texas by and through her Criminal District Attorney and would show the Court the following:

That ALVIN KEITH DEGRAFTENREED , Defendant, was duly and legally convicted in the above entitled and numbered cause in Criminal District Court No. 5 of Dallas County, Texas, on the 22ND day of APRIL , A.D. 1996 of the offense of

ARSON, AS CHARGED IN THE INDICTMENT

and placed on probation for a period of 3 years.
That Defendant has violated the following conditions a, d, e, h, i, l, n of said probation in that

PLEASE SEE ATTACHED PAGE 2.

This violation-offense occurred after April 22, 1996 and during the term of probation.

WHEREFORE, the State prays that said Defendant be cited to appear before this Honorable Court and show cause why the probation should not be revoked; and that upon a final hearing, the probation heretofore granted said Defendant be revoked.

This the 19th day of April , A.D. 1999 .

JOHN VANCE
District Attorney
Dallas County, Texas

BY: _____
Assistant District Attorney

A copy of this motion was delivered to the Defendant on the 3rd day of June A.D. 1999.

_____
Probation Officer

I received a copy of this motion on the 3rd day of June A.D. 1999.

_____
Defendant

ML# C 35894

ALVIN DEGRAFTENREED
F9034163L

(1) **ALVIN KEITH DEGRAFTENREED** did violate condition (a) by violating the laws of the State of Texas in that on or about October 21, 1997 in Dallas County, Texas he did unlawfully, then and there knowingly and intentionally on more than one occasion and pursuant to the same scheme and course of conduct directed specifically at another person, namely: PAM JOHNSON, engage in conduct that defendant knew and reasonably believed that said person would regard as threatening, to-wit:
(1) on one of said occasions, on or about the 19th day of OCTOBER, 1997, defendant did assault said PAM JOHNSON and by said conduct defendant did reasonably believe said person would regard as threatening bodily injury and death for said person, and cause said person to be placed in fear of bodily injury and death for said person, and would cause a reasonable person to fear bodily injury and death for said person, and further,
(2) on one of said occasions, on or about the 21st day of October, 1997, defendant did go to said PAM JOHNSON'S apartment complex and used threatening language toward said PAM JOHNSON and by said conduct defendant did reasonably believe said person would regard as threatening bodily injury and death for said person, and cause said person to be placed in fear of bodily injury and death for said person, and would cause a reasonable person to fear bodily injury and death for said person.

(3) **ALVIN KEITH DEGRAFTENREED** did violate condition (d) in that he did not report to the probation officer as directed for the months of November, 1997 through April, 1999.

(4) **ALVIN KEITH DEGRAFTENREED** did violate condition (e) in that he moved from his last known address at 1804 Del Oak, Mesquite on or about October 22, 1997 and failed to advise the Probation officer of his new residence within twenty-four hours as directed.

(5) **ALVIN KEITH DEGRAFTENREED** did violate condition (h) in that he did not pay for court costs and fine as directed and is $584.50 delinquent.

(6) **ALVIN KEITH DEGRAFTENREED** did violate condition (j) in that he did not pay a probation fee as directed and is $1,000.00 delinquent.

(7) **ALVIN KEITH DEGRAFTENREED** did violate condition (l) in that he did not pay restitution to Crimestoppers as directed and is delinquent $25.00.

(8) **ALVIN KEITH DEGRAFTENREED** did violate condition (n) in that he did not pay Court-appointed attorney fees as directed and is delinquent $300.00.

(9) **ALVIN KEITH DEGRAFTENREED** did violate condition (p) in that he did not pay restitution as directed and is delinquent $1,269.70.

FILED
APR 19 A8:
JIM HAMLIN
DISTRICT CLERK
DALLAS CO., TEXAS
DEPUTY

FORM 6
(REV. 09/01/94)

PROBATION

NO. F-9034163-QL

THE STATE OF TEXAS

VS.

ALVIN KEITH DEGRAFTENREED

IN THE CRIMINAL DISTRICT

COURT 5                            OF

DALLAS COUNTY, TEXAS

## JUDGMENT ADJUDICATING GUILT
## COMMUNITY SUPERVISION GRANTED

APRIL     TERM, A.D., 1996

JUDGE PRESIDING: MANNY ALVAREZ

DATE OF JUDGMENT: 04/22/96

ATTORNEY
FOR STATE: CHRIS MULDER

ATTORNEY
FOR DEFENDANT: KING SOLOMAN

OFFENSE
CONVICTED OF:        ARSON

DEGREE: SECOND

DATE OFFENSE COMMITTED:  09/09/90

TERMS AND CONDITIONS VIOLATED AND
GROUNDS FOR ADJUDICATION:          SEE ATTACHED MOTION TO ADJUDICATE

AS SET OUT IN STATES: FEBRUARY 27,1996 MOTION TO ADJUDICATE GUILT.

FINDINGS ON
DEADLY WEAPON,          NO FINDING
BIAS OR PREJUDICE,
AND/OR
FAMILY VIOLENCE:

PUNISHMENT IMPOSED
AND PLACE OF     5 YEARS
CONFINEMENT: CONFINEMENT   IN   THE INSTITUTIONAL DIVISION
OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE
AND A FINE OF $500.00

DATE OF
SENTENCE:          04/22/96

COSTS: YES

PLEA TO ENHANCEMENT
PARAGRAPH(S):    N/A

FINDINGS ON
ENHANCEMENT: N/A

PERIOD OF SUPERVISION:    3 YEARS

DATE TO COMMENCE:04/22/96

FINE PROBATED:  NO

RESTITUTION/REPARATION: NO

CONCURRENT UNLESS OTHERWISE SPECIFIED.

TH

VOL. 361  PAGE 0047

ON THIS DAY, SET FORTH ABOVE, CAME ON TO BE CONSIDERED THE MOTION TO PROCEED WITH AN ADJUDICATION OF GUILT FILED IN THIS CAUSE. THE STATE OF TEXAS AND THE DEFENDANT WERE REPRESENTED BY THE ABOVE NAMED ATTORNEYS AND ANNOUNCED READY. DEFENDANT APPEARED IN PERSON IN OPEN COURT AND THE COMMUNITY SUPERVISION OFFICER FOR DALLAS COUNTY, TEXAS, WAS ALSO PRESENT, WHERE DEFENDANT WAS NOT PRESENTED BY COUNSEL, DEFENDANT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVED THE RIGHT TO REPRESENTATION BY COUNSEL. AFTER EXAMINING THE REPORT OF SAID SUPERVISION OFFICER AND THE MOTION TO PROCEED WITH AN ADJUDICATION OF GUILT FILED HEREIN, AND AFTER HEARING THE EVIDENCE OFFERED BY BOTH THE STATE AND DEFENDANT, THE COURT IS OF THE OPINION AND FINDS THAT SINCE DEFENDANT WAS PLACED ON COMMUNITY SUPERVISION HEREIN, DEFENDANT HAS VIOLATED THE TERMS AND CONDITIONS OF HIS COMMUNITY SUPERVISION AS SHOWN ABOVE. THE COURT FURTHER HEARD ANY ADDITIONAL EVIDENCE AND ARGUMENTS ON THE ISSUE OF PUNISHMENT.

AND WHEN SHOWN ABOVE THAT THE CHARGING INSTRUMENT CONTAINS ENHANCE-MENT PARAGRAPH(S), WHICH WERE NOT WAIVED OR DISMISSED, THE COURT, AFTER HEARING THE DEFENDANT'S PLEA TO SAID PARAGRAPH(S) AS SET OUT ABOVE AND AFTER HEARING FURTHER EVIDENCE ON THE ISSUE OF PUNISHMENT, MAKES ITS FINDING AS SET OUT ABOVE. IF TRUE, THE COURT IS OF THE OPINION AND FINDS DEFENDANT HAS BEEN HERETOFORE CONVICTED OF SAID OFFENSES(S) ALLEGED IN THE SAID ENHANCEMENT PARAGRAPH(S) AS MAY BE SHOWN ABOVE.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT THAT THE ORDER DEFERRING ADJUDICATION OF GUILT, AND PLACING DEFENDANT ON COMMUNITY SUPERVISION HERETOFORE ENTERED IN THIS CAUSE BE, AND THE SAME IS HEREBY SET ASIDE AND OF NO FURTHER FORCE AND EFFECT.

IT IS THEREFORE CONSIDERED AND ADJUDGED BY THE COURT, THAT THE SAID DEFENDANT IS GUILTY OF THE COMMISSION OF THE OFFENSE NAMED ABOVE AND THAT THE OFFENSE WAS COMMITTED ON THE DATE SHOWN ABOVE AND THAT DEFENDANT BE PUNISHED AND SENTENCED IN ACCORDANCE WITH THE ASSESSMENT OF PUNISHMENT AS SHOWN ABOVE. THE COURT FURTHER MAKES ITS FINDINGS AS TO A DEADLY WEAPON, FAMILY VIOLENCE, BIAS OR PREJUDICE, RESTITUTION AND REPARATION AS SET FORTH ABOVE.

AND WHEN IT IS SHOWN BELOW THAT PAYMENT OF THE COSTS OF LEGAL SERVICES PROVIDED TO THE DEFENDANT IN THIS CAUSE HAS BEEN ORDERED, THE COURT FINDS THAT THE DEFENDANT HAS THE FINANCIAL RESOURCES TO ENABLE THE DEFENDANT TO OFFSET SAID COSTS IN THE AMOUNT ORDERED.

WHEN IT IS SHOWN ABOVE THAT RESTITUTION HAS BEEN ORDERED, BUT THE COURT DETERMINES THAT INCLUSION OF THE VICTIM'S NAME AND ADDRESS IN THE JUDGMENT IS NOT IN THE BEST INTEREST OF THE VICTIM, THE PERSON OR AGENCY WHOSE NAME AND ADDRESS IS SET OUT IN THIS JUDGMENT WILL ACCEPT AND FORWARD THE RESTITUTION PAYMENTS TO THE VICTIM.

THEREUPON, DEFENDANT WAS ASKED BY THE COURT WHETHER HE HAD ANYTHING TO SAY WHY SAID SENTENCE SHOULD NOT BE PRONOUNCED AGAINST HIM, AND HE ANSWERED NOTHING IN BAR THEREOF. AND IT APPEARING TO THE COURT THAT DEFENDANT IS MENTALLY COMPETENT AND UNDERSTANDING OF THE PROCEEDINGS, THE COURT PROCEEDED IN THE PRESENCE OF SAID DEFENDANT, HIS COUNSEL ALSO BEING PRESENT, TO PRONOUNCE SENTENCE AGAINST HIM.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT THAT SAID JUDGMENT AS SET FORTH ABOVE, IS HEREBY IN ALL THINGS APPROVED AND CONFIRMED, AND THAT THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE AS SHOWN ABOVE, AND THAT SAID DEFENDANT IS SENTENCED TO A TERM OF IMPRISONMENT OR FINE OR BOTH, AS SET FORTH ABOVE, AND SAID DEFENDANT SHALL BE CONFINED FOR THE ABOVE NAMED TERM IN ACCORDANCE WITH THE PROVISIONS OF LAW GOVERNING SUCH PUNISHMENTS. IT IS FURTHER ORDERED THAT THE DEFENDANT PAY THE FINE, UNLESS PAYMENT OF THE FINE HAS BEEN PROBATED, AS SHOWN ABOVE, COURT COSTS, COSTS AND EXPENSES OF LEGAL SERVICES PROVIDED BY THE COURT APPOINTED ATTORNEY IN THIS CAUSE, IF ANY, AND RESTITUTION OR REPARATION, AS SET FORTH HEREIN.

IT FURTHER APPEARING TO THE COURT THAT THE ENDS OF JUSTICE AND THE BEST INTEREST OF THE PUBLIC AND THE DEFENDANT WILL BE SERVED BY THE SUSPENSION OF THE IMPOSITION OF SENTENCE HEREIN;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED BY THE COURT THAT THE IMPOSITION OF SENTENCE HEREIN IS HEREBY SUSPENDED FOR A PERIOD OF TIME AS SHOWN ABOVE. THE FINE IMPOSED, IF ANY, IS TO BE PAID OR PROBATED AS SHOWN ABOVE. THE DEFENDANT IS HEREBY PLACED ON COMMUNITY SUPERVISION FOR A PERIOD OF TIME AS

SHOWN ABOVE SUBJECT TO THE TERMS AND CONDITIONS OF COMMUNITY SUPERVISION    THIS DATE IMPOSED BY LAW AND BY THE COURT AND SERVED UPON THE DEFENDANT.

CONDITIONS OF COMMUNITY SUPERVISION ARE ATTACHED   HERETO   AND    ARE INCORPORATED FOR ALL PURPOSES AS A PART OF THIS JUDGMENT.

FOLLOWING THE DISPOSITION OF THIS CAUSE THE DEFENDANT'S FINGERPRINT WAS, IN OPEN COURT, PLACED UPON A CERTIFICATE OF FINGERPRINT.  SAID CERTIFICATE IS ATTACHED HERETO AND IS INCORPORATED BY REFERENCE AS A PART OF THIS JUDGMENT.

A PRESENTENCE INVESTIGATION WAS CONDUCTED  IN  ACCORDANCE WITH  THE APPLICABLE PROVISIONS OF LAW.

COURT COSTS IN THE AMOUNT OF $84.50

_____
JUDGE PRESIDING

NO: F90-34163-L

THE STATE OF TEXAS                          CRIMINAL DISTRICT COURT NO. 5

VS.                                         DALLAS COUNTY, TEXAS

ALVIN KEITH DEGRAFTENREED                   JANUARY TERM, 1996

## AMENDED
## MOTION TO PROCEED WITH AN ADJUDICATION OF GUILT

COMES NOW the State of Texas by and through her Criminal District
Attorney and would show the Court the following:

That **ALVIN KEITH DEGRAFTENREED**, Defendant was duly and legally
placed on probation for a period of **5** years in the above entitled and
numbered cause in Criminal District Court No. **5** of Dallas County, Texas, on
the **6th** day of **September**, A.D.19 **91** for the offense of:

ARSON, AS CHARGED IN THE INDICTMENT

That the Defendant has violated the following conditions **a, d, h, i,**
**k, m** of said probation in that

SEE MOTION ATTACHMENT

This violation-offense occurred after **September 6, 1991**, and during the
term of probation.

WHEREFORE, the State prays that said Defendant be cited to appear
before this Honorable Court and show cause why the Court should not proceed
with an adjudication of guilt on the original charge,

This the **27th** day of **February** A.D.**1996**.

JOHN VANCE
District Attorney,
Dallas County, Texas
BY:
Assistant District Attorney

A copy of this motion was delivered to the Defendant on the 27th day of
February A.D. 1996.

_Emily Adelstein_
Probation Officer

I received a copy of this motion on the 27th day of _February_ A.D. 1996.

_did not wish to sign_
Defendant
ML# C-35894

12. (Rev. 11/88)

MINUTES OF THE ____CRIMINAL____ DISTRICT COURT _#5_ OF DALLAS COUNTY, TEXAS

NO. _F90-34163-L_

THE STATE OF TEXAS                                           ____July____ TERM, 19 _91_

VS.

____Alvin Keith Degraftenreed____                           September 6,   , 19 _91_

## ORDER

The Defendant having been indicted in the above entitled and numbered cause for the felony offense of ARSON, A SECOND DEGREE FELONY, AS CHARGED IN THE INDICTMENT

and this cause being this day called for trial, the State appeared by her assistant Criminal District Attorney _____Ann Thornton_____ and the Defendant _____Alvin Keith Degraftenreed_____ appeared in person and his counsel _____Thomas E. Mayes_____ also being present and both parties announced ready for trial, and the Defendant in person and in writing in open Court having waived his right of trial by jury, such waiver being with the consent and approval of the Court and now entered of record on the minutes of the Court and such waiver being with the consent and approval of the Criminal District Attorney of Dallas County, Texas, in writing, signed by him, and filed in the papers of this cause before the Defendant entered his plea herein, the defendant was duly arraigned and in open Court pleaded _____·Guilty_____ to the charge contained in the indictment; thereupon the defendant was admonished by the Court of the said consequences of the said plea and the range of punishment prescribed by law and that the Court was not bound by any recommendation of the prosecutor regarding punishment, and the Defendant persisted in entering said plea, and it plainly appearing to the Court that the Defendant is mentally competent and that he is uninfluenced in making said plea by any consideration of fear, or by any persuasion, or delusive hope of pardon prompting him to confess his guilt, and that he entered said plea freely and voluntarily, the said plea was accepted by the Court and is now entered of record as the plea herein of the Defendant. The defendant in open Court, in writing, having waived the reading of the indictment, the appearance, confrontation, and cross-examination of witnesses, and agreed that the evidence may be stipulated and consented to the introduction of testimony by affidavits, written statements of witnesses and any other documentary evidence, and such waiver and consent having been approved by the Court in writing, and filed in the papers of the cause; and, the Court having heard the Defendant's waiver of the reading of the indictment, the defendant's plea thereto, the evidence submitted, and the argument of counsel, is of the opinion that the evidence submitted substantiates the defendant's guilt of the offense of  ARSON, A SECOND DEGREE FELONY, AS CHARGED IN THE INDICTMENT

and that said offense occurred on the _9th_ day of ____September____, 19 _90_, and the Court being of the opinion that the best interests of society and the defendant will be served by deferring further proceedings without entering an adjudication of guilt;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the above named defendant be and is hereby placed on probation for a period of _(5) Five_ YEARS AND IS ORDERED TO PAY A FINE IN THE AMOUNT OF $ 500.00 _____, such period of probation to begin and be effective as of the _6th_ day of ____September____, 19 _91_, subject to the terms and conditions of probation this date imposed by law and by the Court and served upon the defendant by the Clerk of the Court.

Conditions of Probation are attached hereto and are incorporated for all purposes as a part of this Order.

Fine is to be PAID / PROBATEDXX

Court Costs assessed $ _84.50_____.

_____
JUDGE

This Order is entered pursuant to the provisions of Section 3d of Article 42.12, Code of Criminal Procedure of Texas, and is not a final adjudication of guilt.

FORM APD-A-1

# CONDITIONS OF PROBATION

THE STATE OF TEXAS                    IN THE _____ CRIMINAL _____ DISTRICT COURT __No. 5_

Vs.                                                          DALLAS COUNTY, TEXAS

ALVIN KEITH DEGRAFTENREED _____        _JULY TERM_____ 19_91____

CAUSE NO. __F90-34163-L_____        REGULAR PROBATION  _____

_____ARSON_____        DEFERRED ADJUDICATION _XX__

_____        SHOCK PROBATION        _____

In accordance with the authority conferred by the Adult Probation and Parole Law of the State of Texas, you have been placed on probation on this date _Sept. 6_, 1991 for a period of _5_ years. It is the order of this Court that you comply with the following conditions of probation:

(a) Commit no offense against the laws of this or any other State or the United States, and do not possess a firearm during the term of probation;

(b) Avoid injurious or vicious habits, and do not use marijuana, narcotics, dangerous drugs, inhalants or prescription medication without first obtaining a prescription for said substances from a licensed physician;

(c) Avoid persons or places of disreputable or harmful character, and do not associate with individuals who commit offenses against the laws of this or any other State or the United States;

(d) Obey all the rules and regulations of the probation department, and report to the Probation Officer as directed by the Judge or Probation Officer; to-wit: WEEKLY, MONTHLY, OR TWICE MONTHLY AS DIRECTED;

(e) Permit the Probation Officer to visit you at your home or elsewhere, and notify the Probation Officer not less than twenty-four (24) hours prior to any changes in your home or employment address;

(f) Work faithfully at suitable employment as far as possible, and seek the assistance of the probation officer in your efforts to secure employment when unemployed;

(g) Remain within a specified place; to-wit: Dallas County, Texas, and do not travel outside Dallas County, Texas, without first having obtained written permission from the Court;

(h) Pay Court cost and a fine, if one be assessed, in one or several sums to the District Clerk of Dallas County, Texas; COURT COST $_84.50_; FINE $_500.00_; payable thru the Probation Officer of this Court at $_10.00_ per month; first payment due on or before __11-1-91__.

(i) Support your dependents;

(j) Pay a probation fee of $___40.00___ per month to the Probation Officer of this Court on or before the first day of each month hereafter during probation;

(k) Make monetary contribution in the amount of $25.00 to the Dallas Area Crime Stoppers, Inc., Payment is due in full to the Dallas County Adult Probation Department on or before __11-1-91__.

(1) Submit to random urinalysis and or medical tests as required by the Court.

(m) Make restitution of $ _1,400.00_ payable to a Probation Officer of this Court in increments of _30.00_ per month. The first payment is due on __11-1-91__ and each month thereafter until paid in full.

(n) Perform a total of __240__ hours Community Service Restitution at _20_ hours per month as approved by the Court through the Volunteer Center of Dallas, 1215 Skiles, Dallas, Texas 75204. Call the Volunteer Center (821-8711) on _3-1-92_, and commence Community Service Restitution on or before __3-1-92__ and complete said Community Service Restitution on or before __3-1-93__.

(o) Refrain from any further contact, either in person, by phone, or by mail with Annie Verdell. This condition is effective at commencement and during the period of probation, as directed by the Court.

You are hereby advised that under the law of this State, the Court shall determine the terms and conditions of your probation, and may at any time during the period of probation, alter or modify the conditions of your probation. The Court also has the authority at any time during the period of probation to revoke your probation, or proceed to adjudication. for violation of any of the conditions of your probation set out above.

Witness our Signatures this _6th_ day of _September_ 19_91_.

_____        _____
              Probationer                                          Judge

                                                _____
                                                          Probation Officer

## CONDITIONS OF PROBATION

THE STATE OF TEXAS       IN THE CRIMINAL DISTRICT COURT NO. 5
VS.       DALLAS COUNTY, TEXAS
ALVIN KEITH DEGRAFTENREED       APRIL     TERM 1996

CAUSE NO. __F90-34163-L____       REGULAR PROBATION    __XX__

_____ARSON_____       DEFERRED ADJUDICATION _____

_____       SHOCK PROBATION      _____

      STATE JAIL      _____

     In accordance with the authority conferred by the Adult Probation and Parole Law of the State of Texas, you have been placed on probation on this date April 22, 1996 for a period of ___3___ years. It is the order of this Court that you comply with the following conditions of probation:

(a) Commit no offense against the laws of this or any other State or the United States, and do not possess a firearm during the term of probation;

(b) Do not use marijuana, narcotics, dangerous drugs, inhalants or prescription medication without first obtaining a prescription for said substances from a licensed physician;

(c) Avoid persons or places of disreputable or harmful character, and do not associate with individuals who commit offenses against the laws of this or any other State or the United States;

(d) Obey all the rules and regulations of the probation department, and report to the Probation Officer as directed by the Judge or Probation Officer, to-wit: WEEKLY, TWICE MONTHLY, OR MONTHLY AS DIRECTED;

(e) Permit the Probation Officer to visit you at your home or elsewhere, and notify the Probation Officer not less than twenty-four (24) hours prior to any changes in your home or employment address;

(f) Work faithfully at suitable employment as far as possible, and seek the assistance of the probation officer in your efforts to secure employment when unemployed;

(g) Remain within a specified place; to-wit: Dallas County, Texas, and do not travel outside Dallas County, Texas, without first having obtained written permission from the Court;

(h) Pay Court cost and a fine, if one be assessed, in one or several sums COURT COST $84.50 ; FINE $500.00 ; payable thru the Probation Officer of this Court at $20.00 per month; first payment is due on or before May 1, 1996 .

(i) Support your dependents;

RE: DEGRAFTEN. D, ALVIN KEITH
NO: F90-34163-L

(j) Pay a probation fee of **$40.00** per month to the Probation Officer of this Court on or before the first day of each month hereafter during probation.

(k) Submit to random urinalysis and or medical tests as required by the Court.

(1) Make monetary contribution in the amount of $25.00 to the Dallas Area Crimestoppers, Inc. Payment is due in full to the Dallas County Adult Probation Department on or before August 1, 1996___.

(m) Defendant will work and complete ___160___ hours of community service at a minimum of 20 hours per month no later than March_____1,_____, 1999___, at an approved community service project or projects designed by the Community Supervision and Corrections Department. A processing fee of $50.00 payable to the Volunteer Center will required for referrals through the Volunteer Center.

(n) Pay Court Appointed Attorney fee in the amount of **$300.00**, payable at $__10.00_____ per month to a Probation Officer of this Court on or before the 15th day of each month hereafter until paid in full.

(o) Beginning **April 22, 1996**___, and for not less than 180 days thereafter, you must participate in the Intensive Supervision Program.

(p) Make restitution of **$1269.70** payable to a Probation Officer of this Court in increments of **$40.00**_____ per month. The first payment is due on **May 1, 1996** and each month thereafter until paid in full.

You are hereby advised that under the law of this State, the Court shall determine the terms and conditions of your probation, and may at any time during the period of probation, alter or modify the conditions of your probation. The Court also has the authority at any time during the period of probation to revoke your probation, or proceed to adjudication for violation of any of the conditions of your probation set out above.

Witness our Signatures this the _22nd_ day of___April____1996.

_____          _____
        Probationer                          Judge

                                   _____
ML # ___35894_____                     Probation Officer

NOTICE OF DISPOSITION
IN CRIMINAL DISTRICT COURT 5
DALLAS COUNTY, TEXAS                                    SEQ 0011

CASE NUMBER F-9034163                                   DATE 040400
OFFENSE ARSON                                           TIME 142021
REDUCED CHARGE

THE STATE OF TEXAS VS.
DEF DEGRAFTENREED ALVIN KEITH          RACE B SEX M DOB 112461
BNO 96015553
DISPOSED BY JGSA

SENTENCE                                       APPEAL _____

SPECIAL CONDITION                              MNT _____

$     0.00 FINE  $     0.00 COST        SENTENCE TO BEGIN _____
ADDITIONAL CREDIT FOR TIME SERVED

REMARKS  04/04/00 - DEFT NOT IN JAIL_____
    ORDER GRANTING DEFT DISCHARGE FROM PROBATION_____
    RETURN ANY AND ALL WARRANTS ON THIS CASE ONLY_____
    _____

JIM HAMLIN                       _____
DISTRICT CLERK                   ]      RELEASE INFORMATION
DALLAS COUNTY, TEXAS             ] REMARKS _____
                                 ] _____
BY LISTON R                      ] _____
    DEPUTY CLERK                 ] _____
                                 ] _____

Rev. 9/90

CAUSE NO. F90 34163 QL

STATE OF TEXAS

VS.

Alvin Keith DeGraffenreid

FILED

91 SEP 6ˢ AID: 06

IN THE Criminal

DISTRICT COURT # 5

DALLAS COUNTY, TEXAS

WAIVER OF JURY
FELONY PLEA OF GUILTY / NOLO CONTENDERE /
INDICTMENT / INFORMATION

Comes now the Defendant with the consent and approval of Defendant's attorney and does in person, in writing, and in open court, waive the right to trial by jury and requests the Court to consent to and approve this waiver.

_____
Attorney for Defendant

_____
Defendant

Comes now the undersigned attorney for the State and consents to and approves Defendant's waiver of jury.

_____
Assistant District Attorney
Dallas County, Texas

The Court hereby consents to and approves Defendant's waiver of jury in this cause.

_____
JUDGE

--------------------------------------------------

☐ Not applicable.

ORDER CHANGING NAME OF DEFENDANT (IF APPLICABLE)

Comes now the Defendant and suggests to the Court that Defendant's true name is other than that set forth in the charging instrument and requests that the charging instrument and all other papers in this cause be amended so that the Defendant's true name will hereinafter be shown to be:

_____

_____
Defendant

MOTION GRANTED. SO ORDERED.

_____
JUDGE

--------------------------------------------------

DEFENDANT'S WAIVERS AND JUDICIAL CONFESSION

Comes now the Defendant in open Court in the above entitled and numbered cause represented by Defendant's attorney with whom Defendant has previously consulted and makes the following voluntary statement:

1. That I am the person named in the charging instrument in this cause.

2. That I am mentally competent and that I understand the charge contained in the charging instrument in this cause and enter my plea as set forth herein.

3. That I have been advised as to the consequences of a plea of guilty or nolo contendere including the minimum and maximum punishment provided by law and that any recommendation of the prosecuting attorney as to the punishment is not binding on the Court.

4. That I understand that I have the right to a trial by a jury whether I plead "guilty", "not guilty" or "nolo contendere".

5. That I have the right to remain silent but if I choose not to remain silent, anything I may say can be used against me.

6. That I have the right to be confronted with the witnesses against me whether I have a trial before the Court or the jury.

7. That I have the right to be tried on an indictment returned by a grand jury.

However, I desire to waive and do waive the following rights:

1. I waive the right to be prosecuted by a Grand Jury Indictment and announce my election and consent to be charged by an Information, where trial is not by Indictment.

2. I waive any defect, error or irregularity of form or substance in the charging instrument.

3. I waive arraignment and the reading of the charging instrument.

4. I waive my right to remain silent and state that I will testify and make a judicial confession of my guilt knowing anything I may say can be used against me.

5. I waive in writing and in open court the appearance, confrontation and cross-examination of witnesses, and I further consent to an oral or written stipulation of the evidence and testimony and I agree to the introduction of testimony by affidavit, written statements of witnesses, a judicial confession and any other documentary evidence.

6. I waive any additional time for arraignment or preparation for trial, and I waive the right to a 10 day waiting period for trial after the appointment of counsel (if counsel appointed) and announce ready for trial.

7. I waive the right to a pre-sentence investigation and report and request that none be made. If a pre-sentence report has been made, I agree that the Court might review it concerning punishment.

8. I further understand that where there is a plea bargain agreement and the punishment assessed by the Court does not exceed the agreed recommendation, I do not have the right to appeal without permission of the Court, except for those matters raised by written motions filed and presented to the Court prior to trial.

I do further admit and judicially confess that I am the person named in the charging instrument and that I understand the charge contained therein and:

_____✓_____ I am GUILTY of the offense of Arson, A second degree felony

exactly as alleged in the charging instrument including any amendments or modifications thereto and I confess that I did unlawfully commit the said offense in Dallas County, Texas on the 9 day of Sept , 19 70;

OR

_____ I plead NOLO CONTENDERE to the offense of

exactly as alleged in the charging instrument including any amendments or modifications thereto and understand and agree that the Court can consider the evidence and stipulation of testimony in determining guilt;

and I further state that my plea is made freely and voluntarily and is not influenced by any consideration of fear or any persuasion or any delusive hope of pardon, and I request the Court to consider probating any sentence imposed.

I further understand that in the event that I am convicted, unless I waive the right to appeal or am precluded from appeal by acceptance of a plea bargain agreement that is followed by the Court, as set out in paragraph 8 herein, I have the legal right of appeal and also the right to be represented on appeal by an attorney of my choice, or if I am indigent and unable to pay for such attorney or the record on appeal the Court will, without expense to me, provide an attorney and a proper record on appeal.

I agree that the Court may consider my judicial confession as evidence in this case.

I understand that if I am not a citizen of the United States of America a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under Federal law.

Having read all of the above waivers, consents, agreements and statements and having had them explained to me by my attorney, I now request the Court to accept them and I state that they are made voluntarily, knowingly, and intelligently and I further state that the statements contained in my judicial confession are true and correct. This the 10 day of Sept , 19 11.

_____          _____
Witnessed                                          Defendant

### ATTORNEY FOR DEFENDANT

I have consulted with the Defendant concerning the plea in this case and I have advised the Defendant of the Defendant's rights and the charge to which the Defendant is pleading. I believe the Defendant to be competent and approve and agree to the waivers, agreements and statements that the Defendant has signed herein. I agree and consent to the waiver of indictment if prosecution by information; waiver of defects in charging instrument, agreement to stipulate testimony, waiver of additional time for arraignment or 10 days to prepare for trial, waiver of arraignment, waiver of jury trial and I ask the Court to accept said waivers and agreements and I announce ready for trial and enter Defendant's plea of GUILTY / NOLO CONTENDERE before the Court.

9-6-91
_____          _____
Date                                              Attorney for Defendant
                                                   State Bar No. 13679000

### ATTORNEY FOR STATE

Before the entry of the Defendant's plea herein, the above requests, waivers, agreements and stipulations are hereby consented to and approved by me, the attorney representing the State.

9-6-91
_____          _____
Date                                              Assistant District Attorney
                                                   Dallas County, Texas
                                                   State Bar No. 08630400

### JUDGE

It clearly appearing to the Court that the Defendant is mentally competent and is represented by competent counsel and that said Defendant understands the nature of the charge against the Defendant and that the Defendant has been warned by the Court of the consequences of the plea entered herein including the minimum and maximum punishment provided by law, that the Defendant, attorney for Defendant and the attorney for the State consent to and approve the waiver of trial by jury and agreement to stipulate the testimony in this case, the Court, therefore, finds such plea, and all waivers, agreements and consents contained herein to be freely and voluntarily made and accepts the Defendant's plea and approves the consent to stipulate testimony.

9-6-91
_____          _____
Date                                              JUDGE

Cause No. F90 34163

Drawer #7

THE STATE OF TEXAS          §          IN THE CRIMINAL
V.                          §    FILED DISTRICT COURT  #5
Alvin Keith DeGraffenreed   §          DALLAS COUNTY, TEXAS

PLEA BARGAIN AGREEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

     Comes now Defendant, Counsel for Defendant, and Counsel for State
herein and would show that a plea bargain agreement has been entered
into between the undersigned, and that under the terms of said agree-
ment the defendant agrees and requests that a presentence investiga-
tion report not be made, and both sides agree they will waive their
right to a jury trial and agree to and recommend the following:

Defendant will plead ___✓___ guilty _____ nolo contendere

Defendant will testify ___✓___ will not testify _____

_____ confinement in Penitentiary for _____ years

_____ confinement in a community correctional facility for _____
        days

_____ confinement in Dallas County Jail for _____ days

___✓___ fine of $ 500.00

_____ NO PROBATION

___✓___ PROBATION TO BE GRANTED FOR ___5___ years subject to all
        the terms and conditions imposed by the trial court.
        Further, the judge, as provided by Article 42.12, Sec. 11
        V.A.C.C.P., may at any time during the period of probation
        alter or modify the conditions.

_____ supervised work or community service for _____ hours as
        provided by Article 42.12, Sec. 16 and 17 V.A.C.C.P.

_____ SHOCK PROBATION TO BE GRANTED _____ days after sentence,
        subject to good behavior of defendant while incarcerated.

_____ participation in SPECIAL ALTERNATIVE INCARCERATION PROGRAM;
        probation to be granted _____ days after sentence subject
        to good behavior of defendant in program.

___✓___ Restitution of $ TBD _____ to be paid by defendant.

Conviction to be as follows:

        ___✓___ Felony                    _____ Misdemeanor
        ___✓___ Non-conviction Deferred
        _____ Probation

Defendant's back time date is: _____

Additional provisions of the agreement are: A is to have
NO contact with CW                                              .

The undersigned certify they have read the terms of the above agree-
ment and that it fully contains all the provisions of said agreement.

JOHN VANCE                          _____
DISTRICT ATTORNEY                            Defendant
DALLAS COUNTY, TEXAS

By _____      _____
   Assistant District Attorney         Counsel for Defendant

Defendant's agreement and request that a presentence investigation
report not be made is hereby approved by the Court.  If a victim
impact statement has been returned to the State, a copy of said
statement shall be turned over to the Court by the State's attorney
prior to the Court's acceptance of this plea.

                                    _____ 6
                                             JUDGE

Rev. 8/91

No. F90 34163 QL

STATE OF TEXAS VS.

Alvin Keith Degraftenreed

FILED

91 SEP 6 A10: 06

by XIONG

DEPUTY

IN THE Criminal DISTRICT #5
COURT OF DALLAS COUNTY, TEXAS

COURT'S ADMONITION OF STATUTORY AND CONSTITUTIONAL
RIGHTS AND DEFENDANT'S ACKNOWLEDGMENT

The Court hereby admonishes you of the following Statutory and Constitutional
Rights prior to your entry of a plea of guilty/nolo contendere in this case pursuant
to Article 26.13 of the Texas Code of Criminal Procedure and the Constitutions of
Texas and the United States of America:

1. You are charged with the crime of ARSON, a second degree felony

and the range of punishment is two to twenty years in TDC and an optional fine of up to $10,000.

2. Any recommendation as to what your punishment should be by the prosecuting
attorney is not binding on the Court. I will follow the plea bargain agreement in
this case, if there is one, unless evidence is presented that makes me unable to do
so and, if so, I will tell you and allow you to withdraw your plea.

3. If the punishment I assess does not exceed the punishment recommended by
the prosecutor and agreed to by you and your attorney (the "Plea Bargain Agreement")
you cannot appeal this case without my permission except for matters raised by
written motions filed prior to trial.

4. If you are not a citizen of the United States of America, a plea of
guilty or nolo contendere before me for the offense charged may result in your
deportation, the exclusion from admission to this country, or a denial of
naturalization under Federal law.

5. If you have a Court appointed attorney, you have a right to have ten (10)
days from the date your attorney was appointed to prepare for trial. You have a
right to have two (2) entire days after being served a copy of the charging
instrument to be arraigned unless you are on bond. You have a right to be tried on
an indictment returned by the grand jury.

6. If you receive deferred adjudication and later it is found that you have
violated your probation you may then be found guilty and the Court can then set
your punishment anywhere within the range provided by law.

_____
JUDGE PRESIDING

ACKNOWLEDGMENT

I have read the above and foregoing admonitions by the Court regarding my
rights. I understand the admonitions, and I understand and am aware of the
consequences of my plea. Furthermore, my lawyer has explained to me all of the
admonitions given by the Court in ths document.

Signed this 6 day of Sept, 19 91.

_____
COUNSEL FOR DEFENDANT

Thomas E Mayes
PRINTED NAME OF COUNSEL

BAR CARD NO. 13279000

_____
DEFENDANT

Alvin Keith DeGraftenreur
PRINTED NAME OF DEFENDANT

CASE NUMBER F-9034163                              DATE 120999
OFFENSE ARSON                                      TIME 102923
REDUCED CHARGE

THE STATE OF TEXAS VS.
DEF DEGRAFTENREED ALVIN KEITH          RACE B SEX M DOB 112461
BNO 96015553
DISPOSED BY

SENTENCE
  3 YRS TO TDC PROBATED                      APPEAL  _____

      SPECIAL CONDITION                      MNT  _____


    $      500.00 FINE  $      84.50 COST        SENTENCE TO BEGIN  000000
ADDITIONAL CREDIT FOR TIME SERVED

REMARKS  12/09/99 - DEFT NOT IN JAIL_____
    P/V MOTION WITHDRAWN, DEFT CONTIN ON PROBATION_____
    RETURN ANY AND ALL WARRANTS ON THIS CASE ONLY_____
    _____

JIM HAMLIN
DISTRICT CLERK                   ]        RELEASE INFORMATION
DALLAS COUNTY, TEXAS             ] REMARKS  _____
                                 ]_____
BY LISTON R                      ]_____
   DEPUTY CLERK                  ]_____
                                 ]_____
                                 _____

FILED

THE STATE OF TEXAS

VS. .

Alvin Degraffureisy

CAUSE NO. F90-34146

99 DEC 0 AM: 73

CRIMINAL          DISTRICT COURT NO. 5

DALLAS COUNTY, TEXAS

**STATE'S MOTION TO WITHDRAW ITS MOTION TO REVOKE PROBATION**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the District Attorney of Dallas County, Texas, by and through the undersigned Assistant District Attorney, and in the above cause respectfully requests the Court to allow the State to withdraw its Motion to Revoke Probation herein, and to continue the Defendant on probation.

Respectfully submitted,

BILL HILL
DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

By: _____
Assistant District Attorney

**ORDER**

The foregoing State's Motion to Withdraw its Motion to Revoke Probation having been presented to the Court, same is hereby in all things granted, and the Defendant is (continued on probation) (discharged from probation) (ordered released from custody).

_____
JUDGE

REV. 1/87



F9 AF/475

NO BOND: ___ BOND AMOUNT $ 8/12/99

**CAUSE NO. F9034163L**

007230

THE STATE OF TEXAS )
)
vs. )
)
ALVIN KEITH DEGRAFTENREED )
Defendant DSO #: 0471578
DATE OF BIRTH: 11/24/61
RACE: WB X MALE __ FEMALE
HAIR: Brown EYES: Brown
HT: 5'9 " WT: 180 lbs.
Offense: ARSON

**CAPIAS ISSUED**
This 21st day of November A.D. 1997
Honorable MANNY ALVAREZ, Judge
Criminal District Court No. 5

LAST KNOWN ADDRESS:          At Large
1804 Del Oak
Mesquite, TX 75149

To any Sheriff or any Constable of the State of Texas:
YOU ARE HEREBY COMMANDED to take the body of
ALVIN KEITH DEGRAFTENREED      who has been charged by indictment for a
felony offense and placed on probation, and him safely keep so that you
have him before the Honorable MANNY ALVAREZ, Criminal District Court
No. 5 of Dallas County, Texas at the Courthouse, thereof in the City of
Dallas, instanter, then and there to answer THE STATE OF TEXAS against
the said ALVIN KEITH DEGRAFTENREED      for violation of the conditions
of probation in Cause No. F9034163L
State of Texas vs. ALVIN KEITH DEGRAFTENREED

HEREIN FAIL NOT, but have you then and there this Writ, showing how
you have executed the same.

Given under my official seal of said Court of Dallas County, Texas,
this 21ST day of NOVEMBER A.D. 1997

|  | DATE | BY |
|---|---|---|
| I.D. |  |  |
| Assign |  |  |
| Canx |  |  |
| WRAW |  |  |
| TCIC |  |  |
| NCIC |  |  |
| Rgn |  |  |
| Rgn # |  |  |

ATTEST
Bill Long, District Clerk
Dallas County, Texas

By _____
   Deputy

Judge Manny Alvarez,
Criminal District Court No.5
Dallas County, Texas

**SHERIFF'S RETURN**

Came to hand this _____ day of _____, A.D. 19 ____

RECALLED PER COURT

RETURNED on this _____ day of _____, A.D. 19 ____

Mileage  $_____
Fees     $_____
Total    $_____

Sheriff _____ County
By _____ Deputy

FORM 366-J

APPEARANCE BOND (AFTER INDICTMENT-FELONY-PERSONAL BOND)

THE STATE OF TEXAS
COUNTY OF DALLAS                                KNOW ALL MEN BY THESE PRESENTS:

THAT I, _Alvin Kurt Degru/Hommel_

as principal, and being the defendant in the charge referred to herein, am held and firmly bound unto THE STATE
OF TEXAS in the penal sum of _Five Thousand_ ($ _5000._) DOLLARS, payable to said
State, and for the payment of which sum, well and truly to be made, I do bind myself, my heirs, executors, and admin-
istrators, jointly and severally by these presents; and in addition thereto, I am bound for the payment of all necessary
and reasonable expenses incurred by any and all sheriffs or other peace officers in rearresting me as principal in the
event I fail to appear before the court or courts provided for herein at the time stated herein; the amount of such ex-
pense shall be in addition to the principal amount specified herein. For the payment of which sum or sums well and
truly to be made, as aforesaid, I do bind myself, my heirs, executors and administrators, jointly and severally by these
presents; this bond shall be valid and binding upon me as principal, for my personal appearance before the court desig-
nated herein and before any court in which this cause may hereafter be pending at any time when, and place where,
my presence may be required under the Code of Criminal Procedure of the State of Texas or by any such court and for
any and all subsequent court proceedings had relative to the hereinafter described charge.

CONDITIONED, that, whereas, I as principal, now in legal custody of the Sheriff of Dallas County, Texas,

charged in due form of the law in the _Criminal_ District Court of Dallas County, Texas, in Cause

No. _F90 - 34163_, and styled the State of Texas vs. _Alvin Kurt Degru/Hommel_,
with a felony offense, and who by the order of the judge of said court has been required to give my personal bond in
the sum set out above, conditioned for my personal appearance before said last named court on the _12_ day of

_August_, A.D. 19_99_, at _9:00_ o'clock _A_ M., or upon notice by the court, and
any other court provided for herein, to answer the said above described charge now pending against me and for any and
all subsequent proceedings had relative to the charge. Now, if I as principal shall make my personal appearance as

provided for herein before said _Criminal_ District Court of Dallas County, Texas, in the Courthouse in
the City of Dallas, Dallas County, Texas, and there remain from day to day and term to term of said court until dis-
charged by due course of law, then and there to answer said above described charge, and shall personally appear as pro-
vided for herein before any court in which this said cause may hereafter be legally pending as well as before any other
court to which said cause may be transferred, at any time when, and place where, my presence may be required under
the Code of Criminal Procedure of the State of Texas or by any of such courts, and there remain from day to day and
term to term of any such courts in which or before whomever said charge is pending, for any and all subsequent pro-
ceedings had relative to the charge, until discharged by due course of law; THEN the above bond will be null and void,
OTHERWISE to be and remain in full force and effect.

WITNESS my hand this _2nd_ day of _June_, 19_99_

X _Al DeMorgenwei_
                                        Signature of Defendant as Principal

_1632  HUDSPETH_
                                        Mailing Address of Defendant as Principal herein

_J & J  Auto  Care  Repair  Cntr._
                                        Name of Employer or Business

_159  Pleasant  Dr,  Suite  103 & 104_
                                        Place of Employment (Street Address)

"I swear that I will appear before the _Criminal_ District Court of Dallas, County, Texas at the

Courthouse in the City of Dallas, in Dallas County, Texas, on the _12_ day of _August_,

A.D. 19_99_, at _9:00_ o'clock _A_ M., or upon notice by the Court, or pay the court the principal sum of
_Five Thousand_ ($ _5000_) DOLLARS, plus all necessary and reasonable expenses incurred in
any arrest for failure to appear."

X _Al DeMorgenwei_
                                        Affiant-Defendant

SWORN to and subscribed by _____ before me, on this _3rd_ day of

_June_, A.D. 19_99_                _Jim Namlin_ COCHS
                                        BILL LONG, Clerk of _____ Judicial District

                                        Court, Dallas County, Texas

                                        By _____, Deputy

The foregoing bond taken and approved by me this _3_ day of _June_, A. D. 19_99_

                                        Judge, _Criminal_ District Court
                                        of Dallas County, Texas

## DEFENDANT'S PERSONAL DATA

Defendant's full name: *Alvin Keith Degratenued*

Aliases or nickname:

Home address: .................................................................................................... For ............... years

Previous address: .................................................................................................... For ............... years

Phone: .......................... Race.................................. Birthdate: ..........................................................

Birthplace: .......................................................................... Education (yrs.) .....................

Ht: ..................... Wt: ............... Eyes: ...................... Hair: ..........................................

Res. Dallas Co. (yrs) ...................... If unemployed, how long: ..............................

Name of present employer: ........................................ His address: ..............................

Phone: .......................... Type of work: ................................. Employed since: ..........................

Name of supervisor: .......................................................... Employed since: ..........................

Approx. TOTAL earnings past twelve months (after deductions): $..............................

Name of former employer: ........................................ His address: ..............................

Phone: .......................... Type of work: ...............................................

Name of supervisor: ................................................. Employed from: ............... to ...............

Reason for leaving: ............................................................................................

Marital status (circle)  S   M   W   D   Sep.   ALL minor children (No.) ..............................

Spouse: ..................................................... Address: ..........................................

Church & Pastor .................................................. Address: ..........................................

Home:  Rent? ................. Own? ............... Monthly rent or payments: $ ...............

Military service (circle)  A   AF   M   N   CG   From ................. to ..............................

Type discharge: .................................................. Pension? ............. Amt: $...............

Auto:  Make .................................................. Body type ................. Model ...............

Auto license No. .................................................. Texas or ............... ...............Oper. Comm.

Chauf. Driver's license No. .................................................. Expires...............

Social Security No. ..............................................

Three Dallas County Residents who will ALWAYS know your whereabouts:

1. Name    ...................................... Address ..........................................
   Phone   ...................................... Relationship ..........................................
2. Name    ...................................... Address ..........................................
   Phone   ...................................... Relationship ..........................................
3. Name    ...................................... Address ..........................................
   Phone   ...................................... Relationship ..........................................

How many times have you been arrested before? ..............................

Have you ever been convicted of an offense other than a traffic ticket? ..............................

Describe time, place and nature of offense: ..............................

Have you ever been on probation? ..................... Offense ..............................

Officer ........................... Address ........................... Revoked? ...............

Discuss ..............................

Have you ever been on parole? ..................... Offense ..............................

Officer ........................... Address ........................... Revoked? ...............

Discuss ..............................

Have you ever been on bond? ............... How many times? ............... Charges ..............................

.................................................. Name of bondsman ..............................

Defendant's Statement: I have voluntarily prepared the foregoing to submit to the Court as an exhibit to my application for personal bond, appearing on the reverse side hereof. I have carefully checked the same for accuracy and understand that any false statement made herein may be grounds for the Court to withhold or withdraw my personal bond at any time. I agree to allow the Court to contact any of the people that I have listed above to verify the information furnished by me.

Date: *June 3, 1999*                    *Al Degratt*
                                        Defendant's Signature

No. F-90341.63

..... JUDICIAL DISTRICT COURT

THE STATE OF TEXAS
vs
*Alvin Keith Degratenued*
Defendant

Home Address

Business Address

APPEARANCE BOND
(After Indictment-Felony)

PERSONAL BOND

Filed before me ...............
This 3d day of June 19 99
*Jim Namu*
DISTRICT CLERK

FORM 366-J

## APPEARANCE BOND (AFTER INDICTMENT-FELONY-PERSONAL BOND)

THE STATE OF TEXAS
COUNTY OF DALLAS                                    KNOW ALL MEN BY THESE PRESENTS:

THAT I, ........*Alvred Kurt Degraftenried*........................................................,
as principal, and being the defendant in the charge referred to herein, am held and firmly bound unto THE STATE
OF TEXAS in the penal sum of ........*Five Thousand*........ ($ .....*5000.*....) DOLLARS, payable to said
State, and for the payment of which sum, well and truly to be made, I do bind myself, my heirs, executors, and admin-
istrators, jointly and severally by these presents; and in addition thereto, I am bound for the payment of all necessary
and reasonable expenses incurred by any and all sheriffs or other peace officers in rearresting me as principal in the
event I fail to appear before the court or courts provided for herein at the time stated herein; the amount of such ex-
pense shall be in addition to the principal amount specified herein. For the payment of which sum or sums well and
truly to be made, as aforesaid, I do bind myself, my heirs, executors and administrators, jointly and severally by these
presents; this bond shall be valid and binding upon me as principal, for my personal appearance before the court desig-
nated herein and before any court in which this cause may hereafter be pending at any time when, and place where,
my presence may be required under the Code of Criminal Procedure of the State of Texas or by any such court and for
any and all subsequent court proceedings had relative to the hereinafter described charge.

CONDITIONED, that, whereas, I as principal, now in legal custody of the Sheriff of Dallas County, Texas,
charged in due form of the law in the ....*Criminal*.... Judicial District Court of Dallas County, Texas, in Cause
No. *F90 - 34163*, and styled the State of Texas vs. *Alvred Kurt Degraftenried*,
with a felony offense, and who by the order of the judge of said court has been required to give my personal bond in
the sum set out above, conditioned for my personal appearance before said last named court on the ....*12*...... day of
....*August*............, A.D. 19*99*, at......*9:00*...... o'clock....*A*....M., or upon notice by the court, and
any other court provided for herein, to answer the said above described charge now pending against me and for any and
all subsequent proceedings had relative to the charge. Now, if I as principal shall make my personal appearance as
provided for herein before said ....*Criminal*.... Judicial District Court of Dallas County, Texas, in the Courthouse in
the City of Dallas, Dallas County, Texas, and there remain from day to day and term to term of said court until dis-
charged by due course of law, then and there to answer said above described charge, and shall personally appear as pro-
vided for herein before any court in which this said cause may hereafter be legally pending as well as before any other
court to which said cause may be transferred, at any time when, and place where, my presence may be required under
the Code of Criminal Procedure of the State of Texas or by any of such courts, and there remain from day to day and
term to term of any such courts in which or before whomever said charge is pending, for any and all subsequent pro-
ceedings had relative to the charge, until discharged by due course of law; THEN the above bond will be null and void,
OTHERWISE to be and remain in full force and effect.

WITNESS my hand this ....*2nd*.... day of ....*June*....., 19...*99*

                                                    X *Al Degraftenried*
                                                    Signature of Defendant as Principal

....*1632 Hudspeth*....
                Mailing Address of Defendant as Principal herein

....*J & J Auto Care Repair Cntr*....
                Name of Employer or Business

....*159 Pleasant Dr. Suite 103 & 104*....
                Place of Employment (Street Address)

"I swear that I will appear before the ....*Criminal*.... Judicial District Court of Dallas, County, Texas at the

Courthouse in the City of Dallas, in Dallas County, Texas, on the ..*12*.. day of ....*August*....,

A.D. 19*99*, at ...*9:00*... o'clock..*A*..M., or upon notice by the Court, or pay the court the principal sum of
*Five thousand* ($ ...*5000*...) DOLLARS, plus all necessary and reasonable expenses incurred in
any arrest for failure to appear."

                                                    X *Al Degraftenried*
                                                    Affiant-Defendant

                                                                                    *3rd*
SWORN to and subscribed by ...............................    before me, on this ....*3*.... day of
....*June*...., A.D. 19.*99*      *Jim Hamlin* **COCKS**
                                                    BILL LONG, Clerk of ........ Judicial District

                                                    Court, Dallas County, Texas
                                          By ........ ...................., Deputy

The foregoing bond taken and approved by me this ....*3*.... day of ....*June*...., A. D. 19*99*.

                                                                    (Pst McDowell)
                                                    Judge, ........ Judicial District Court
                                                    of Dallas County, Texas

DEFENDANT'S PERSONAL DATA

Defendant's full name: *Alvin Keith Degratenried*

Aliases or nickname: .......................................................................................................

Home address: ...................................................................................... For ............... years

Previous address: ................................................................................ For ............... years

Phone: .......................... Race: .................... Birthdate: ....................................

Birthplace: ...................................................................... Education (yrs.) .................

Ht: .................. Wt: ............... Eyes: .................... Hair: ...................................

Res. Dallas Co. (yrs) ................... If unemployed, how long: ............................

Name of present employer: ....................................... His address: ....................

Phone: ..................... Type of work: ..............................................................

Name of supervisor: ............................................. Employed since: ...............

Approx. TOTAL earnings past twelve months (after deductions): $...........................

Name of former employer: ................................... His address: ...............

Phone: ..................... Type of work: ..........................................................

Name of supervisor: ........................................... Employed from: ............ to ............

Reason for leaving: ...............................................................................................

Marital status (circle) S  M  W  D  Sep.  ALL minor children (No.) ....................

Spouse: ........................................................ Address: ...................................

Church & Pastor ........................................... Address: ...................................

Home:  Rent? ................. Own? .............. Monthly rent or payments: $ ............

Military service (circle) A  AF  M  N  CG  From .................... to ....................

Type discharge: ....................................... Pension?............ Amt: $.................

Auto:  Make ................................. Body type ............... Model ...............

Auto license No.......................................... Texas or ........................Oper. Comm.

Chauf. Driver's license No. ................................... Expires...........................

Social Security No. ...................................................

Three Dallas County Residents who will ALWAYS know your whereabouts:

1. Name  ..................................... Address .............................................
   Phone  ..................................... Relationship ......................................
2. Name  ..................................... Address .............................................
   Phone  ..................................... Relationship ......................................
3. Name  ..................................... Address .............................................
   Phone  ..................................... Relationship ......................................

How many times have you been arrested before? ....................................................

Have you ever been convicted of an offense other than a traffic ticket? .......................

Describe time, place and nature of offense: ..........................................................

..........................................................................................................................

Have you ever been on probation? ................................. Offense .......................

Officer ................................. Address ................................. Revoked? ...........

Discuss ...............................................................................................................

Have you ever been on parole? ................................. Offense .......................

Officer ................................. Address ................................. Revoked? ...........

Discuss ...............................................................................................................

Have you ever been on bond?............. How many times? .................. Charges...............

.................................................... Name of bondsman ...............................

Defendant's Statement: I have voluntarily prepared the foregoing to submit to the Court as an exhibit to my application for personal bond, appearing on the reverse side hereof. I have carefully checked the same for accuracy and understand that any false statement made herein may be grounds for the Court to withhold or withdraw my personal bond at any time. I agree to allow the Court to contact any of the people that I have listed above to verify the information furnished by me.

Date: *June 5, 1999*

*Al Detty*

Defendant's Signature

No. *F9034116 3 L*

.......... JUDICIAL DISTRICT COURT

THE STATE OF TEXAS *DEGRAFTEN REED*

vs.

*Alvin Keith Degrafenried*
Defendant

Home Address

Business Address

APPEARANCE BOND
(After Indictment-Felony)

PERSONAL BOND

Filed before me ........

This ....... day of *June* 19 *99*

*Jim Hamlin*

DISTRICT CLERK

NO: F9034163L

THE STATE OF TEXAS

VS.

ALVIN KEITH DEGRAFFENREED

CRIMINAL DISTRICT COURT NO. 5

DALLAS COUNTY, TEXAS

APRIL TERM, 1999

## AMENDED
## MOTION TO REVOKE PROBATION

COMES NOW the State of Texas by and through her Criminal District Attorney and would show the Court the following:

That **ALVIN KEITH DEGRAFFENREED**, Defendant, was duly and legally convicted in the above entitled and numbered cause in Criminal District Court No. 5 of Dallas County, Texas, on the **22ND** day of **APRIL**, A.D. 19**96** of the offense of

**ARSON, AS CHARGED IN THE INDICTMENT**

and placed on probation for a period of **3** years.

That Defendant has violated the following conditions **a, d, e, h, 1, 1, n** of said probation in that

**PLEASE SEE ATTACHED PAGE 2.**

This violation-offense occurred after**April 22, 1996** and during the term of probation.

WHEREFORE, the State prays that said Defendant be cited to appear before this Honorable Court and show cause why the probation should not be revoked; and that upon a final hearing, the probation heretofore granted said Defendant be revoked.

This the **19th** day of **April**, A.D. **1999**.

JOHN VANCE
District Attorney
Dallas County, Texas

BY: _____
Assistant District Attorney

A copy of this motion was delivered to the Defendant on the ___ day of _____, A.D. 1999.

_____
Probation Officer

I received a copy of this motion on the ___ day of _____ A.D. 1999.

ML# C 35894

_____
Defendant

RE: ALVIN DEGRAFTENREED
NO: F9034163L

(1) ALVIN KEITH DEGRAFTENREED did violate condition (a) by violating the laws of the State of Texas in that on or about October 21, 1997 in Dallas County, Texas he did unlawfully, then and there knowingly and intentionally on more than one occasion and pursuant to the same scheme and course of conduct directed specifically at another person, namely: PAM JOHNSON, engage in conduct that defendant knew and reasonably believed that said person would regard as threatening, to-wit:
(1) on one of said occasions, on or about the 19th day of OCTOBER, 1997, defendant did assault said PAM JOHNSON and by said conduct defendant did reasonably believe said person would regard as threatening bodily injury and death for said person, and cause said person to be placed in fear of bodily injury and death for said person, and would cause a reasonable person to fear bodily injury and death for said person, and further,
(2) on one of said occasions, on or about the 21st day of October, 1997, defendant did go to said PAM JOHNSON'S apartment complex and used threatening language toward said PAM JOHNSON and by said conduct defendant did reasonably believe said person would regard as threatening bodily injury and death for said person, and cause said person to be placed in fear of bodily injury and death for said person, and would cause a reasonable person to fear bodily injury and death for said person.

(3) ALVIN KEITH DEGRAFTENREED did violate condition (d) in that he did not report to the probation officer as directed for the months of November, 1997 through April, 1999.

(4) ALVIN KEITH DEGRAFTENREED did violate condition (e) in that he moved from his last known address at 1804 Del Oak, Mesquite on or about October 22, 1997 and failed to advise the Probation officer of his new residence within twenty-four hours as directed.

(5) ALVIN KEITH DEGRAFTENREED did violate condition (h) in that he did not pay for court costs and fine as directed and is $584.50 delinquent.

(6) ALVIN KEITH DEGRAFTENREED did violate condition (j) in that he did not pay a probation fee as directed and is $1,000.00 delinquent.

(7) ALVIN KEITH DEGRAFTENREED did violate condition (1) in that he did not pay restitution to Crimestoppers as directed and is delinquent $25.00.

(8) ALVIN KEITH DEGRAFTENREED did violate condition (n) in that he did not pay Court-appointed attorney fees as directed and is delinquent $300.00 .

(9) ALVIN KEITH DEGRAFTENREED did violate condition (p) in that he did not pay restitution as directed and is delinquent $1,269.70 .

# CAPIAS

## PROBATION VIOLATION

NO BOND: _____ BOND AMOUNT $_____

### CAUSE NO. F9034163L

THE STATE OF TEXAS )

vs. )

ALVIN KEITH DEGRAFTENREED )
Defendant DSO #: 0471578
DATE OF BIRTH: 11/24/61
RACE: W X MALE _ FEMALE
HAIR: Brown EYES: Brown
HT: 5'9 " WT: 180 lbs.
Offense: ARSON

### CAPIAS ISSUED
This 21st day of November A.D. 1997
Honorable MANNY ALVAREZ, Judge
Criminal District Court No. 5

LAST KNOWN ADDRESS: At Large
1804 Del Oak
Mesquite, TX 75149

To any Sheriff or any Constable of the State of Texas:
YOU ARE HEREBY COMMANDED to take the body of
ALVIN KEITH DEGRAFTENREED who has been charged by indictment for a
felony offense and placed on probation, and him safely keep so that you
have him before the Honorable MANNY ALVAREZ, Criminal District Court
No. 5 of Dallas County, Texas at the Courthouse, thereof in the City of
Dallas, instanter, then and there to answer THE STATE OF TEXAS against
the said ALVIN KEITH DEGRAFTENREED for violation of the conditions
of probation in Cause No. F9034163L
State of Texas vs. ALVIN KEITH DEGRAFTENREED

HEREIN FAIL NOT, but have you then and there this Writ, showing how
you have executed the same.

Given under my official seal of said Court of Dallas County, Texas,
this 21ST day of NOVEMBER A.D. 1997

ATTEST:
Bill Long, District Clerk
Dallas County, Texas

By _____
Deputy

Judge Manny Alvarez,
Criminal District Court No.5
Dallas County, Texas

### SHERIFF'S RETURN

Came to hand this _____ day of _____, A.D. 19 ____

_____

_____

RETURNED on this _____ day of _____, A.D. 19 ____

Mileage $_____
Fees $_____        Sheriff _____ County
Total $_____        By _____ Deputy

NO: __F9034163L__

THE STATE OF TEXAS                          CRIMINAL DISTRICT COURT NO. 5

VS.                                         DALLAS COUNTY, TEXAS

__ALVIN KEITH DEGRAFTENREED__               __OCTOBER TERM, 1997__

## MOTION TO REVOKE PROBATION

COMES NOW the State of Texas by and through her Criminal District
Attorney and would show the Court the following:
That __ALVIN KEITH DEGRAFTENREED__, Defendant, was duly and legally
convicted in the above entitled and numbered cause in Criminal District
Court No. 5 of Dallas County, Texas, on the __22ND__ day of __APRIL__, A.D.
19__96__ of the offense of

__ARSON, AS CHARGED IN THE INDICTMENT__

and placed on probation for a period of __3__ years.
That Defendant has violated the following conditions __a, e, h, i,__
__l, n_____of said probation in that

### PLEASE SEE ATTACHED PAGE 2.

This violation-offense occurred after__April 22, 1996__     and during the
term of probation.

WHEREFORE, the State prays that said Defendant be cited to appear
before this Honorable Court and show cause why the probation should not be
revoked; and that upon a final hearing, the probation heretofore granted
said Defendant be revoked.

This the __21st__ day of __November__, A.D. 19__97__.

                                    JOHN VANCE
                                    District Attorney
                                    Dallas County, Texas
                                    BY:_____
                                        Assistant District Attorney

A copy of this motion was delivered to the Defendant on the _____ day of
_____, A.D. 1997.

                                    _____
                                    Probation Officer

I received a copy of this motion on the ___ day of _____A.D. 1997.

__ML# C 35894__                     _____
                                    Defendant

RE: ALVIN DEGRAFTENREED
NO: F9034163L

(1) **ALVIN KEITH DEGRAFTENREED** did violate condition (a) by violating the laws of the State of Texas in that on or about October 21, 1997 in Dallas County, Texas he did unlawfully, then and there knowingly and intentionally on more than one occasion and pursuant to the same scheme and course of conduct directed specifically at another person, namely: PAM JOHNSON, engage in conduct that defendant knew and reasonably believed that said person would regard as threatening, to-wit:
(1) on one of said occasions, on or about the 19th day of OCTOBER, 1997, defendant did assault said PAM JOHNSON and by said conduct defendant did reasonably believe said person would regard as threatening bodily injury and death for said person, and cause said person to be placed in fear of bodily injury and death for said person, and would cause a reasonable person to fear bodily injury and death for said person, and further,
(2) on one of said occasions, on or about the 21st day of October, 1997, defendant did go to said PAM JOHNSON'S apartment complex and used threatening language toward said PAM JOHNSON and by said conduct defendant did reasonably believe said person would regard as threatening bodily injury and death for said person, and cause said person to be placed in fear of bodily injury and death for said person, and would cause a reasonable person to fear bodily injury and death for said person.

(2) **ALVIN KEITH DEGRAFTENREED** did violate condition (e) in that he moved from his last known address at 1804 Del Oak, Mesquite on or about October 22, 1997 and failed to advise the Probation officer of his new residence within twenty-four hours as directed.

(3) **ALVIN KEITH DEGRAFTENREED** did violate condition (h) in that he did not pay for court costs and fine as directed and is $360.00 delinquent.

(4) **ALVIN KEITH DEGRAFTENREED** did violate condition (j) in that he did not pay a probation fee as directed and is $360.00 delinquent.

(5) **ALVIN KEITH DEGRAFTENREED** did violate condition (1) in that he did not pay restitution to Crimestoppers as directed and is delinquent $25.00.

(6) **ALVIN KEITH DEGRAFTENREED** did violate condition (n) in that he did not pay Court-appointed attorney fees as directed and is delinquent $180.00.

(7) **ALVIN KEITH DEGRAFTENREED** did violate condition (p) in that he did not pay restitution as directed and is delinquent $589.70.

TRIAL DOCKET — CRIMINAL DISTRICT COURT — DALLAS COUNTY, TEXAS

QL

No. F90-34163

BAIL STATUS:

| STATE OF TEXAS | ATTORNEYS | OFFENSE | DATE OF FILING |
|---|---|---|---|
| ALVIN KEITH DEGRAFTENREED | | ARSON, A 2nd DEGREE FELONY, AS CHARGED IN THE INDICTMENT | OCT 15, 1990 |

| DATE OF ORDER | ORDERS OF COURT |
|---|---|
| SEP 0 6 1991 | JURY WAIVED. DEFENDANT ARRAIGNED. DEFENDANT WARNED. PLEA OF GUILTY BEFORE COURT. COURT FINDS SUFFICIENT EVIDENCE TO PROVE DEFENDANT'S GUILTY AS CHARGED IN THE INDICTMENT — INFOR- MATION, BEYOND A REASONABLE DOUBT AND THAT SAID OFFENSE WAS COMMITTED ON THE 9th DAY OF Sept 19 90, FURTHER ADJUDICATION IS DEFERRED. DEFENDANT PLACED ON PROBATION FOR 5 YEARS. COURT COSTS OF DOLLARS TAXED TO DEFENDANT. IMPOSITION OF A FINE IN THE AMOUNT OF $500. DOLLARS ASSESSED AGAINST DEFENDANT. THE FINE TO BE PAID BY |

I am the Defendant in the case referred to
on this docket sheet. The fingerprint above
is that of my right index finger.

Print taken by: M. Goode #502
Bailiff

Date: 9-6-91

STATE OF TEXAS

vs. No. F-9034163

DEGRAFFENREED, ALVIN KEITH

B/M 11-24-61

| DATE OF ORDER | ORDERS OF COURT |
|---|---|
| 3-21-96 | 4-12-96 TBC |
| 4-12-96 | 4-15-96 Plea |
| 4-15-96 | 5-16-96 TBC Reset to April 22, 1996 for Plea |
| 4-19-96 | 4-27-96 Plea Plea of True. Type probated to 3 - Mury chng |
| JUN 3 - 1996 | 8-12-99 other |
| 8-12-99 | 8-31-99 Other |
| 8-31-99 | 10-29-99 Amend |
| 10-29-99 | 11-23-99 K |
| 11-23-99 | 12-9-99 other |

Cause No. _F-90-34163-QU_

THE STATE OF TEXAS
V.

_Alan Kent _____

IN THE _Criminal_
DISTRICT COURT _of_
DALLAS COUNTY, TEXAS

## PLEA BARGAIN AGREEMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes now Defendant, Counsel for Defendant, and Counsel for State herein and would show that a plea bargain agreement has been entered into between the undersigned, and that under the terms of said agreement both sides agree they will waive their right to a jury trial and agree to and recommend the following:

Defendant will plead __✓__ ~~guilty~~ _____ nolo contendere

Defendant will testify __✓__ will not testify _____

__✓__ confinement in Penitentiary for __5__ years.

__Ø__ confinement in [State Jail] [County Jail] for _____ [days] _____ [years]

_____ fine $_____

_____ **NO PROBATION**

__✓__ **PROBATION TO BE GRANTED FOR** __3__ years subject to all the terms and conditions imposed by the trial court. Further, the judge, as provided by Article 42.12, Sec. 11 & 15 V.A.C.C.P., may at any time during the period of probation alter or modify the conditions.

_____ confinement in [State Jail] [County Jail] for _____ days as a condition of Probation.

_____ supervised work or community service for _____ hours as required by Article 42.12, Sec. 16 V.A.C.C.P.

_____ **SHOCK PROBATION TO BE GRANTED** _____ days after sentence, subject to good behavior of defendant in the Penitentiary.

_____ participation in **SPECIAL ALTERNATIVE INCARCERATION PROGRAM.**

Conviction to be as follows:

__✓__ Felony         _____ Misdemeanor
_____ Non-conviction Deferred
_____ Probation      _____ Restitution

_____ No credit for back time served

Defendant's back time date is: _____

Additional provisions of the agreement are: _____

_____

The undersigned certify they have read the terms of the above agreement and that it fully contains all the provisions of said agreement.

JOHN VANCE
DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

By _____
   Assistant District Attorney

X _____
            Defendant

_____
   Counsel for Defendant

If a victim impact statement has been returned to the State, a copy of said statement shall be turned over to the Court by the State's attorney prior to the Court's acceptance of this plea.

Rev. 5/95

**FILED**
APR 22 19__
BILL LONG
DALLAS CO., TEXAS
DEPUTY

*State Exhibit #1*

THE STATE OF TEXAS          CAUSE NO. *F90 - 34163-QL*

VS.                         *Criminal* DISTRICT COURT *#5*

*Alvin Keith Degraftenreed*   DALLAS COUNTY, TEXAS

PLEA OF TRUE AND STIPULATION OF EVIDENCE IN PROBATION REVOCATION HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defendant in the above cause, in open Court, and acknowledges having been served with a copy of the Motion to Revoke Probation herein, waives reading of said Motion in open Court, and enters his plea of TRUE to the allegations of said Motion.

Defendant consents to the stipulation of evidence at hearing of this cause, and waives the appearance, confronation and cross-examination of said witnesses. Defendant consents to the introduction of testimony orally, by affidavits, written statements of witnesses and other documentary evidence.

I DO FURTHER JUDICIALLY CONFESS that the following facts are true and correct:

That on *September 6*, 19 *91*, I was duly and legally placed on probation in this cause for a period of *5* years beginning on said date. I received and was explained and understood the conditions of probation set down by the Court in this case. Since having been placed on probation, and while under probation, I have violated the conditions of probation in the following manners:

(2) ALVIN KEITH DEGRAFTENREED did violate condition (d) in that he did not report to the probation officer as directed for the months of July, 1995, through January, 1996.

(3) ALVIN KEITH DEGRAFTENREED did violate condition (h) in that he did not pay for court costs and fine as directed and is $480.00 delinquent.

(4) ALVIN KEITH DEGRAFTENREED did violate condition (j) in that he did not pay a probation fee as directed and is delinquent $280.00.

(5) ALVIN KEITH DEGRAFTENREED did violate condition (k) in that he did not pay restitution to Crimestoppers as directed and is delinquent $25.00.

(6) ALVIN KEITH DEGRAFTENREED did violate condition (m) in that he did not pay restitution as directed and is delinquent $1,430.00.

~~in the following respects:~~

**FILED**
APR 22 1996
BILL LONG
DIST. CLERK DALLAS CO., TEXAS
DEPUTY

_____
Defendant

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the *22* day of *April*, 19 *96*.

BILL LONG
DISTRICT CLERK,
Dallas County, Texas          By_____
                              Deputy District Clerk

NO:**F90-34163-L**

**THE STATE OF TEXAS**

VS.

**ALVIN KEITH DEGRAFTENREED**

**CRIMINAL DISTRICT COURT NO. 5**

**DALLAS COUNTY, TEXAS**

**OCTOBER TERM, 1995**

## MOTION TO PROCEED WITH AN ADJUDICATION OF GUILT

COMES NOW the State of Texas by and through her Criminal District Attorney and would show the Court the following:

That **ALVIN KEITH DEGRAFTENREED**, Defendant was duly and legally placed on probation for a period of **5** years in the above entitled and numbered cause in Criminal District Court No. **5** of Dallas County, Texas, on the **6th** day of **September**, A.D.19 **91** for the offense of:

**ARSON, AS CHARGED IN THE INDICTMENT**

That the Defendant has violated the following conditions **a, d, h, j,** **k, m** of said probation in that

(1) **ALVIN KEITH DEGRAFTENREED** did violate condition (a) by violating the laws of the State of Texas in that on or about **July 21, 1995** in **Dallas County, Texas** he did unlawfully, then and there attempt to start a fire with intent to destroy and damage a **BUILDING**, owned by **LADAROLD BROWN** knowing that it was within the limits of **DALLAS**, an incorporated city and town, said act amounting to more than mere preparation that tended but failed to effect the commission of the offense intended.

(2) **ALVIN KEITH DEGRAFTENREED** did violate condition (d) in that he did not report to the probation officer as directed for the months of July and August, 1995.

(3) **ALVIN KEITH DEGRAFTENREED** did violate condition (h) in that he did not pay for court costs and fine as directed and is $**329.70** delinquent.

(4) **ALVIN KEITH DEGRAFTENREED** did violate condition (j) in that he did not pay a probation fee as directed and is delinquent $**120.00**.

(5) **ALVIN KEITH DEGRAFTENREED** did violate condition (k) in that he did not pay restitution to Crimestoppers as directed and is delinquent $25.00.

(6) **ALVIN KEITH DEGRAFTENREED** did violate condition (m) in that he did not pay restitution as directed and is delinquent $**1,380.00**.

This violation-offense occurred after **September 6, 1991**, and during the term of probation.

WHEREFORE, the State prays that said Defendant be cited to appear before this Honorable Court and show cause why the Court should not proceed with an adjudication of guilt on the original charge,

This the **3rd** day of **October** A.D.**1995**.

JOHN VANCE
District Attorney
Dallas County, Texas
BY:_____
Assistant District Attorney

A copy of this motion was delivered to the Defendant on the ____ day of _____, A.D. 1995.

_____
Probation Officer

I received a copy of this motion on the ____ day of _____ A.D. 1995.

_____
Defendant
**ML# C-35894**

# PROSECUTION REPORT
## DALLAS POLICE DEPARTMENT

| | 2 DIVISION SECTION | 4 DISPOSITION | | 7 SERVICE # |
|---|---|---|---|---|
| | DFD/Arson | DATE | | DFD#50854 |
| CASE CONTROL WARRANT# | 3. INVESTIGATOR | COURT | | 8 ARREST # |
| | K. F. Sipes | DOCKET | | |
| #90-34155 | 4 INV S WORK PHONE | 5 TYPIST | METHOD | 9 DPO # |
| | 670-4313 | CMY | | |

TYPE REPORT: [X] COMPLETE  [ ] PRELIM  [ ] SUPPL  [ ] G.J.R.  TYPE FILING [X] ADULT  [ ] JUV

IF SUPPLEMENT INDICATE TO: [ ] COMPLETE [ ] PRELIM.  13. DATE OF ORIG. REPT.  14 REASON FOR SUPPLEMENT: [ ] ADD. INFO.  [ ] CORRECTED INFO.  [ ] NAME CHANGE

FILED WITH [X] D.P.D. LEGAL LIAISON  [ ] WALKED THRU JUDGE  16. JUDGE _Leung_  17 OTHER CO.  18 BY OFFICER _J. F_____y_  20 DATE SEP 26 1990

STATUS OF SUSPECT [ ] ARRESTED [X] AT LARGE [ ] G.J.R.  22. LOCATION OF SUSPECT  At Large

23 ARRESTING OFFICER(S)&I.D.  24. [ ] WORKSHEET FILING

SUSPECT  DEGRAFTENREED, Alvin Keith

RACE  B  SEX  M  AGE 28  DOB 11-24-61  RESIDENCE  2375 Morris St.

DATE OF ARREST  TIME OF ARREST  ADD. OF ARREST

DATE OF OFFENSE  9-9-90  TIME OF OFF.  2:11 a.m.  ADD. OF OFFENSE  1925 High Hill Blvd.

COMPLAINANT  Dallas Fire Department, Captain K. F. Sipes

HOW COMMITTED  Suspect set car on fire w/matches and possibly flammable liquid.

CHARGE  ARSON 28.02/F-2

PROPERTY TAKEN VALUE  $ 2,000  LOSS:  $ 2,000  _Totaled out #1400_

41 REL. TO OWNER [X] YES [ ] NO

EVIDENCE & SEIZURES  2 witness statements

43 TAG#(S)  44 LOCA. EVID. NOW  #50854 2014 Main #404

RECORD CHECK  yes, attached

ACCOMPLICES  n/a  47 RACE  48 SEX  49 DOB  50 FILED ON

P.E.S. CALLED [ ] YES [X] NO

SUMMARY

Suspect threw a match in the front seat of his ex-girlfriend's vehicle which flared up and burned complete interior of vehicle.

| MAGISTRATING INFORMATION | [ ] WARNING FORM ATTACHED | MAGIS BY JUDGE | DATE | BOND $ | [ ] OUT BEFORE MAGIS | METHOD | DATE | [ ] MAGIS INFO NOT AVAIL | CLERK | DATE |
|---|---|---|---|---|---|---|---|---|---|---|

DIVISION SECTION SUPERVISORY APPROVAL  55 ID #  56 DATE  57 LEGAL LIAISON REVIEW  58 DATE

COMPLAINANT:
K. F. Sipes
Captain
Dallas Fire Dept.
2014 Main, #404
Dallas, Texas 75201
670-4312

Can testify that he obtained witness statements from witnesses #1 and #2, and that he prepared this case for filing.



WITNESS #1:
Ms. Annie Verdell
1114 High Hill #B
Dallas, Texas
75203

Can testify that she saw suspect standing in the dark on her rear porch about 2 minutes before her car was set on fire.

WITNESS #2:
Mr. Delwin Robinson
1925 High Hill #A
Dallas, Texas

Can testify that he saw suspect enter witness #1's vehicle from the driver's side, step out, light a match, and throw it into the front seat. Can testify that suspect dropped match box and ran after fire quickly flared.

WITNESS #3:
W. A. Richardson
Captain
Dallas Fire Dept.
2014 Main #404
Dallas, TX  75201
670-4312

Can testify that the fire was incendiary in origin.

FORM 188-B

DEFENDANT SMB  DEG. TENREED, ALVIN KEITH  B/M 11/24/61  CHARGE  ARSON

ADDRESS  2575 MORRIS STREET, DALLAS  LOCATION  AT LARGE

FILING AGENCY  DPD  DATE FILED  10-01-90  COURT

COMPLAINANT  K F SIPES  F90-34163

C/C

## TRUE BILL OF INDICTMENT

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS, the Grand Jurors, good and lawful men of the County of Dallas, duly elected, tried, empaneled, sworn and charged to inquire of offenses committed within the body of said Dallas County, upon their oaths do present in and to the 204TH JUDICIAL District Court, _____ of Dallas, County, at the JULY _____ Term, A.D., 19 90 ;

that one,  ALVIN KEITH DEGRAFTENREED

hereinafter styled Defendant, on or about the 9TH day of SEPTEMBER in the year of our Lord One Thousand Nine Hundred and 90 in the County of Dallas and State of Texas,

did unlawfully,

then and there intentionally start a fire with intent to destroy and damage a automobile, owned by ANNIE VERDELL, knowing that it was within the limits of DALLAS, Texas, an incorporated city and town



contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State.

_____ JOHN VANCE
Criminal District Attorney of Dallas County, Texas.

_____ Jack Aken
Foreman of the Grand Jury.

STATE OF TEXAS                AFFIDAVIT FOR ARREST WARRANT        _        COUNTY OF DALLAS

BEFORE ME, the undersigned authority, on this day personally appeared the undersigned affiant who, after

being duly sworn by me, on oath stated: My name is _____ **J. PRELOW** _____

and I am a peace officer of the City of Dallas, Dallas County, Texas. I, the affiant, have good reason and

do believe that on or about the _9th_ day of _September 90_, 19 ___, one (name of suspect)

_Alvin K. Degraftenreed_ did then and there in the City of Dallas, Dallas County, Texas

commit the offense of _____Arson_____,

a violation of Section _28.02_ of the _____Texas Penal Code_____,

a _____Second Degree Felony_____.

Affiant's belief is based upon the following facts and information which Affiant received from:

☐ Affiant's personal investigation of this alleged offense.

☒ _Captain K. F. Sipes_____, a fellow peace officer of the City of Dallas, Dallas County, Texas, who personally participated in the investigation of this alleged offense, providing this information to Affiant, and whose information Affiant believes to be credible.

On September 9, 1990 at 2:11 a.m., the Dallas Fire Department responded to a car fire at 1925 High Hill Blvd. Captain W. A. Richardson, Dallas Fire Department Fire Investigator, was called to the scene and determined the fire to be incendiary in origin. Captain K. F. Sipes of the Dallas Fire Department, was assigned to complete the investigation. In his investigation, Captain Sipes found that the suspect was seen by his ex-girlfriend (Ms. Annie Verdell) standing on her porch about 2 minutes before her car was burned. Captain Sipes also obtained a witness statement from Witness #2 who stated that he saw suspect enter Ms. Verdell's vehicle from the driver's side, step out, light a match, and throw it into the front seat. The suspect then watched the fire flare up quickly and after dropping his box of matches, ran away. Witness #2 then quickly reported the fire to the Dallas Fire Department.

_____        WHEREFORE, Affiant requests that an arrest warrant be issued
AFFIANT                              for the above accused individual in accordance with the law.

SUBSCRIBED AND SWORN TO BEFORE ME on the

____ day of __SEP 26 1990__ 19 ____        MAGISTRATE, IN AND FOR DALLAS COUNTY, TEXAS

                    MAGISTRATE'S DETERMINATION OF PROBABLE CAUSE
                    SEP 26 1990

On this the _____ day of _____ 19 ___.
I hereby acknowledge that I have examined the foregoing
affidavit and have determined that probable cause exists
for the issuance of an arrest warrant for the individual
accused therein.                                    MAGISTRATE, IN AND FOR DALLAS COUNTY, TEXAS

S/N 753-027-207
POL-01529B

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | |
| STANLEY ORSON MOZEE | § | 265TH JUDICIAL DISTRICT |
| AND | § | |
| DENNIS LEE ALLEN | § | DALLAS COUNTY, TEXAS |

### SUPPLEMENTAL INFORMATION IN SUPPORT OF APPLICATIONS FOR WRIT OF HABEAS CORPUS

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** the Applicants, DENNIS LEE ALLEN and STANLEY ORSON MOZEE, and submits this Supplemental Information in Support of their Amended Applications for Writ of Habeas Corpus:

I.

At the writ hearing in this case, trial prosecutor Rick Jackson denied that there were any deals, agreements, arrangements or predictions or promises of leniency from the State to the jailhouse informants in this case. However, Jackson admitted that the State, by his words or those of others, did indicate to the informants that they could expect some help from the State on their cases.

II.

In support of the fact that the jailhouse informants were led to believe they would receive help from the State on their cases, Applicants submit the following information from John Paul Robinson. Robinson was one of the jailhouse informants who testified in

1

Allen's case. In Robinson's testimony, he claimed Allen made statements to him about the offense. He also testified to the following under questioning by prosecutor Jackson:

> "Q.  Okay. Did you ask Detective Berry for something?
> A.  No.
> Q.  Okay. Did you ask him if he could help you out in your case?
> A.  No.
> Q.  Okay. Did he offer to help you out in your case?
> A.  No.
> Q.  Okay. Have I – I mean you and I have talked about this on one prior occasion; is that right?
> A.  Yes.
> Q.  All right. And have I told you that I was going to do anything for you in your case?
> A.  No."

## III.

John Paul Robinson has now signed the attached statement which states:

> "Dennis never told me he killed Rev. Borns. DA[1] or police called me down and said they knew I had gotten into fight with Dennis. They told me if I told them something about Dennis and Rev. Borns they would make sure I was ok on my case. DA gave me what to say in court, it was not accurate as to what Dennis told me."

Robinson's statement establishes that he did, in fact, have a deal or agreement with the State and that his testimony was false.

Respectfully submitted,

GARY A. UDASHEN
Bar Card No. 20369590
SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road, Suite 250
Dallas, Texas 75201
214-468-8100
214-468-8104 fax
Appearing on Behalf of the
Innocence Project of Texas

*Counsel for Dennis Lee Allen*

---

[1] DA in this signed statement refers to District Attorney.

2

_____

NINA MORRISON
INNOCENCE PROJECT, INC.
40 Worth Street, Suite 701
New York, New York  10013
212-364-5340
212-264-5341 fax


_____

EZEKIEL TYSON, JR.
Bar Card No. 24034715
THE TYSON LAW FIRM
342 W. Montana Avenue
Dallas, Texas  75224
214-942-9000
214-942-9001 fax

*Counsel for Stanley Orson Mozee*


## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Supplemental Information in Support of Applications for Writ of Habeas Corpus was delivered to Cynthia Garza and Patricia Cummings, Assistant Dallas County District Attorneys, on this the 18th day of November, 2015.

_____

GARY A. UDASHEN

3

11-16-15

Dennis never told me he
Killed Rev. Borno
DA or Police called me
down and said they Knew
I had gotten into fight with
Dennis. They told me if I
told them something about
Dennis and Rev. Borno
they would make sure I
was OK on my case
DA gave me what to say
in court, it was not
accurate as to what Dennis
told me.

11-16-15

John Paul Robinson

EX PARTE § IN THE DISTRICT COURT

§

STANLEY ORSON MOZEE § 265TH JUDICIAL DISTRICT

AND §

DENNIS LEE ALLEN § DALLAS COUNTY, TEXAS

## SUPPLEMENT TO AMENDED
## APPLICATIONS FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Applicants, DENNIS LEE ALLEN and STANLEY ORSON MOZEE, and submits this Supplement to their Amended Applications for Writ of Habeas Corpus and would show the following:

I.

Applicant have filed Amended Applications for Writ of Habeas Corpus. Since the date of the filing of the Amended Applications, the State has discovered and provided to Applicants additional exculpatory evidence. This additional exculpatory evidence was not provide to the defense at the time of trial.

II.

Specifically, the State has informed Applicants that State's witness Charles Manning had acted as a police informant on cases other than this case against Applicants. The State has also informed Applicants that Charles Manning was suffering from severe mental problems at the time he provided his statement to law enforcement. Additionally, the State informed Applicants that Manning's work with the State in these prosecutions

1

against Mozee and Allen was presented to the judge in his case as a reason to allow Manning to be released on bond in his own case. And the records show that Manning's benefit to helping the State was that the State intervened on his behalf in his own case and this was before he testified as a State's witness in this prosecution.

Respectfully submitted,

GARY A. UDASHEN
Bar Card No. 20369590
SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road
Suite 250
Dallas, Texas 75201
214-468-8100
214-468-8104 fax
Appearing on Behalf of the
Innocence Project of Texas

*Counsel for Dennis Lee Allen*

NINA MORRISON
INNOCENCE PROJECT, INC.
40 Worth Street, Suite 701
New York, New York 10013
212-364-5340
212-264-5341 fax

EZEKIEL TYSON, JR.
Bar Card No. 24034715
THE TYSON LAW FIRM
342 W. Montana Avenue
Dallas, Texas 75224
214-942-9000
214-942-9001 fax

*Counsel for Stanley Orson Mozee*

2

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Supplement to Amended Applications for Writ of Habeas Corpus was delivered to Cynthia Garza and Patricia Cummings, Assistant Dallas County District Attorneys, on this the 18th day of November, 2015.

GARY A. UDASHEN